# Exhibit 1

1

**GREENE BROILLET & WHEELER, LLP**
LAWYERS

2   100 WILSHIRE BOULEVARD, SUITE 2100
P.O. BOX 2131
SANTA MONICA, CALIFORNIA 90407-2131

3   TEL. (310) 576-1200
FAX. (310) 576-1220
TAYLOR RAYFIELD, STATE BAR NO. 272300

4   trayfield@gbw.law

Attorneys for ___Plaintiff___

5

6

7

8   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9   **FOR THE COUNTY OF LOS ANGELES, UNLIMITED JURISDICTION**

10

| | |
|---|---|
| 11 **JANE ROE,** | CASE NO. |
| 12 Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| 13 vs. | 1. **Assault and Battery**<br>2. **Intentional Infliction of Emotional** |
| 14 | **Distress** |
| YASIEL PUIG; and DOES 1-100, inclusive, | 3. **Negligence** |
| 15 | 4. **False Imprisonment** |
| Defendants. | |
| 16 | **DEMAND FOR JURY TRIAL** |
| 17 | [Amount in Controversy Exceeds |
| 18 | $25,000.00] |

19

20   COMES NOW the plaintiff JANE ROE for causes of action against Defendants, and each

of them, alleges:

21

**GENERAL ALLEGATIONS**

22

23   1. The true names and capacities, whether individual, corporate, associate or otherwise, of

defendants DOES 1 through 100, inclusive, and each of them, are unknown to plaintiffs, who

24

therefore sue said defendants by such fictitious names. Plaintiff is informed and believes and

25

thereupon alleges that each of the defendants fictitiously named herein as a DOE is legally

26

responsible, negligently or in some other actionable manner, for the events and happenings

27

referred to, and thereby proximately caused the injuries to Plaintiff as hereinafter alleged. Plaintiff

28

[933406]

Ex. 1

7

Scanned with CamScanner

1    will seek leave of court to amend this Complaint and state the true names and/or capacities of said
2    fictitiously named defendants when the same have been ascertained.

3    2.  Plaintiff is informed and believes and thereupon alleges that at all times mentioned
4    herein, Defendants, and each of them, including DOES 1 through 100, inclusive, and each of
5    them, were the agents, servants, employees and/or joint venturers of their co-defendants, and each
6    was, as such, acting within the course, scope and authority of said agency, employment and/or
7    venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent
8    in the selection and hiring of each and every other defendant as an agent, employee and/or joint
9    venture.

10   3.  Plaintiff JANE ROE is, and at all times mentioned in this Complaint, was, a resident of
11   the County of Los Angeles, State of California.

12   4.  Defendant YASIEL PUIG was at all times relevant an individual residing within the
13   State of California.

14   5.  The injury causing events occurred within the County of Los Angeles.

## FIRST CAUSE OF ACTION

### ASSAULT AND BATTERY/SEXUAL BATTERY

#### (Against Defendants YASIEL PUIG and DOES 1 through 100, inclusive)

18   6.  Plaintiff realleges and incorporates as if fully stated herein each and every allegation
19   contained in paragraphs 1 through 8, inclusive, of the General Allegations, above.

20   7.  On October 31, 2018, JANE ROE was assaulted by YASIEL PUIG. She was forced
21   into a bathroom and YASIEL PUIG grabbed at her trying to take her clothes off, touched her
22   sexual organs during this struggle, and eventually pinned her with one arm and used his other to
23   stroke his own penis, exposing himself, and eventually ejaculating.

24   8.  These events occurred in Los Angeles County at the Staples Center.

25   9.  In doing these acts, YASIEL PUIG and/or Defendants DOES 1 through 100, inclusive,
26   and each of them, intended to place Plaintiff in great apprehension of offensive contact with her
27   person.

