GREENE BROILLET & WHEELER, LLP
LAWYERS
100 WILSHIRE BOULEVARD, SUITE 2100
P.O. BOX 2131
SANTA MONICA, CALIFORNIA 90407-2131
TEL. (310) 576-1200
FAX. (310) 576-1220

(SPACE BELOW FOR FILING STAMP ONLY)

ALAN VAN GELDER, SBN 221820
*avangelder@gbw.law*
TAYLOR RAYFIELD, SBN 272300
*trayfield@gbw.law*

Attorneys for  Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JANE ROE,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>YASIEL PUIG; and DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | CASE NO. 2:20-cv-11064-FMO-MRW<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES:**<br><br>　1. Assault and Battery<br>　2. Intentional Infliction of Emotional Distress<br>　3. Negligence<br>　4. False Imprisonment<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW the plaintiff JANE ROE for causes of action against Defendants, and each of them, alleges:

## GENERAL ALLEGATIONS

1. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive, and each of them, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that each of the defendants fictitiously named herein as a DOE is legally responsible, negligently or in some

- 1 -
First Amended Complaint for Damages

[944942]

other actionable manner, for the events and happenings referred to, and thereby proximately caused the injuries to Plaintiff as hereinafter alleged. Plaintiff will seek leave of court to amend this Complaint and state the true names and/or capacities of said fictitiously named defendants when the same have been ascertained.

2. Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, Defendants, and each of them, including DOES 1 through 10, inclusive, and each of them, were the agents, servants, employees and/or joint venturers of their co-defendants, and each was, as such, acting within the course, scope and authority of said agency, employment and/or venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as an agent, employee and/or joint venture.

3. Plaintiff JANE ROE is, and at all times mentioned in this Complaint, was, a resident of the County of Los Angeles, State of California.

4. Defendant YASIEL PUIG was at all times relevant an individual residing within the State of California.

5. The injury causing events occurred within the County of Los Angeles.

6. Due to the events as alleged herein, JANE ROE has suffered severe and lasting emotional distress. Ever since the event, there has not been a day that has gone by that she has not relived the events that occurred on October 31, 2018. Even when she briefly forgets about what happened the events sneak back up on her to steal whatever moment she has for herself. She won't go to the bathroom in public places and is paranoid everywhere she goes, for fear of what may happen. She feels like her life went from a happy, driven place, to a place of fear. She feels empty on the inside. She has become more irritable and tends to snap quickly, which has caused difficulty in her relationship. Every part of her life from the moment she wakes up is tainted. She is scared, feels disgusted, and feels she has no way to undo and remove these feelings.

# FIRST CAUSE OF ACTION

## ASSAULT AND BATTERY/SEXUAL BATTERY

**(Against Defendants YASIEL PUIG and DOES 1 through 10, inclusive)**

7. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained in paragraphs 1 through 6, inclusive, of the General Allegations, above.

8. On October 31, 2018, JANE ROE was assaulted by YASIEL PUIG. She was forced into a bathroom by YASIEL PUIG and YASIEL PUIG grabbed at her trying to take her clothes off, touched her sexual organs during this struggle, and eventually pinned her with one arm and used his other to stroke his own penis, exposing himself, and eventually ejaculating. JANE ROE never consented to any of the events that took place in the restroom. JANE ROE tried to fight off YASIEL PUIG. JANE ROE was terrified of YASIEL PUIG and scared for her safety.

9. DOES 1 through 10, assisted, aided, abetted, and/or ratified the actions of YASIEL PUIG.

10. These events occurred in Los Angeles County at the Staples Center.

11. In doing these acts, YASIEL PUIG and/or Defendants DOES 1 through 10, inclusive, and each of them, intended to place Plaintiff in great apprehension of offensive contact with her person.

12. As a result of these acts, YASIEL PUIG and/or Defendants DOES 1 through 10, inclusive, and each of them, did in fact place Plaintiff in great apprehension of an offensive contact with her person.

13. In doing these acts, YASIEL PUIG and/or Defendants DOES 1 through 10, inclusive and each of them touched Plaintiff with the intent to harm and/or offend Plaintiff.

