**ZUCKERMAN SPAEDER LLP**
JON R. FETTEROLF (*Pro Hac Vice*)
jfetterolf@zuckerman.com
MARGARITA K. O'DONNELL (*Pro Hac Vice*)
modonnell@zuckerman.com
IVANO M. VENTRESCA (*Pro Hac Vice*)
iventresca@zuckerman.com
1800 M Street NW, Suite 1000
Washington, DC 20036-5807
Telephone:   (202) 778-1800
Facsimile:   (202) 822-8106

**CADER ADAMS LLP**
YASMIN CADER (State Bar No. 250762)
yasmincader@caderadams.com
CHRISTINE ADAMS (State Bar No. 172876)
christineadams@caderadams.com
865 S Figueroa St, 31st Floor
Los Angeles, California 90017
Telephone: (213) 408-4081
Facsimile:  (213) 408-4084

*Attorneys for Defendant Yasiel Puig*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| JANE ROE,<br><br>           Plaintiff,<br><br>     v.<br><br>YASIEL PUIG; and DOES 1-10, inclusive,<br><br>           Defendants. | CASE NO. 2:20-cv-11064-FLA-MRW<br><br>**DEFENDANT'S UNOPPOSED APPLICATION TO FILE UNDER SEAL** |

1  Pursuant to Local Rule 79-5.2.2(a), Defendant Yasiel Puig applies to file under
2  seal portions of the documents listed below in connection with his Motion to Dismiss
3  the First Amended Complaint ("Motion to Dismiss"). This application seeks sealing
4  of portions of six exhibits to the Motion to Dismiss where the exhibits contain: (1)
5  information that has the potential to identify Plaintiff, who has filed her Complaint
6  anonymously, or (2) the personal cellular telephone numbers of Plaintiff and
7  Defendant.
8  Plaintiff Jane Roe has filed this action anonymously, ECF Nos. 1-1, 19, but has
9  not sought the Court's permission to proceed anonymously. In this suit, Plaintiff
10 alleges that Mr. Puig, who is a professional baseball player, forced her into a
11 bathroom, grabbed at her, pinned her down, and masturbated in front of her. *See* ECF
12 No. 19 ¶ 8. On January 22, 2021, Mr. Puig intends to file a motion to dismiss the First
13 Amended Complaint, which will seek dismissal of all or some of the causes of action
14 in the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)
15 and further seek dismissal of the First Amended Complaint under Federal Rule of
16 Civil Procedure 10 for failure to use Plaintiff's real name. The enclosed exhibits are
17 being filed in support of Mr. Puig's Motion to Dismiss.
18 Sealing judicial records is appropriate where there are "compelling reasons
19 supported by specific factual findings" that "outweigh the general history of access
20 and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*,
21 447 F.3d 1172, 1178–79 (9th Cir. 2006). Compelling reasons generally exist "when
22 such 'court files might have become a vehicle for improper purposes,' such as the use
23 of records to gratify private spite, promote public scandal, circulate libelous
24 statements, or release trade secrets." *Id.* at 1179.
25 Until the Court rules on whether Plaintiff has properly asserted anonymity and
26 rules on Mr. Puig's upcoming motion, Mr. Puig applies to file under seal documents
27 that might reveal Plaintiff's identity in a public filing, including her phone number,
28

Case No. 2:20-cv-11064-FLA-MRW
DEFENDANT'S UNOPPOSED APPLICATION TO FILE UNDER SEAL

social media usernames, and photographs containing Plaintiff, and to file publicly versions of those documents with Plaintiff's identifying information redacted. *See Strike 3 Holdings, LLC v. Doe*, 2019 WL 6894526, at *2 (C.D. Cal. July 16, 2019) (holding, in case where defendant proceeded anonymously, that plaintiff could not "publicly disclos[e] defendant's name or other identifying information"); *Doe I-XIX v. Boy Scouts of Am.*, 2017 WL 9288099, at *9 (D. Idaho Nov. 20, 2017) ("[T]he Court finds that redaction of Doe XII's personal information is sufficient to protect his anonymity."). Filing these documents under seal at this time will allow the Court to make a determination regarding whether Plaintiff should remain anonymous in these judicial proceedings, but also keep out of the public docket materials that could potentially result in Plaintiff's identification. This Application does not waive or forfeit any arguments Mr. Puig will make in challenging Plaintiff's anonymity.

Mr. Puig also applies to seal his personal cellular telephone number. Compelling reasons exist to seal such personal information. *See Am. Auto. Ass'n of N. Cal., Nev. & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (holding that "compelling reasons exist to seal" phone numbers); *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *3 (N.D. Cal. Sept. 5, 2018) ("The Court agrees that compelling reasons exist to seal sensitive personal information such as . . . phone numbers."). Sealing of Plaintiff's personal cellular telephone number is also appropriate for these same reasons.

The Parties met and conferred regarding the request to seal these materials on January 15, 2021. Plaintiff stated that she does not oppose this Application.

The documents to be filed under seal are listed below. Redacted versions of the documents will be publicly filed.

2    Case No. 2:20-cv-11064-FLA-MRW
DEFENDANT'S UNOPPOSED APPLICATION TO FILE UNDER SEAL

| Document | Reason for Redactions |
|---|---|
| Exhibit A-1 In Support of Defendant's Motion To Dismiss | Redact portions of document containing Plaintiff's Instagram username and telephone number. |
| Exhibit A-2 In Support of Defendant's Motion To Dismiss | Redact portions of document containing Plaintiff's and Defendant's telephone numbers and Plaintiff's name. |
| Exhibit B-1 In Support of Defendant's Motion To Dismiss | Redact portions of document containing Plaintiff's Instagram username and photographs containing Plaintiff. |
| Exhibit B-2 In Support of Defendant's Motion To Dismiss | Redact portions of document containing Plaintiff's Instagram username, photographs, and other identifying information. |
| Exhibit B-3 In Support of Defendant's Motion To Dismiss | Redact portions of document containing Plaintiff's Twitter username, photographs, and other identifying information. |
| Exhibit B-4 In Support of Defendant's Motion To Dismiss | Redact portions of document containing Plaintiff's YouTube username and photographs. |

| | | |
|---|---|---|
| 1 | DATED:  January 21, 2021 | Respectfully submitted, |
| 2 | | By:/s/ Yasmin Cader |
| 3 | | Yasmin Cader (State Bar No. 250762) |
| 4 | | Christine Adams (State Bar No. 172876)<br>CADER ADAMS LLP |
| 5 | | 865 S Figueroa St, 31st Floor<br>Los Angeles, California 90017 |
| 6 | | |
| 7 | | Jon R. Fetterolf (*Pro Hac Vice*) |
| 8 | | Margarita K. O'Donnell (*Pro Hac Vice*)<br>Ivano M. Ventresca (*Pro Hac Vice*) |
| 9 | | ZUCKERMAN SPAEDER LLP<br>1800 M Street NW, Suite 1000 |
| 10 | | Washington, DC 20036 |
| 11 | | |
| 12 | | *Attorneys for Defendant Yasiel Puig* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of January 2021, I caused a true and correct copy of the foregoing Defendant's Unopposed Application To File Under Seal and exhibits to be served by electronic mail and ECF on the following:

Taylor Rayfield
trayfield@manlystewart.com
MANLY, STEWART, AND FINALDI
19100 Von Karman Avenue
Suite 800
Irvine, California 92612

/s/ Yasmin Cader<br>Yasmin Cader

Case No. 2:20-cv-11064-FLA-MRW
DEFENDANT'S UNOPPOSED APPLICATION TO FILE UNDER SEAL