**WERKSMAN JACKSON & QUINN, LLP**
ALAN JACKSON (State Bar No. 173647)
CALEB MASON (State Bar No. 246653)
888 W. 6th St. Fourth Floor
Los Angeles, CA 90017
213-688-0460
ajackson@werksmanjackson.com
cmason@werksmanjackson.com

**CADER ADAMS LLP**
YASMIN CADER (State Bar No. 250762)
yasmincader@caderadams.com
CHRISTINE ADAMS (State Bar No. 172876)
christineadams@caderadams.com
865 S Figueroa St, 31st Floor
Los Angeles, California 90017
Telephone: (213) 408-4081
Facsimile:  (213) 408-4084

*Attorneys for Defendant Yasiel Puig*

**MANLY, STEWART, & FINALDI**
TAYLOR RAYFIELD (State Bar No. 272300)
trayfield@manlystewart.com
19100 Von Karman Avenue
Suite 800
Irvine, CA  92612
Phone: (949) 252-9990
Facsimile: (949) 252-9991

*Attorney for Plaintiff Jane Roe*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JANE ROE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>YASIEL PUIG; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | CASE NO. 2:20-cv-11064-FMO-MRW<br><br>**JOINT RULE 26(F) REPORT** |

# JOINT RULE 26(F) REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26, Plaintiff Jane Roe ("Plaintiff") and Defendant Yasiel Puig ("Defendant") submit the following Joint Rule 26(f) Report.

1. **Statement of the Case**

   **Plaintiff's Contentions**:

   On October 31, 2018, Plaintiff was sexually assaulted by Defendant Puig. Specifically, Plaintiff was forced into a bathroom at the Staples Center in Los Angeles, California, by Defendant Puig, who proceeded to grab Plaintiff, attempted to remove Plaintiff's clothes, touched her sexual organs, and eventually pinned her with one arm while using his other hand to stroke his penis, exposing himself to Plaintiff and eventually ejaculating. At no point did Plaintiff consent to any of the events that took place in the bathroom. Plaintiff attempted to fight off Defendant Puig. Plaintiff was terrified of Defendant Puig and scared for her safety. Plaintiff alleges Defendant Puig committed assault and battery, intentional infliction of emotional distress, negligence, and false imprisonment. Plaintiff seeks to recover damages for the serious and lasting injuries she has suffered, as well as punitive damages against Defendant Puig.

   **Defendant's Contentions**:

   Defendant denies Plaintiff's claims. Defendant did not sexually assault Plaintiff, nor engage in any non-consensual conduct. Plaintiff has made, and continues to make, allegations that she knows are false, and that are proven false by her own contemporaneous communications to Defendant on, inter alia, October 31, 2018, November 1, 2018, November 2, 2018, November 3, 2018, November 22, 2018, November 23, 2018, November 24, 2018, and February 18, 2019.

## 2. Subject Matter Jurisdiction

Defendant is a Florida resident; therefore, diversity jurisdiction exists. Plaintiff reserves the right to contest this issue.

## 3. Legal Issues

The case is likely to present multiple legal issues, including, inter alia, the pending motion regarding Plaintiff's attempt to litigate the case anonymously, which Defendant contends lacks merit, particularly insofar as Plaintiff has already appeared on television to make allegations against Defendant. The parties expect that additional legal issues will arise.

## 4. Parties, Evidence, etc.[1]

Parties: Plaintiff and Yasiel Puig.

Percipient witnesses as identified by Plaintiff: Plaintiff's fiancé, Plaintiff's brother, Plaintiff's friend, and Plaintiff's therapist.[2]

Percipient witnesses as identified by Puig: Irv Bauman; Danny Horwitz; employees and representatives of Staples Center; Plaintiff; Plaintiff's fiancée/spouse; Plaintiff's acquaintances and colleagues; individuals with whom Plaintiff communicated and interacted in 2018 and 2019.

Evidence: Communications between Plaintiff and Puig, Photographs, Plaintiff's medical records and Plaintiff's medical bills; communications between Plaintiff and third parties.

---

[1] These are based on the parties' initial disclosures, and discovery is continuing.
[2] These names have been provided to the Defendant but are not being provided here since this is a publicly filed document and Plaintiff is currently proceeding under a pseudonym.

The parties have just begun the discovery process and reserve the right to identify additional witnesses and evidence.

### 5. Insurance

Defendant believes there is not any insurance agreement under which an insurer may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse payment made to satisfy the judgment.

Plaintiff has not been provided a copy of any and all potential insurance in this litigation and has not been provided with any coverage denial letters.

### 6. Magistrate Judge

The parties do not consent to a Magistrate Judge presiding over this action for all purposes including trial.

