UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11064 FMO (MRWx) | Date | May 17, 2021 |
|---|---|---|---|
| Title | Jane Roe v. Yasiel Puig | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Vanessa Figueroa | None Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (In Chambers) Order re: Pending Motion

Having reviewed and considered all the briefing filed with respect to defendant Yasiel Puig's ("defendant" or "Puig") Motion to Dismiss First Amended Complaint (Dkt. 25, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**PLAINTIFF'S ALLEGATIONS**

On October 29, 2020, plaintiff using the pseudonym "Jane Roe," filed a complaint in state court against defendant. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 1-1, Complaint). Defendant removed the action to this court based on diversity jurisdiction. (See Dkt. 1, NOR at ¶ 7). On December 30, 2020, plaintiff filed the operative First Amended Complaint ("FAC") asserting the following claims: (1) assault and battery; (2) intentional infliction of emotional distress ("IIED"); (3) negligence; and (4) false imprisonment. (See Dkt. 19, FAC at ¶¶ 4, 7-43).

Plaintiff's claims arise from allegations that in October 2018, Puig sexually assaulted her at the Staples Center in Los Angeles. (Dkt. 19, FAC at ¶¶ 8, 10). Specifically, plaintiff alleges that Puig "forced [her] into a bathroom" and "grabbed at her trying to take her clothes off, touched her sexual organs during [the] struggle, and eventually pinned her with one arm and used his other to stroke his own penis, exposing himself, and eventually ejaculating." (Id. at ¶ 8). Plaintiff alleges she "tried to fight off" Puig, and was "terrified of [him,] and scared for her safety." (Id.). According to plaintiff, she "never consented to any of the events that took place in the restroom." (Id.).

**LEGAL STANDARD**

A motion to dismiss for failure to state a claim should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007) (Twombly); Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (Iqbal); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11064 FMO (MRWx) | Date | May 17, 2021 |
|---|---|---|---|
| Title | Jane Roe v. Yasiel Puig | | |

678, 129 S.Ct. at 1949; Cook, 637 F.3d at 1004; Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010).  Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; see also Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.  Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations and internal quotation marks omitted), "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (per curiam) (internal quotation marks omitted); Twombly, 550 U.S. at 555, 127 S.Ct. at 1964.

In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true, see Erickson, 551 U.S. at 94, 127 S.Ct. at 2200; Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807, 810 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory.  See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim.  See Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**DISCUSSION**

I.      SUFFICIENCY OF THE COMPLAINT.

Defendant makes several arguments challenging the sufficiency of the FAC.  (See Dkt. 26, Memorandum of Points and Authorities in Support of Defendant Yasiel Puig's Motion to Dismiss First Amended Complaint ("Memo") at 8-13).  First, with respect to plaintiff's IIED claim, defendant contends that plaintiff "failed to adequately plead severe or extreme emotional distress."  (Dkt. 26, Memo at 9).  Defendant's contention is plainly without merit given plaintiff's allegations that defendant "forced [her] into a bathroom" and "grabbed at her trying to take her clothes off, touched her sexual organs during [the] struggle, and eventually pinned her with one arm and used his other to stroke his own penis, exposing himself, and eventually ejaculating."[1]  (Dkt. 19, FAC at ¶ 8).

---

[1] Defendant directs the court to a "recent Central District decision [that] dismissed an IIED claim based on virtually identical allegations."  (Dkt. 26, Memo at 10) (citing Allied Trend Int'l, Ltd. v. Parcel Pending, Inc., 2019 WL 4137605 (C.D. Cal. 2019)).  While the allegations of injury in Allied Trend were similar to the ones in the instant action, see Allied Trend, 2019 WL 4137605, at *4, the core narrative was decidedly not.  As the court in Allied Trend observed, IIED "claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11064 FMO (MRWx) | Date | May 17, 2021 |
|---|---|---|---|
| Title | Jane Roe v. Yasiel Puig | | |

Plaintiff's allegations regarding harm, including her allegations that she continues to relive the sexual assault, "is paranoid everywhere she goes[] for fear of what may happen[,]" "feels empty on the inside[,]" and that "[s]he is scared, feels disgusted, and feels she has no way to undo and remove [such] feelings[,]" (see id. at ¶ 6); (see also id. at ¶¶ 26-27), are more than sufficient, particularly when considered in light of her allegations that she was sexually assaulted.

Second, defendant contends that plaintiff's "conclusory allegations regarding damages . . . fail to state a claim for negligence." (Dkt. 26, Memo at 10) (formatting omitted); (see id. at 10-12). Plaintiff alleges that as a result of the sexual assault, she was "injured and hurt in her health, strength and activity, sustaining injuries to her body . . . as well as psychological and emotional injuries[.]" (Dkt. 19, FAC at ¶ 32). According to plaintiff, she has "been compelled to employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and has incurred hospital, medical, professional and incidental expenses[.]" (Id. at ¶ 33). Accepting the allegations of the FAC as true, see Erickson, 551 U.S. at 94, 127 S.Ct. at 2200, and construing the FAC in the light most favorable to plaintiff, see Jenkins, 395 U.S. at 421, 89 S.Ct. at 1849, the court finds such allegations are more than sufficient.[2]

Finally, defendant argues that the Doe defendants should be dismissed. (See Dkt. 26, Memo at 12-13). However, the deadline for naming any Doe defendants has not yet lapsed. (See Dkt. 51, Court's Order of April 12, 2021, at 17). Thus, dismissal at this juncture is premature.