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

[933406]

- 2 -
Complaint for Damages

Scanned with CamScanner

1    10. As a result of these acts, YASIEL PUIG and/or Defendants DOES 1 through 100,
2  inclusive, and each of them, did in fact place Plaintiff in great apprehension of an offensive
3  contact with her person.

4    11. In doing these acts, YASIEL PUIG and/or Defendants DOES 1 through 100, inclusive
5  and each of them touched Plaintiff with the intent to harm and/or offend Plaintiff.

6    12. As a result of these acts, YASIEL PUIG and/or Defendants DOES 1 through 100,
7  inclusive and each of them, did harm or offend Plaintiff.

8    13. In doing these acts, YASIEL PUIG and/or Defendants DOES 1 through 100, inclusive
9  and each of them intended to cause harmful or offensive contact with Plaintiff's sexual organ,
10  buttocks, and/or groin, and a sexually offensive contact with Plaintiff resulted.

11    14. In doing these acts, YASIEL PUIG and/or Defendants DOES 1 through 100, inclusive
12  and each of them, caused an imminent fear of harmful or offensive contact with Plaintiff's sexual
13  organ, groin, and/or buttocks, and a sexually offensive contact with Plaintiff resulted.

14    15. YASIEL PUIG and/or Defendants DOES 1 through 100, inclusive, and each of them,
15  without justifiable cause or provocation, intentionally, unlawfully, wantonly, willfully,
16  wrongfully, tortiously, and maliciously assaulted and battered Plaintiff. This conduct was a legal
17  cause of the injuries and damages alleged in this Complaint, and was intentional and malicious,
18  justifying the imposition of punitive damages.

19    16. As a direct and proximate result of the conduct of defendants YASIEL PUIG and
20  Defendants DOES 1 through 100, inclusive, and each of them, as aforesaid, Plaintiff was injured
21  and hurt in her health, strength and activity, sustaining injuries to his body, and shock and injury
22  to his nervous system and person, as well as psychological and emotional injuries, all of which
23  said injuries have caused and continue to cause Plaintiff great physical, mental and nervous pain
24  and suffering. Plaintiff is informed and believes and thereupon alleges that said injuries will result
25  in some permanent disability, all to her general damage in excess of Fifty Thousand Dollars
26  ($50,000.00) which will be stated according to proof, pursuant to California *Code of Civil*
27  *Procedure* section 425.10.

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

[933406]

- 3 -
Complaint for Damages

Ex. 1

9

Scanned with CamScanner

1    17. As a direct and proximate result of the conduct of defendants YASIEL PUIG and
2 Defendants DOES 1 through 100, inclusive, inclusive, and each of them, Plaintiff has been
3 compelled to employ the services of hospitals, physicians, surgeons, nurses and the like, to care
4 for and treat her, and has incurred hospital, medical, professional and incidental expenses, and
5 Plaintiff is informed and believes and thereupon alleges that by reason of her injuries, Plaintiff
6 will necessarily incur additional like expenses for an indefinite period of time in the future, the
7 exact amount of which expenses will be stated according to proof, pursuant to California *Code of*
8 *Civil Procedure* section 425.10

9    18. As a direct and proximate result of the conduct of the defendants YASIEL PUIG and
10 Defendants DOES 1 through 100, inclusive, and each of them, and their agents, servants,
11 employees, and independent contractors, as aforesaid, Plaintiff is informed and believes and
12 thereupon alleges that Plaintiff will sustain a loss of earning capacity, in addition to lost earnings,
13 past, present, and future. The exact amount of such losses are unknown to Plaintiff at this time,
14 and when said amounts are ascertained, the Plaintiff will ask leave of Court to amend this
15 Complaint and allege said amounts according to proof, pursuant to California *Code of Civil*
16 *Procedure*, section 425.10.

**SECOND CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against Defendants YASIEL PUIG and DOES 1 through 100, inclusive)**

19. Plaintiff realleges and incorporates as if fully stated herein each and every allegation
contained in paragraphs 1 through 18, inclusive, of the General Allegations, above.