14. As a result of these acts, YASIEL PUIG and/or Defendants DOES 1 through 10, inclusive and each of them, did harm and offend Plaintiff.

15. In doing these acts, YASIEL PUIG and/or Defendants DOES 1 through 10, inclusive and each of them intended to cause harmful or offensive contact with Plaintiff's sexual organ, buttocks, and/or groin, and a sexually offensive contact with Plaintiff resulted.

16. In doing these acts, YASIEL PUIG and/or Defendants DOES 1 through 10, inclusive and each of them, caused an imminent fear of harmful or offensive contact with Plaintiff's sexual organ, groin, and/or buttocks, and a sexually offensive contact with Plaintiff resulted.

17. YASIEL PUIG and/or Defendants DOES 1 through 10, inclusive, and each of them, without justifiable cause or provocation, intentionally, unlawfully, wantonly, willfully, wrongfully, tortiously, and maliciously assaulted and battered Plaintiff. This conduct was a legal cause of the injuries and damages alleged in this Complaint, and was intentional and malicious, justifying the imposition of punitive damages.

18. As a direct and proximate result of the conduct of defendants YASIEL PUIG and Defendants DOES 1 through 10, inclusive, and each of them, as aforesaid, Plaintiff was injured and hurt in her health, strength and activity, sustaining injuries to his body, and shock and injury to his nervous system and person, as well as psychological and emotional injuries, all of which said injuries have caused and continue to cause Plaintiff great physical, mental and nervous pain and suffering. Plaintiff is informed and believes and thereupon alleges that said injuries will result in some permanent disability, all to her general damage in excess of Fifty Thousand Dollars ($50,000.00) which will be stated according to proof, pursuant to California *Code of Civil Procedure* section 425.10.

19. As a direct and proximate result of the conduct of defendants YASIEL PUIG and Defendants DOES 1 through 10, inclusive, inclusive, and each of them, Plaintiff has been compelled to employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and has incurred hospital,

medical, professional and incidental expenses, and Plaintiff is informed and believes and thereupon alleges that by reason of her injuries, Plaintiff will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof, pursuant to California *Code of Civil Procedure* section 425.10

20. As a direct and proximate result of the conduct of the defendants YASIEL PUIG and Defendants DOES 1 through 10, inclusive, and each of them, and their agents, servants, employees, and independent contractors, as aforesaid, Plaintiff is informed and believes and thereupon alleges that Plaintiff will sustain a loss of earning capacity, in addition to lost earnings, past, present, and future. The exact amount of such losses are unknown to Plaintiff at this time, and when said amounts are ascertained, the Plaintiff will ask leave of Court to amend this Complaint and allege said amounts according to proof, pursuant to California *Code of Civil Procedure*, section 425.10.

## SECOND CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Against Defendants YASIEL PUIG and DOES 1 through 10, inclusive)**

21. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained in paragraphs 1 through 20, inclusive, of the General Allegations, above.

22. On October 31, 2018, JANE ROE was assaulted by YASIEL PUIG. She was forced into a bathroom by YASIEL PUIG and YASIEL PUIG grabbed at her trying to take her clothes off, touched her sexual organs during this struggle, and eventually pinned her with one arm and used his other to stroke his own penis, exposing himself, and eventually ejaculating. JANE ROE never consented to any of the events that took place in the restroom. JANE ROE tried to fight off YASIEL PUIG. JANE ROE was terrified of YASIEL PUIG and scared for her safety.

23. DOES 1 through 10, assisted, aided, abetted, and/or ratified the actions of YASIEL PUIG.

24. YASIEL PUIG's, and DOES 1-10, conduct was intentional and malicious and done for the purpose of causing plaintiff to suffer humiliation, mental anguish, and emotional and physical distress. YASIEL PUIG's and DOES 1-10, conduct was done with knowledge that plaintiff's emotional and physical distress would increase and was done with a wanton and reckless disregards of the consequences to plaintiff.

25. As the proximate result of the acts Plaintiff suffered humiliation, mental anguish, and emotional and physical distress.