### 7. Discovery Plan

Based upon information currently available, Plaintiff anticipates seeking discovery on several topics, including but not limited to: (1) all facts and circumstances surrounding Defendant Puig's alleged assault of Plaintiff, including potential witnesses, relevant documents, photographs, videos, and/or recordings; (2) other potential victims of Defendant Puig; (3) all Non-Disclosure Agreements entered into by or on behalf of Defendant Puig; and (4) discovery regarding Defendant's Puig's affiliation with Major League Baseball and their knowledge of Defendant Puig's alleged misconduct. Plaintiff intends to propound interrogatories, requests for production of documents, and requests for admission, and seek depositions of Defendant Puig and other witnesses.

Defendant contends that Plaintiff's discovery requests are in large part without legal merit and objectionable as calculated to harass and not reasonably likely to lead to discovery of relevant information, and Defendant will meet and

confer and litigate as appropriate. Defendant is particularly concerned by the prior conduct of Plaintiff and her counsel in making highly prejudicial and inflammatory public statements on television. Based on available information and without prejudice to seeking discovery on any relevant issues, Defendant currently expects to seek discovery on several topics, including the following: (1) the claims and theories of liability asserted by Plaintiff, including Plaintiff's allegations regarding her interactions with Defendant on October 31, 2018 and related events, including potential witnesses, recordings, and documents relevant to the same; (2) Plaintiff's interactions with Defendant prior to and following October 31, 2018, including potential witnesses, recordings, and documents relevant to the same; (3) the claims regarding damages made by Plaintiff, including potential witnesses, recordings, and documents relevant to the same; (4) discovery regarding medical and mental health treatment Plaintiff received and providers Plaintiff consulted prior to and following October 31, 2018; and (5) any potential defenses by Defendant to the claims made by Plaintiff and evidentiary support for the same; (6) Plaintiff's communications and history with respect to any similar allegations made against others; (7) Plaintiff's finances and the basis for Plaintiff's financial demands made on Defendant. Defendant intends to propound interrogatories, requests for production of documents, and requests for admission, and seek depositions of Plaintiff and other witnesses. Defendant may also seek an examination of Plaintiff pursuant to Federal Rule of Civil Procedure 35.

The Parties agree that discovery will occur in two phases, with fact discovery concluding on September 27, 2021 and expert discovery concluding on December 26, 2021.

The Parties agree that expert reports will be due on October 4, 2021. The Parties further agree that rebuttal expert reports will be due on October 25, 2021.

The Parties have discussed issues regarding preservation of discoverable material and have not identified any issues that require the Court's intervention at this time.

The Parties have conferred regarding the forms of production and intend on reaching an agreement about the forms of production.

The Parties agree to draft and propose a Protective Order that will address, among other things, issues regarding claims of privilege or protection and confidentiality.

The Parties further agree that service in this case shall occur through either electronic mail or the Court's CM/ECF system.

Summary of the overall plan:
- All fact discovery to be completed by: September 27, 2021
- Expert reports due: October 4, 2021
- Rebuttal expert reports due: October 25, 2021
- All expert discovery to be completed by: December 26, 2021
- Dispositive motions due: January 10, 2022

### 8. Motions

The parties reserve their rights to file motions for summary judgment or summary adjudication or any other appropriate relief, and motions *in limine* to exclude any irrelevant and/or unduly prejudicial evidence at trial.

### 9. Class Certification

Not Applicable.

### 10. Dispositive Motions

The Parties have agreed that the deadline for dispositive motions is January 10, 2022.

### 11. Potential Settlement and Selection of ADR Procedures

The parties have engaged in private mediation, which did not result in settlement of the dispute.  The parties will engage in mediation pursuant to this Court's rules.

12. **Pretrial Conference and Trial**

    **Final Pretrial Conference:** _____

    **Trial:** _____

13. **Trial Estimate**

The Parties estimate that the trial will take five to ten days, including jury selection.

14. **Trial Counsel**

Lead trial counsel for Plaintiff will be Taylor Rayfield of Manly, Stewart & Finaldi, LLP.  At this time it is believed that John Manly, Vince Finaldi, Jane Reilly, and Courtney Pendry from Manly, Stewart & Finaldi will be part of the trial team.

Defendant's lead trial counsel will be Alan Jackson and Caleb Mason, of Werksman Jackson & Quinn, LLP.

15. **Independent Expert or Master**

The parties not believe that a master or an independent scientific expert is necessary at this point.

16. **Other Issues.**

A Spanish interpreter may be required at trial for Defendant.

DATED:  April 8, 2021　　　　　　　Respectfully submitted,

By: /s/ Taylor Rayfield

　　　　　　　　　　　　　　　　　　/s/ *Alan Jackson*

| | |
|---|---|
| Taylor Rayfield (State Bar No. 272300) | Alan Jackson (State Bar No. 173647) |
| MANLY, STEWART, & FINALDI | Caleb Mason (State Bar No. 246653) |
| 19100 Von Karman Avenue | Werksman Jackson & Quinn, LLP |
| Suite 800 | 888 W. 6th St. 4th Floor |
| Irvine, CA  92612 | Los Angeles CA 90017 |
| | cmason@werksmanjackson.com |
| *Attorney for Plaintiff Jane Roe* | 213-688-0460 |