II.     ANONYMITY.

In general, a plaintiff's "use of [a] fictitious name[] runs afoul of the public's common law right of access to judicial proceedings, and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties[.]'" Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000) (quoting Fed. R. Civ. P. 10(a)) (citations omitted). However, "parties [may] use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." Id. at 1067-68

---

are inappropriate in cases . . . where the core narrative is that the parties had a contract and business relationship that deteriorated." Id. Here, as noted above, the core narrative is that defendant forced plaintiff into a public bathroom and sexually assaulted her. (See Dkt. 19, FAC at ¶¶ 8, 10).

[2] Defendant contends that plaintiff's allegations of injury are similar to those the court found insufficient in Holly v. Alta Newport Hospital, Inc., 2020 WL 1853308, *6 (C.D. Cal. 2020). (See Dkt. 26, Memo at 11-12). But again, defendant relies on a case that involves a starkly different core narrative. In Holly, the plaintiff's claims stemmed from allegations that a hospital employee "inadvertently posted photographs of [plaintiff's] personal medical information on the employee's public Facebook account." 2020 WL 1853308, at *1. Such allegations are not even remotely similar to the allegations in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11064 FMO (MRWx) | Date | May 17, 2021 |
|---|---|---|---|
| Title | Jane Roe v. Yasiel Puig | | |

(internal quotation marks and alterations omitted).  Courts have permitted plaintiffs to proceed anonymously when:  (1) "identification creates a risk of retaliatory physical or mental harm[;]" (2) "anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature[;]" and (3) "the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]"  Id. at 1068 (internal quotation marks omitted).  To determine whether a party should be permitted to use a pseudonym, a court must determine whether, in the context of the specific stage of the proceedings, "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity[.]"  Id. ("The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice.").

"Courts have generally permitted plaintiffs to proceed anonymously when their claims involved allegations of sexual assault or rape."  Doe v. Rose, 2016 WL 9137645, *1 (C.D. Cal. 2016); Doe K.G. v. Pasadena Hospital Association, Ltd., 2019 WL 1612828, *1 (C.D. Cal. 2019) ("With regard to allegations of sexual assault, several courts have concluded that any prejudice the defendant may face does not favor requiring the plaintiff to disclose her identity, and that the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs any public interest in the plaintiff's identity.") (collecting cases).  Here, after balancing the interests at stake, the court is persuaded that plaintiff should be permitted to proceed using a pseudonym at this stage of the proceedings.  "Given the serious and sensitive nature of the allegations of . . . sexual assault by Plaintiff[], there is a high likelihood Plaintiff[] will suffer personal embarrassment and further emotional injury if forced to proceed in this litigation under [her] real name[].  Such personal embarrassment and emotional injury outweighs any potential prejudice to Defendant[.]"  Doe K.G., 2019 WL 1612828, at *1; see also Doe, 2016 WL 9137645, at *2 ("Given the public nature of this action, and the fame of Defendant Rose, forcing Plaintiff to abandon her anonymity could subject her to significant harassment and humiliation from the public.").  Further, given the allegations of sexual assault, "any prejudice . . . defendant may face does not favor requiring . . . plaintiff to disclose her identity[.]"[3]  Doe K.G., 2019 WL 1612828, at *1; see, e.g., Doe, 2016 WL 9137645, at *2 ("Defendant Rose further contends that Plaintiff's anonymity is prejudicial because it purportedly prevents him from countering the negative publicity from Plaintiff's allegations.  But the Court sees no reason why Defendant Rose cannot present his version of the transpired events to the public without revealing Plaintiff's name.  At most, Defendant Rose and his public relations staff would be inconvenienced by Plaintiff's anonymity. That inconvenience alone, however, is hardly sufficient to outweigh the harassment and humiliation Plaintiff would likely endure if her

---

[3] Defendant's argument that plaintiff's and her counsel's statements to the press undercut any claims about the need for anonymity, (Dkt. 26, Memo at 14, 16) is unpersuasive.  Although defendant suggests that plaintiff's identity has been disclosed by such conduct, (see id. at 14, 16-18) the court's review of the exhibits filed by defendant do not show or otherwise establish that plaintiff's identity has been exposed.  (See, generally, Dkts. 26-10-15 (Exhs. C-H)); (Dkt. 27, Exh. I); (Dkt. 39-2-3 (Exhs. J-K)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11064 FMO (MRWx) | Date | May 17, 2021 |
|---|---|---|---|
| Title | Jane Roe v. Yasiel Puig | | |

name were revealed to the public.") (citation omitted).  While the public has some interest in plaintiff's identity, "[t]he public has an equally strong interest. . . in encouraging victims of sexual assault to bring claims against their assailants" and "permitting Plaintiff to proceed under a fictitious name would benefit society by encouraging victims of sexual assault to come forward[.]"[4] Doe, 2016 WL 9137645, at *3.

    Based on the foregoing, IT IS ORDERED THAT:

    1.  Defendant's Motion to Dismiss First Amended Complaint **(Document No. 25)** is **denied**.

    2.  Defendant's Motion for Leave to File Request for Judicial Notice in Support of Defendant Yasiel Puig's Pending Motion to Dismiss **(Document No. 39)** is **denied as moot**.[5]

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

[4] Although plaintiff has failed to explicitly request leave to proceed anonymously, given the court's determination with respect to defendant's Motion, the court sees no need for a separate motion under the circumstances here.

[5] The court reviewed the articles at issue, see supra at n. 3, and has determined that they do not change the outcome of the pending Motion.