20. On October 31, 2018 JANE ROE was assaulted by YASIEL PUIG. She was forced
into a bathroom and YASIEL PUIG grabbed at her trying to take her clothes off, touched her
sexual organs during this struggle, and eventually pinned her with one arm and used his other to
stroke his own penis, exposing himself, and eventually ejaculating.

21. YASIEL PUIG's, and DOES 1-100, conduct was intentional and malicious and done
for the purpose of causing plaintiff to suffer humiliation, mental anguish, and emotional and
physical distress. YASIEL PUIG's and DOES 1-100, conduct was done with knowledge that

- 4 -<br>Complaint for Damages

[933406]

Ex. 1

10

Scanned with CamScanner

1  plaintiff's emotional and physical distress would increase and was done with a wanton and
2  reckless disregards of the consequences to plaintiff.

3      22.  As the proximate result of the acts Plaintiff suffered humiliation, mental anguish, and
4  emotional and physical distress.

5      23.  As a direct and proximate result of the conduct of defendants YASIEL PUIG and
6  Defendants DOES 1 through 100, inclusive, and each of them, as aforesaid, Plaintiff was injured
7  and hurt in her health, strength and activity, sustaining injuries to her body, and shock and injury
8  to her nervous system and person, as well as psychological and emotional injuries, all of which
9  said injuries have caused and continue to cause Plaintiff great physical, mental and nervous pain
10  and suffering.  Plaintiff is informed and believes and thereupon alleges that said injuries will result
11  in some permanent disability, all to her general damage in excess of Fifty Thousand Dollars
12  ($50,000.00) which will be stated according to proof, pursuant to California *Code of Civil*
13  *Procedure* section 425.10.

14      24.  As a direct and proximate result of the conduct of defendants YASIEL PUIG and
15  Defendants DOES 1 through 100, inclusive, inclusive, and each of them, Plaintiff has been
16  compelled to employ the services of hospitals, physicians, surgeons, nurses and the like, to care
17  for and treat her, and has incurred hospital, medical, professional and incidental expenses, and
18  Plaintiff is informed and believes and thereupon alleges that by reason of her injuries, Plaintiff
19  will necessarily incur additional like expenses for an indefinite period of time in the future, the
20  exact amount of which expenses will be stated according to proof, pursuant to California *Code of*
21  *Civil Procedure* section 425.10

22      25.  As a direct and proximate result of the conduct of the defendants YASIEL PUIG and
23  Defendants DOES 1 through 100, inclusive, and each of them, and their agents, servants,
24  employees, and independent contractors, as aforesaid, Plaintiff is informed and believes and
25  thereupon alleges that Plaintiff will sustain a loss of earning capacity, in addition to lost earnings,
26  past, present, and future.  The exact amount of such losses are unknown to Plaintiff at this time,
27  and when said amounts are ascertained, the Plaintiff will ask leave of Court to amend this
28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

[933406]

- 5 -
Complaint for Damages

Scanned with CamScanner

1 Complaint and allege said amounts according to proof, pursuant to California *Code of Civil*
2 *Procedure*, section 425.10.

3    26. The acts of defendants alleged above were willful, wanton, malicious, and oppressive,
4 and justify the awarding of exemplary and punitive damages.

5                              **THIRD CAUSE OF ACTION**

6                                   **NEGLIGENCE**

7            **(Against Defendants YASIEL PUIG and DOES 1 through 100, inclusive)**

8    27. Plaintiff realleges and incorporates as if fully stated herein each and every allegation
9 contained in paragraphs 1 through 5, inclusive, of the General Allegations, above.