26. As a direct and proximate result of the conduct of defendants YASIEL PUIG and Defendants DOES 1 through 10, inclusive, and each of them, as aforesaid, Plaintiff was injured and hurt in her health, strength and activity, sustaining injuries to her body, and shock and injury to her nervous system and person, as well as psychological and emotional injuries, all of which said injuries have caused and continue to cause Plaintiff great physical, mental and nervous pain and suffering. Plaintiff is informed and believes and thereupon alleges that said injuries will result in some permanent disability, all to her general damage in excess of Fifty Thousand Dollars ($50,000.00) which will be stated according to proof, pursuant to California *Code of Civil Procedure* section 425.10.

27. As a direct and proximate result of the conduct of defendants YASIEL PUIG and Defendants DOES 1 through 10, inclusive, inclusive, and each of them, Plaintiff has been compelled to employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and has incurred hospital, medical, professional and incidental expenses, and Plaintiff is informed and believes and thereupon alleges that by reason of her injuries, Plaintiff will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof, pursuant to California *Code of Civil Procedure* section 425.10

28. As a direct and proximate result of the conduct of the defendants YASIEL PUIG and Defendants DOES 1 through 10, inclusive, and each of them, and their agents, servants, employees, and independent contractors, as aforesaid, Plaintiff is informed and believes and thereupon alleges that Plaintiff will sustain a loss of earning capacity, in addition to lost earnings, past, present, and future. The exact amount of such losses are unknown to Plaintiff at this time, and when said amounts are ascertained, the Plaintiff will ask leave of Court to amend this Complaint and allege said amounts according to proof, pursuant to California *Code of Civil Procedure*, section 425.10.

29. The acts of defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

## THIRD CAUSE OF ACTION
## NEGLIGENCE
**(Against Defendants YASIEL PUIG and DOES 1 through 10, inclusive)**

30. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained in paragraphs 1 through 6, inclusive, of the General Allegations, above.

31. YASIEL PUIG and DOES 1-10 is responsible for an injury occasioned to another, including Plaintiff, by his want of ordinary care or skill in the management of his person. YASIEL PUIG and DOES 1-10 has a duty to use ordinary care and is liable for injuries to Plaintiff caused by his failure to exercise reasonable care in the circumstances. YASIEL PUIG and DOES 1-10 failed to use ordinary care when he entered the restroom at the Staples Center on October 31, 2018 and proceeded to masturbate in front of Plaintiff. YASIEL PUIG and DOES 1-10 failed to use ordinary care when he entered the restroom at the Staples Center on October 31, 2018 and negligently blocked Plaintiff's ability to leave.

32. As a direct and proximate result of the conduct of defendants YASIEL PUIG and Defendants DOES 1 through 10, inclusive, and each of them, as

aforesaid, Plaintiff was injured and hurt in her health, strength and activity, sustaining injuries to her body, and shock and injury to her nervous system and person, as well as psychological and emotional injuries, all of which said injuries have caused and continue to cause Plaintiff great physical, mental and nervous pain and suffering. Plaintiff is informed and believes and thereupon alleges that said injuries will result in some permanent disability, all to her general damage in excess of Fifty Thousand Dollars ($50,000.00) which will be stated according to proof, pursuant to California *Code of Civil Procedure* section 425.10.

33. As a direct and proximate result of the conduct of defendants YASIEL PUIG and Defendants DOES 1 through 10, inclusive, inclusive, and each of them, Plaintiff has been compelled to employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and has incurred hospital, medical, professional and incidental expenses, and Plaintiff is informed and believes and thereupon alleges that by reason of her injuries, Plaintiff will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof, pursuant to California *Code of Civil Procedure* section 425.10

34. As a direct and proximate result of the conduct of the defendants YASIEL PUIG and Defendants DOES 1 through 10, inclusive, and each of them, and their agents, servants, employees, and independent contractors, as aforesaid, Plaintiff is informed and believes and thereupon alleges that Plaintiff will sustain a loss of earning capacity, in addition to lost earnings, past, present, and future. The exact amount of such losses are unknown to Plaintiff at this time, and when said amounts are ascertained, the Plaintiff will ask leave of Court to amend this Complaint and allege said amounts according to proof, pursuant to California *Code of Civil Procedure*, section 425.10.