10    28. YASIEL PUIG and DOES 1-100 is responsible for an injury occasioned to another,
11 including Plaintiff, by his want of ordinary care or skill in the management of his person.
12 YASIEL PUIG and DOES 1-100 has a duty to use ordinary care and is liable for injuries to
13 Plaintiff caused by his failure to exercise reasonable care in the circumstances. YASIEL PUIG
14 and DOES 1-100 failed to use ordinary care when he entered the restroom at the Staples Center on
15 October 31, 2018 and proceeded to masturbate in front of Plaintiff. YASIEL PUIG and DOES 1-
16 100 failed to use ordinary care when he entered the restroom at the Staples Center on October 31,
17 2018 and negligently blocked Plaintiff's ability to leave.

18    29. As a direct and proximate result of the conduct of defendants YASIEL PUIG and
19 Defendants DOES 1 through 100, inclusive, and each of them, as aforesaid, Plaintiff was injured
20 and hurt in her health, strength and activity, sustaining injuries to her body, and shock and injury
21 to her nervous system and person, as well as psychological and emotional injuries, all of which
22 said injuries have caused and continue to cause Plaintiff great physical, mental and nervous pain
23 and suffering. Plaintiff is informed and believes and thereupon alleges that said injuries will result
24 in some permanent disability, all to her general damage in excess of Fifty Thousand Dollars
25 ($50,000.00) which will be stated according to proof, pursuant to California *Code of Civil*
26 *Procedure* section 425.10.

27    30. As a direct and proximate result of the conduct of defendants YASIEL PUIG and
28 Defendants DOES 1 through 100, inclusive, inclusive, and each of them, Plaintiff has been

                                    - 6 -
                           Complaint for Damages

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

[933406]

1 compelled to employ the services of hospitals, physicians, surgeons, nurses and the like, to care
2 for and treat her, and has incurred hospital, medical, professional and incidental expenses, and
3 Plaintiff is informed and believes and thereupon alleges that by reason of her injuries, Plaintiff
4 will necessarily incur additional like expenses for an indefinite period of time in the future, the
5 exact amount of which expenses will be stated according to proof, pursuant to California *Code of*
6 *Civil Procedure* section 425.10

7 31. As a direct and proximate result of the conduct of the defendants YASIEL PUIG and
8 Defendants DOES 1 through 100, inclusive, and each of them, and their agents, servants,
9 employees, and independent contractors, as aforesaid, Plaintiff is informed and believes and
10 thereupon alleges that Plaintiff will sustain a loss of earning capacity, in addition to lost earnings,
11 past, present, and future. The exact amount of such losses are unknown to Plaintiff at this time,
12 and when said amounts are ascertained, the Plaintiff will ask leave of Court to amend this
13 Complaint and allege said amounts according to proof, pursuant to California *Code of Civil*
14 *Procedure*, section 425.10.

## FOURTH CAUSE OF ACTION

### FALSE IMPRISONMENT

**(Against Defendants YASIEL PUIG and DOES 1 through 100, inclusive)**

18 32. Plaintiff realleges and incorporates as if fully stated herein each and every allegation
19 contained in paragraphs 1 through 5, inclusive, of the General Allegations, above.

20 33. On October 31, 2018 YASIEL PUIG and DOES 100, against Plaintiff's will, without
21 her consent and over her protest, placed Plaintiff in a bathroom in Los Angeles County and caused
22 Plaintiff by force to remain in the bathroom while YASIEL PUIG masturbated.

23 34. Immediately prior to the acts of defendants and each of them herein, Plaintiff was
24 simply heading to use the bathroom.

25 35. In imprisoning plaintiff, Defendants and each of them acted with deliberate malice and
26 the purpose of causing distress to Plaintiff.

27 36. As a direct and proximate result of the conduct of defendants YASIEL PUIG and
28 Defendants DOES 1 through 100, inclusive, and each of them, as aforesaid, Plaintiff was injured

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

[933406]

- 7 -
Complaint for Damages

Ex. 1

13

Scanned with CamScanner

1  and hurt in her health, strength and activity, sustaining injuries to her body, and shock and injury
2  to her nervous system and person, as well as psychological and emotional injuries, all of which
3  said injuries have caused and continue to cause Plaintiff great physical, mental and nervous pain
4  and suffering. Plaintiff is informed and believes and thereupon alleges that said injuries will result
5  in some permanent disability, all to her general damage in excess of Fifty Thousand Dollars
6  ($50,000.00) which will be stated according to proof, pursuant to California *Code of Civil*
7  *Procedure* section 425.10.