///

## FOURTH CAUSE OF ACTION
## FALSE IMPRISONMENT
### (Against Defendants YASIEL PUIG and DOES 1 through 10, inclusive)

35. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained in paragraphs 1 through 6, inclusive, of the General Allegations, above.

36. On October 31, 2018 YASIEL PUIG and DOES 1-10, against Plaintiff's will, without her consent and over her protest, placed Plaintiff in a bathroom in Los Angeles County and caused Plaintiff by force to remain in the bathroom while YASIEL PUIG masturbated. Plaintiff was forced to remain in the bathroom for a period of time, which consisted of the time for YASIEL PUIG to grab at Plaintiff and try and force himself on her, Plaintiff to fight back, and for YASIEL PUIG to grab her and hold her while he pulled out his penis and masturbated to the point of ejaculation.

37. DOES 1 through 10, assisted, aided, abetted, and/or ratified the actions of YASIEL PUIG.

38. Immediately prior to the acts of defendants and each of them herein, Plaintiff was simply heading to use the bathroom.

39. In imprisoning plaintiff, Defendants and each of them acted with deliberate malice and the purpose of causing distress to Plaintiff.

40. As a direct and proximate result of the conduct of defendants YASIEL PUIG and Defendants DOES 1 through 10, inclusive, and each of them, as aforesaid, Plaintiff was injured and hurt in her health, strength and activity, sustaining injuries to her body, and shock and injury to her nervous system and person, as well as psychological and emotional injuries, all of which said injuries have caused and continue to cause Plaintiff great physical, mental and nervous pain and suffering. Plaintiff is informed and believes and thereupon alleges that said injuries will result in some permanent disability, all to her general damage in excess

- 9 -
First Amended Complaint for Damages

of Fifty Thousand Dollars ($50,000.00) which will be stated according to proof, pursuant to California *Code of Civil Procedure* section 425.10.

41.  As a direct and proximate result of the conduct of defendants YASIEL PUIG and Defendants DOES 1 through 10, inclusive, inclusive, and each of them, Plaintiff has been compelled to employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and has incurred hospital, medical, professional and incidental expenses, and Plaintiff is informed and believes and thereupon alleges that by reason of her injuries, Plaintiff will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof, pursuant to California *Code of Civil Procedure* section 425.10

42.  As a direct and proximate result of the conduct of the defendants YASIEL PUIG and Defendants DOES 1 through 10, inclusive, and each of them, and their agents, servants, employees, and independent contractors, as aforesaid, Plaintiff is informed and believes and thereupon alleges that Plaintiff will sustain a loss of earning capacity, in addition to lost earnings, past, present, and future.  The exact amount of such losses are unknown to Plaintiff at this time, and when said amounts are ascertained, the Plaintiff will ask leave of Court to amend this Complaint and allege said amounts according to proof, pursuant to California *Code of Civil Procedure*, section 425.10.

43.  The acts of defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

///
///
///
///
///

## **PRAYER**

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1. For general damages in excess of fifty thousand dollars ($50,000.00), according to proof;

2. For hospital, medical, emotional/psychological, professional and incidental expenses, according to proof;

3. For loss of earning capacity, according to proof;

4. For loss of future earnings, according to proof;

5. For an award of punitive damages;

6. For prejudgment interest, according to proof;

7. For costs of suit incurred herein; and

8. For such other and further relief as the court may deem just and proper.

DATED: December 30, 2020                    GREENE BROILLET & WHEELER, LLP

*Taylor Rayfield*

Taylor Rayfield, Esq.
Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all causes of action alleged in her complaint.

DATED: December 30, 2020

GREENE BROILLET & WHEELER, LLP

*/s/ Taylor Rayfield*

Taylor Rayfield, Esq.
Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December, 2020, I electronically filed the foregoing **FIRST AMENDED COMPLAINT FOR DAMAGES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Taylor Rayfield*
_____
TAYLOR RAYFIELD, ESQ.