8      37. As a direct and proximate result of the conduct of defendants YASIEL PUIG and
9  Defendants DOES 1 through 100, inclusive, inclusive, and each of them, Plaintiff has been
10  compelled to employ the services of hospitals, physicians, surgeons, nurses and the like, to care
11  for and treat her, and has incurred hospital, medical, professional and incidental expenses, and
12  Plaintiff is informed and believes and thereupon alleges that by reason of her injuries, Plaintiff
13  will necessarily incur additional like expenses for an indefinite period of time in the future, the
14  exact amount of which expenses will be stated according to proof, pursuant to California *Code of*
15  *Civil Procedure* section 425.10

16      38. As a direct and proximate result of the conduct of the defendants YASIEL PUIG and
17  Defendants DOES 1 through 100, inclusive, and each of them, and their agents, servants,
18  employees, and independent contractors, as aforesaid, Plaintiff is informed and believes and
19  thereupon alleges that Plaintiff will sustain a loss of earning capacity, in addition to lost earnings,
20  past, present, and future. The exact amount of such losses are unknown to Plaintiff at this time,
21  and when said amounts are ascertained, the Plaintiff will ask leave of Court to amend this
22  Complaint and allege said amounts according to proof, pursuant to California *Code of Civil*
23  *Procedure*, section 425.10.

24      39. The acts of defendants alleged above were willful, wanton, malicious, and oppressive,
25  and justify the awarding of exemplary and punitive damages.

26

27  ///

28  ///

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

- 8 -
**Complaint for Damages**

Ex. 1

14

Scanned with CamScanner

1   WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as

2   follows:

3   1. For general damages in excess of fifty thousand dollars ($50,000.00), according to

4   proof;

5   2. For hospital, medical, emotional/psychological, professional and incidental expenses,

6   according to proof;

7   3. For loss of earning capacity, according to proof;

8   4. For loss of future earnings, according to proof;

9   5. For an award of punitive damages;

10   6. For prejudgment interest, according to proof;

11   7. For costs of suit incurred herein;

12   8. For such other and further relief as the court may deem just and proper.

13

14   DATED: October 29, 2020                    GREENE BROILLET & WHEELER, LLP

15

16   _____

17   Taylor Rayfield, Esq.
     Attorney for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

- 9 -
**Complaint for Damages**

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

[933406]

Scanned with CamScanner

1

## DEMAND FOR JURY TRIAL

2       Plaintiff hereby demands a trial by jury for all causes of action alleged in her complaint.

3

4       DATED: October 29, 2020                    GREENE BROILLET & WHEELER, LLP

5

6                                                  _____

7                                                  Taylor Rayfield, Esq.
                                                   Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -
**Complaint for Damages**

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

[933406]

Scanned with CamScanner

Electronically FILED by Superior Court of California, County of Los Angeles on 10/29/2020 05:17 AM Sherri R. Carter, Executive Officer/Clerk of Court, by B. Williams, Deputy Clerk

Case 2:20-cv-11064 Document 1 Filed 12/04/20 Page 12 of 26 Page ID #:13

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Taylor Rayfield, Esq. (SBN 272300)<br>GREENE BROILLET & WHEELER, LLP<br>100 Wilshire Boulevard, 21st Floor<br>Santa Monica, California 90407-2131<br>TELEPHONE NO.: (310) 576-1200　　FAX NO.: (310) 576-1220<br>ATTORNEY FOR *(Name):* Plaintiff, JANE ROE | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street, Los Angeles, CA 90012
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: ROE v. PUIG

| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ **Unlimited**　☐ **Limited**<br>(Amount　　(Amount<br>demanded　demanded is<br>exceeds $25,000)　$25,000 or less) | ☐ **Counter**　☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☒ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☒ monetary　b. ☐ nonmonetary; declaratory or injunctive relief　c. ☐ punitive
4. Number of causes of action *(specify):* Four (4), Assault & Battery, Intentional Infliction of Emotional Distress, Neglegence, False Imprisonment.
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 29, 2020
Taylor Rayfield, Esq. (SBN 272300)　　　　　　　▶ *Taylor Rayfield*
_____
(TYPE OR PRINT NAME)　　　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>10/29/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ D. Williams _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV41573 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Kristin S. Escalante | 29 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 10/30/2020
_____(Date)_____

Sherri R. Carter, Executive Officer / Clerk of Court

By D. Williams _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Electronically FILED by Superior Court of California, County of Los Angeles on 10/30/2020 08:13 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariano,Deputy Clerk
Case 2:20-cv-11064   Document 1-3   Filed 12/04/20   Page 15 of 26   Page ID #:21
20STCV41573

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
YASIEL PUIG; and DOES 1-100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JANE ROE,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>111 North Hill Street<br>111 North Hill Street, Los Angeles, CA 90012<br>Los Angeles 90012<br>Stanley Mosk Courthouse | CASE NUMBER:<br>*(Número del Caso):*<br>**20STCV41573** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Taylor Rayfield, Esq. (SBN 272300)        (310) 576-1200 (310) 576-1220
GREENE BROILLET & WHEELER, LLP
100 Wilshire Blvd., 21st Fl., P.O. Box 2131, Santa Monica, California 90407-2131

| DATE:<br>*(Fecha)* 10/30/2020 | Sherri R. Carter Executive Officer / Clerk of Court Clerk, by<br>*(Secretario)* | M. Mariano | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS**<br>EX. 1 | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|---|

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Taylor Rayfield, Esq. (SBN 272300)<br>GREENE BROILLET & WHEELER, LLP<br>100 Wilshire Boulevard, 21st Floor<br>Santa Monica, California 90407-2131<br>TELEPHONE NO.: (310) 576-1200    FAX NO. *(Optional):* (310) 576-1220<br>E-MAIL ADDRESS *(Optional):* trayfield@gbw.law<br>ATTORNEY FOR *(Name):* Plaintiff, JANE ROE | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| STREET ADDRESS: 312 North Spring Street<br>MAILING ADDRESS: 312 North Hill Street, Los Angeles, CA 90012<br>CITY AND ZIP CODE: Los Angeles 90012<br>BRANCH NAME: Spring Street Courthouse | |

| PLAINTIFF/PETITIONER: JANE ROE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: YASIEL PUIG | 20STCV41573 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* 1st, 3rd & 5th Amended Standing Orders; Stipulations Packet; Notice of Case Assignment.

3. a. Party served *(specify name of party as shown on documents served):* YASIEL PUIG

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 6300 S.W. 126 Street, Pinecrest, Florida

5. I served the party (check proper box)
   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to ~~HW~~ receive service of process for the party (1) on *(date):* 11/6/20    (2) at *(time):* ~~9:10 a.m.~~ 12:45 pm HW

   b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS**<br>Ex. 1 | Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF/PETITIONER: JANE ROE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: YASIEL PUIG | 20STCV41573 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                           (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☒ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Hubert Wilcox
  b. Address: National Attorney Solutions, Inc., P.O. Box 144255, Coral Gables, FL 33114
  c. Telephone number: (305) 300-2718
  d. **The fee** for service was: $150.00
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ a registered process server: Badge #855
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County: All Areas

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: November 11 , 2020

Hubert Wilcox
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ /Hubert Wilcox/
_____
(SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Ex. 1

2018-SJ-007-00

**FILED**
Superior Court of California
County of Los Angeles

APR 16 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT")  PROCEDURES, **CENTRAL DISTRICT** (EFFECTIVE APRIL 16, 2018) | ) CASE NO.: 20STCV41573 ) ) STANDING ORDER RE:  PERSONAL ) INJURY PROCEDURES, CENTRAL ) DISTRICT ) ) |

---

**DEPARTMENT:**     2 ☐     3 ☐     4 ☐     5 ☐   7 ☐

**FINAL STATUS CONFERENCE ("FSC"):**

- **DATE:** _____04/14/2022_____ AT 10:00 A.M.

**TRIAL:**

- **DATE:** _____04/28/2022_____ AT 8:30 A.M.

**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

- **DATE:** _____10/26/2023_____ AT 8:30 A.M.

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

**Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.**

1. To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:

"an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition." (Local Rule 2.3(a)(1)(A).)

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

A7260 Product Liability (not asbestos or toxic/environmental)

A7210 Medical Malpractice – Physicians & Surgeons

A7240 Medical Malpractice – Other Professional Health Care Malpractice

A7250 Premises Liability (e.g., slip and fall)

A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

///

1    The Court sets the above dates in this action in the PI Court circled above (Department
2  2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.
3  (C.R.C. Rules 3.714(b)(3), 3.729.)

4  **FILING OF DOCUMENTS**

5  2.    Parties may file documents in person at the filing window on the first floor of the Stanley
6  Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,
7  which is available online at *www.lacourt.org* (link on homepage). Please note that filings are no
8  longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.
9  Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,
10 legally incompetent person, or person for whom a conservator has been appointed, requests to
11 waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-
12 410), may not be filed via e-Delivery.

13 **SERVICE OF SUMMONS AND COMPLAINT**

14 3.    Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as
15 soon as possible but no later than three years from the date when the complaint is filed.
16 (C.C.P. § 583.210, subd.(a).)  On the OSC re Dismissal date noted above, the PI Court will
17 dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action
18 or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

19 4.    The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate
20 service on defendant(s) of the summons and complaint within six months of filing the complaint.

21 5.    The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no
22 party appears for trial.

23 **STIPULATIONS TO CONTINUE TRIAL**

24 6.    Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.
25 § 583.310), the parties may advance or continue any trial date in the PI Courts without showing
26 good cause or articulating any reason or justification for the change.  To continue or advance a
27 trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing
28 window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

1  required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form
2  LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts
3  schedule FSCs for 10:00 a.m., eight (8) court days before the trial date. Parties seeking to
4  continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC
5  date. Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight
6  court days before the proposed advanced FSC date. (C.C.P. § 595.2; Govt. Code § 70617, subd.
7  (c)(2).) In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday
8  following a court holiday. Parties may submit a maximum of two stipulations to continue trial,
9  for a total continuance of six months. Subsequent requests to continue trial will be granted upon
10  a showing of good cause by noticed motion. This rule is retroactive so that any previously
11  granted stipulation to continue trial will count toward the maximum number of allowed
12  continuances.

13  **NO CASE MANAGEMENT CONFERENCES**

14  7.    The PI Courts do not conduct Case Management Conferences. The parties need not file
15  a Case Management Statement.

16  **LAW AND MOTION**

17  8.    Any documents with declarations and/or exhibits must be tabbed. (C.R.C. Rule
18  3.1110(f).) All depositions excerpts referenced in briefs must be marked on the transcripts
19  attached as exhibits. (C.R.C. Rule 3.1116(c).)

20  **CHAMBERS COPIES REQUIRED**

21  9.    In addition to filing original motion papers at the filing window on the first floor of the
22  Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to
23  the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers
24  Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a
25  hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and
26  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one
27  or more three-ring binders organizing the chambers copy behind tabs.

28  ///

**RESERVATION HEARING DATE**

10.     Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at *www.lacourt.org* (link on homepage). After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page. Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**DISCOVERY MOTIONS**

12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes. Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person. The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.     Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC. Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions. Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope. Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an

1   IDC.

2   If parties do not stipulate to extend the deadlines, the moving party may file the motion
3   to avoid it being deemed untimely.   However, the IDC must take place before the motion is
4   heard so it is suggested that the moving party reserve a date for the motion hearing that is at least
5   60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery
6   Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance
7   the hearing on a Motion to Compel Further Discovery Responses on any available hearing date
8   that complies with the notice requirements of the Code of Civil Procedure.

9   14.   Parties are directed to reserve IDC dates in the PI Courts using CRS available online at
10  www.lacourt.org (link on homepage).  Parties are to meet and confer regarding the available
11  dates in CRS prior to accessing the system.  After reserving the IDC date, the reservation
12  requestor must file in the appropriate department and serve an Informal Discovery Conference
13  Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days
14  prior to the conference and attach the CRS reservation receipt as the last page.  The opposing
15  party may file and serve a responsive IDC form, briefly setting forth that party's response, at
16  least 10 court days prior to the IDC.

17  15.   Time permitting, the PI Hub judges may be available to participate in IDCs to try to
18  resolve other types of discovery disputes.

19  **EX PARTE APPLICATIONS**

20  16.   Under the California Rules of Court, courts may only grant *ex parte* relief upon a
21  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"
22  "immediate danger," or where the moving party identifies "a statutory basis for granting relief
23  ex parte." (C.R.C. Rule 3.1202(c).) The PI Courts have no capacity to hear multiple *ex parte*
24  applications or to shorten time to add hearings to their fully booked motion calendars.  The PI
25  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate
26  danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*
27  relief, the moving party should reserve the earliest available motion hearing date (even if it is
28  after the scheduled trial date) and should file a motion to continue trial.  Parties should also check

1  the Court Reservation System from time to time because earlier hearing dates may become
2  available as cases settle or hearings are taken off calendar.

3  **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

4  17.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")
5  Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.
6  mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury
7  Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under
8  the PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a
9  "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether
10  a personal injury case is "complicated" the PI Courts will consider, among other things, the
11  number of pretrial hearings or the complexity of issues presented.

12  18.    Parties opposing a motion to transfer have five court days to file (at the filing window
13  on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition
14  (using the same LACIV 238 Motion to Transfer form).

15  19.    The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.
16  Although the parties may stipulate to transfer a case to an Independent Calendar Department, the
17  PI Courts will make an independent determination whether to transfer the case or not.

18  **FINAL STATUS CONFERENCE**

19  20.    Parties shall comply with the requirements of the PI Courts' "First Amended Standing
20  Order Re Final Status Conference," which shall be served with the summons and complaint.

21  **JURY FEES**

22  21.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial
23  complaint. (C. C. P. § 631, subds. (b) and (c).)

24  **JURY TRIALS**

25  22.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the
26  Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One
27  will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal
28  Courtrooms.

1  **SANCTIONS**

2  23.     The Court has discretion to impose sanctions for any violation of this general order.

3  (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

4

5

6  Dated: *April 16, 2018*

Debre K. Weintraub
7                                                Supervising Judge of Civil Courts
8                                                Los Angeles Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page **8** of **8**

Ex. 1
Standing Order Re Personal Injury Procedures, Central District

30

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
JANE ROE

DEFENDANT/RESPONDENT:
YASIEL PUIG et al

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

11/16/2020

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____S. Martinez_____ Deputy

### CERTIFICATE OF MAILING

CASE NUMBER:
20STCV41573

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the PI General Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Taylor  Rayfield
Greene Broillet & Wheeler, LLP
100 Wilshire Boulevard, Suite 2100  P.O. Box 2131
Santa Monica, CA  90401-2131

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 11/16/2020

By:  S. Martinez
Deputy Clerk

Ex. 1
**CERTIFICATE OF MAILING**