ALAN JACKSON (State Bar No. 173647)
CALEB MASON (State Bar No. 246653)
WERKSMAN JACKSON & QUINN, LLP
888 W. 6th St. Fourth Floor
Los Angeles, CA 90017
213-688-0460
ajackson@werksmanjackson.com
cmason@werksmanjackson.com

REED ALJIAN (State Bar No. 211010)
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA  92660
Telephone:  949.861.2524
ra@dallp.com

Attorneys for Defendant and
Counter-Complainant YASIEL PUIG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JANE ROE,<br><br>       Plaintiff,<br><br>  v.<br><br>YASIEL PUIG; and DOES 1-10, inclusive,<br><br>       Defendants. | CASE NO. 2:20-cv-11064-FMO-MRW<br><br>**DEFENDANT YASIEL PUIG'S ANSWER TO PLAINTIFF JANE ROE'S FIRST AMENDED COMPLAINT AND COUNTERCLAIM AGAINST PLAINTIFF JANE ROE FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL**<br><br>FAC Filed:   Dec. 30, 2020<br>Trial date:   May 3, 2022 |

COMES NOW Defendant YASIEL PUIG ("PUIG") answering Plaintiff JANE ROE's First Amended Complaint in Case No. 2:20-cv-11064-FMO-MRW, stating his affirmative defenses, and counterclaiming as follows:

## ANSWER

1.      In response to Paragraph 1 of the First Amended Complaint, PUIG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and therefore denies them.

2.      In response to Paragraph 2 of the First Amended Complaint, PUIG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and therefore denies them.

3.      In response to Paragraph 3 of the First Amended Complaint, PUIG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and therefore denies them.

4.      In response to Paragraph 4 of the First Amended Complaint, PUIG denies the allegations.

5.      In response to Paragraph 5 of the First Amended Complaint, PUIG admits that he was in Los Angeles County on October 31, 2018. PUIG denies the remaining allegations therein, including any assertion that he caused Plaintiff any injuries.

6.      In response to Paragraph 6 of the First Amended Complaint, PUIG denies that the "events as alleged" in the First Amended Complaint occurred.  With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

## ANSWER TO FIRST CAUSE OF ACTION

### Alleged Assault and Battery / Alleged Sexual Battery

7.      In response to Paragraph 7 of the First Amended Complaint, PUIG incorporates by reference each and every admission, denial, and allegation contained in Paragraphs 1-6 contained herein.

8.     In response to Paragraph 8 of the First Amended Complaint, PUIG denies the allegations therein.

9.     In response to Paragraph 9 of the First Amended Complaint, PUIG denies the allegations therein.

10.     In response to Paragraph 10 of the First Amended Complaint, PUIG admits that he was in Los Angeles County on October 31, 2018. He denies all remaining allegations contained therein.

11.     In response to Paragraph 11 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

12.     In response to Paragraph 12 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

13.     In response to Paragraph 13 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

14.     In response to Paragraph 14 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

15.     In response to Paragraph 15 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

16.     In response to Paragraph 16 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

17.     In response to Paragraph 17 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

18.     In response to Paragraph 18 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

19.     In response to Paragraph 19 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

20.     In response to Paragraph 20 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

## ANSWER TO SECOND CAUSE OF ACTION

### Alleged Intentional Infliction of Emotional Distress

21.     In response to Paragraph 21 of the First Amended Complaint, PUIG incorporates by reference each and every admission, denial, and allegation contained in Paragraphs 1-20 contained herein.

22.     In response to Paragraph 22 of the First Amended Complaint, PUIG denies the allegations.

YASIEL PUIG'S ANSWER TO FAC AND COUNTERCLAIMS

23.     In response to Paragraph 23 of the First Amended Complaint, PUIG denies the allegations.

24.     In response to Paragraph 24 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

25.     In response to Paragraph 25 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

26.     In response to Paragraph 26 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

27.     In response to Paragraph 27 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

28.     In response to Paragraph 28 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

29.     In response to Paragraph 29 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

YASIEL PUIG'S ANSWER TO FAC AND COUNTERCLAIMS

## ANSWER TO THIRD CAUSE OF ACTION

### Alleged Negligence

30.     In response to Paragraph 30 of the First Amended Complaint, PUIG incorporates by reference each and every admission, denial, and allegation contained in Paragraphs 1-29 contained herein.

31.     In response to Paragraph 31 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

32.     In response to Paragraph 32 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

33.     In response to Paragraph 33 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

34.     In response to Paragraph 34 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

## ANSWER TO FOURTH CAUSE OF ACTION

### Alleged False Imprisonment

35.     In response to Paragraph 35 of the First Amended Complaint, PUIG incorporates by reference each and every admission, denial, and allegation contained in Paragraphs 1-34 contained herein.

36.     In response to Paragraph 36 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

37.     In response to Paragraph 37 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

38.     In response to Paragraph 38 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

39.     In response to Paragraph 39 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

40.     In response to Paragraph 40 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

41.     In response to Paragraph 41 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

42.     In response to Paragraph 42 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations

YASIEL PUIG'S ANSWER TO FAC AND COUNTERCLAIMS

contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

43.     In response to Paragraph 43 of the First Amended Complaint, PUIG denies the allegations that refer or relate to him. With respect to the remainder of the allegations contained therein, PUIG lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

The remainder of the First Amended Complaint contains Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought.

All allegations stated in the complaint that have not been specifically denied, that require a response, and that are not otherwise expressly admitted herein, are hereby expressly denied.

## AFFIRMATIVE DEFENSES

PUIG states the following affirmative and other defenses to the First Amended Complaint and reserves the right to raise additional affirmative defenses prior to or at the time of trial. Further, by alleging these defenses, PUIG is not in any way agreeing or conceding that he has the burden of proof or burden of persuasion that would otherwise rest with Plaintiff.

As a separate affirmative defense to each alleged claim for relief of the First Amended Complaint, PUIG alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1.     For a first and separate affirmative defense, PUIG alleges that: The First Amended Complaint fails to state facts sufficient to constitute a cause of action against PUIG.

### SECOND AFFIRMATIVE DEFENSE

2.     For a second and separate affirmative defense, PUIG alleges that: Plaintiff has failed to state a claim upon which relief may be granted.

7

1

### THIRD AFFIRMATIVE DEFENSE

2      3.     For a third and separate affirmative defense, PUIG alleges that: Plaintiff

3 consented to each and every one of Defendant's acts and or ratified his conduct as being

4 consensual.

5

### FOURTH AFFIRMATIVE DEFENSE

6      4.     For a fourth and separate affirmative defense, PUIG alleges that: Any

7 alleged tortious conduct by PUIG was induced by the Plaintiff's own conduct.

8

### FIFTH AFFIRMATIVE DEFENSE

9      5.     For a fifth and separate affirmative defense, PUIG alleges that: Any alleged

10 tortious conduct by PUIG was the result of a reasonable but mistaken belief that his

11 conduct was justified.

12

### SIXTH AFFIRMATIVE DEFENSE

13      6.     For a sixth and separate affirmative defense, PUIG alleges that: Plaintiff's

14 claim is barred by the doctrine of laches.

15

### SEVENTH AFFIRMATIVE DEFENSE

16      7.     For a seventh and separate affirmative defense, PUIG alleges that: Plaintiff's

17 claims are barred by the equitable doctrine of unclean hands.

18

### EIGHTH AFFIRMATIVE DEFENSE

19      8.     For an eighth and separate affirmative defense, PUIG alleges that: Plaintiff

20 has suffered no harm or damages as the result of the acts and events alleged.

21

### NINTH AFFIRMATIVE DEFENSE

22      9.     For a ninth and separate affirmative defense, PUIG alleges that: Plaintiff has

23 failed to mitigate her damages.

24

### TENTH AFFIRMATIVE DEFENSE

25      10.     For a tenth and separate affirmative defense, PUIG alleges that: At all times

26 relevant to this litigation, PUIG acted in good faith and did not directly, or indirectly,

27

28

perform any acts which would constitute the breach of any duty towards Plaintiff or violate any rights that Plaintiff possessed.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     For an eleventh and separate affirmative defense, PUIG alleges that: At all times relevant to this litigation, Plaintiff engaged in provocative acts, conduct, and/or words such that the conduct of PUIG relating to the Plaintiff was reasonable under the circumstances.

## TWELFTH AFFIRMATIVE DEFENSE

12.     For a twelfth and separate affirmative defense, PUIG alleges that: If any damages were sustained by Plaintiff, which PUIG denies, said damages were proximately caused by the negligence of Plaintiff and/or third parties other than PUIG and the liability of all responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     For a thirteenth and separate affirmative defense, PUIG alleges that: None of the alleged acts or omissions of PUIG were, if they occurred, a substantial factor in bringing about the alleged damages and losses alleged by Plaintiff and, therefore, were not a contributing cause, but instead, were superseded by the acts and/or omissions of Plaintiff and others which were independent, intervening, and proximate causes of the damages and losses alleged by Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     For a fourteenth and separate affirmative defense, PUIG alleges that: Plaintiff's First Amended Complaint is frivolous and made in bad faith, thereby entitling PUIG to all reasonable expenses incurred in the defense of this action, including

9

attorney's fees and costs, from both Plaintiff and Plaintiff's counsel, pursuant to Code of Civil Procedure section 128.5.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.    For a fifteenth and separate affirmative defense, PUIG alleges that: Defendant is not legally responsible for the acts and/or omissions of those additional defendants named in the First Amended Complaint as DOE defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.    For a sixteenth and separate affirmative defense, PUIG alleges that: Plaintiff claims are barred by Plaintiff's acts of fraud.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.    For a seventeenth and separate affirmative defense, PUIG alleges that: Defendant has not acted with malice, reckless indifference or fraud toward Plaintiff and, therefore, Defendant cannot be liable for punitive damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.    For an eighteenth and separate affirmative defense, PUIG reserves future affirmative defenses where PUIG presently has insufficient knowledge or information on which to form a belief as to whether he may have additional, as yet unstated defenses available. He accordingly reserves the right to assert additional defenses that are revealed by further investigation or discovery.

### COUNTERCLAIMS AGAINST PLAINTIFF JANE ROE

Defendant and Counter-Complainant YASIEL PUIG ("PUIG") brings these counterclaims against Plaintiff and Counter-Defendant JANE ROE as follows:

### NATURE OF ACTION

1.    PUIG brings these counterclaims against JANE ROE for defamation and slander relating to her false statements by JANE ROE about PUIG in two separate interviews with local and national reporters, both of which took place *before* she filed this lawsuit.

2.     PUIG is a talented professional baseball player in the prime of his career. On November 2, 2020, JANE ROE deliberately and intentionally broadcast malicious false statements about PUIG through a local news station, falsely claiming he sexually assaulted her in a crowded VIP section of the Staples Center after a Lakers Game. These malicious false statements have had a huge and negative impact on PUIG's livelihood, reputation, and career. PUIG is informed, believes, and on that basis alleges that he has been unable to acquire a contract with a Major League Baseball team because of JANE ROE's malicious false statements. He now seeks compensation for the harm JANE ROE has caused him.

## THE PARTIES

3.     PUIG was, at all times relevant to this litigation, a resident of Miami-Dade County, Florida.

4.     PUIG is informed, believes, and on that basis alleged that JANE ROE was, at all times relevant to this litigation, a resident of Los Angeles County, California.

## JURISDICTIONAL ALLEGATIONS

5.     This counterclaim is timely brought pursuant to Fed. Rule Civ. Proc. 13 and this court has supplemental jurisdiction over this counterclaim under 28 USC § 1367.

6.     Jurisdiction in this court exists under 28 U.S.C. § 1332, because PUIG is a citizen of Florida, while JANE ROE is a citizen of California, and the matter in controversy exceeds $75,000.  As set forth herein, JANE ROE's false and defamatory statements have caused PUIG economic harm of at least $10 million, subject to proof at trial.

## FACTUAL BACKGROUND

7.     PUIG is a professional baseball player.

8.     In 2013, he made his Major League debut with the Los Angeles Dodgers, playing his first game on June 3, 2013. During that season, he took the sport by storm. In his first month in the Major Leagues, he won both the National League Rookie of the

Month Award and the National League Player of the Month Award, the first time someone had won both awards in their first month in major league history. He finished that season batting .319 with 19 homeruns.

9.     In his six years in the Major Leagues, playing outfield for the Los Angeles Dodgers, Cincinnati Reds, and Cleveland Indians, he has a lifetime batting average of .277 with 132 home runs, 415 runs batted in, and 79 stolen bases. In 2019, he had an outstanding statistical season, batting .297, with 24 home runs and 19 stolen bases.

10.     PUIG has also participated in charitable endeavors off the field.

11.     Despite these accomplishments and his talents, PUIG has not been able to obtain a Major League contract for the 2021 season.

12.     PUIG is informed, believes, and on that basis alleges that the teams in Major League Baseball will not offer him a contract because of the malicious false statements made about him by JANE ROE.

**JANE ROE INITIATES A SEXUAL ENCOUNTER WITH PUIG**

13.     On October 31, 2018, PUIG attended a Lakers basketball game.

14.     JANE ROE was also at the game. At halftime and after the game concluded, PUIG went to the Chairman's Room, a private section of the Staples Center, together with many other fans, including JANE ROE.

15.     During and after the game, JANE ROE initiated communications with PUIG, both electronically and in person. She approached him, she messaged him on Instagram, sent him photos of herself, and sent him her phone number.

16.     In the Chairman's Room, JANE ROE approached PUIG's table, sat down, and engaged him in conversation, touching and flirting with him. She then invited him to a bathroom near the door of the Chairman's Room for a sexual encounter.

17.     PUIG agreed, went to the hall, and checked that the bathroom was empty. JANE ROE followed a few seconds later and they entered the bathroom together. In the

bathroom, they had consensual sex, which she initiated. After the encounter, PUIG and JANE ROE went back to the Chairman's Room.

18.     After October 31, 2018, and over the course of the next four months, JANE ROE continued to message PUIG by text message and Instagram.

19.     Although she now claims she was sexually assaulted, she did not make any such claims on the night in question, never made such claims to him in the months that followed, never contacted Staples Center security on that night or at any time thereafter, and never contacted the police on the night in question or any time thereafter. However, beginning in the summer of 2019, approximately eight months after the sexual encounter, she began demanding money from PUIG.

**JANE ROE'S MESSAGES WITH PUIG**

20.     On October 31, 2018, between 9:15 and 9:17 pm, JANE ROE sent PUIG four messages over Instagram, including two photos or videos of herself, a heart emoji, and her phone number.

21.     On October 31, 2018 and November 1, 2018, PUIG sent JANE ROE several text messages expressing an interest in seeing her again.  She responded, telling him the neighborhood she lived in and asking where PUIG was living.

22.     On November 1, 2018, PUIG texted her that he was at a hotel in Studio City and asked her to meet him.

23.     On November 2, 2018, he texted her again, stating that he was still at the hotel and proposing they get together.  She responded: "I [am] working it out!! I didn't forget about you[.]"

24.     They also messaged over Instagram.  On November 1, 2018, PUIG sent JANE ROE a message on Instagram saying "Hey," with a waving hand emoji.

25.     On November 3, 2018, JANE ROE sent PUIG an Instagram message with another heart emoji.

YASIEL PUIG'S ANSWER TO FAC AND COUNTERCLAIMS

26.     On November 21, 2018, PUIG messaged JANE ROE on Instagram, saying "Hey you forget about me[?]"

27.     On November 22, 2018, JANE ROE responded to PUIG on Instagram by "sharing her story" with him, sending him a photo or video of herself.

28.     On November 23, 2018, PUIG wrote to JANE ROE, "You [do] not have time for me," with a sad-face emoji.

29.     That same day, November 23, 2018, JANE ROE messaged PUIG again on Instagram, asking "When do you come back?"

30.     PUIG messaged her three more times on the December 6, 2018 ("Hey how you been"), February 1, 2019 ("Hola"), and February 9, 2019 ("Hey").

31.     On February 18, 2019, JANE ROE contacted PUIG via text message, saying "Where'd you go[?]"

32.     PUIG responded "Who is this[?]"

33.     JANE ROE identified herself in response, sending her name and two descriptive emojis.

34.     PUIG did not recognize her name and asked her "[ROE] from where[?]"

35.     Apparently dissatisfied with PUIG's response, JANE ROE did not respond.

36.     Since that time, the two have not exchanged any further messages.

### JANE ROE'S KTLA INTERVIEW

37.     On or about November 2, 2020, more than two years after the night of their encounter at Staples Center, JANE ROE contacted the television station KTLA, either on her own or through her attorney, and requested an interview. Later that day, she participated in a telephone interview with reporter Mary Beth McDade.

38.     During that interview, JANE ROE made the following statements referring to the night of October 31, 2018: "[PUIG] grabbed me and he was touching himself, which (*sic*) he pulled himself really close to me and wouldn't let me go . . .  I walked into the restroom and felt someone behind me, next thing I know the door was slammed. I

really had no way of getting out . . .  He was just saying, like, come on baby, like weird things like that. It was traumatic. It was very, very traumatic."

39.     JANE ROE's statements about PUIG and their encounter on October 31, 2018 were knowingly false and malicious.

40.     These statements were aired publicly on KTLA on November 2, 2020. On information and belief, hundreds of thousands of people saw that broadcast. As of May 6, 2021, that report remains posted to the internet at: https://ktla.com/news/local-news/woman-accuses-former-dodgers-player-yasiel-puig-of-sexual-assault/

**JANE ROE'S ESPN INTERVIEW**

41.     PUIG is informed, believes, and on that basis alleges that after the KTLA interview, and before March 11, 2021 (when the ESPN story referenced below appeared), JANE ROE met with reporters for ESPN.

42.     PUIG is informed, believes, and on that basis alleges that JANE ROE made the following statements to ESPN: that PUIG physically restrained JANE ROE in the bathroom of the Chairman's Room, that he did so by pinning her with his forearm, that he tried to take her clothes off, that he groped her, that he exposed himself to her and that he masturbated in front of her.

43.     On Thursday, March 11, 2021, ESPN published an article entitled: "Sexual assault allegations cloud Yasiel Puig's future in MLB" (available at: https://www.espn.com/espn/print?id=31044776 )

44.     JANE ROE's statements about PUIG and their encounter on October 31, 2018 were knowingly false and malicious.

**THE DAMAGE CAUSED BY JANE ROE'S FALSE STATEMENTS**

45.     Prior to JANE ROE's initial interview with KTLA, MLB.com reported that PUIG was ready to play and drawing interest by Major League Baseball teams. This report is available online at https://www.mlb.com/news/yasiel-puig-ready-to-play-2021-

1 | mlb-season. MLB.com further reported that "Multiple club executives believe that Puig
2 | will land a Major League contract this winter, . . .."

3 |      46.    However, after JANE ROE's interview with KTLA and ESPN, that interest
4 | has evaporated and PUIG did not receive any contract offers from any of the Major
5 | League baseball teams.

6 |      47.    PUIG is informed, believes, and on that basis alleges that if not for JANE
7 | ROE's false and defamatory public statements, PUIG would be under contract with a
8 | Major League Baseball team, earning a multi-million dollar salary, earning endorsement
9 | income, and earning income from personal appearances and speaking engagements.

10 |      48.    JANE ROE's false and defamatory statements have caused PUIG monetary
11 | harm equal to his lost income that he would have earned from playing baseball,
12 | endorsements, and personal appearances but for JANE ROE's false and defamatory
13 | statements.  This amount is greater than the jurisdictional threshold 28 U.S.C. § 1332.
14 | Based on PUIG's prior earnings and the likely contract he would have received, his
15 | monetary harm is at least $10 million.

16 |      49.    In sum, JANE ROE's widely-published but untruthful statements have
17 | brought PUIG's career to a standstill and caused him significant monetary harm.

18 | **FIRST CLAIM FOR RELIEF**
19 | **(Defamation Per Se)**

20 |      50.    PUIG incorporates each and every preceding and succeeding paragraph of
21 | his counterclaims as if fully set forth herein.

22 |      51.    PUIG is informed, believes, and on that basis alleges that JANE ROE made
23 | one or more of the following false statements to Mary Beth McDade, KTLA producers
24 | and/or ESPN reporters:

25 |      a.    PUIG grabbed JANE ROE while touching himself on October 31,
26 | 2018, as stated to KTLA;

27 |
28 |

b. PUIG pulled JANE ROE close to him and would not let ROE go on October 31, 2018, as stated to KTLA;

c. PUIG slammed the bathroom door at the Staples Center behind JANE ROE and prevented her from exiting on October 31, 2018, as stated to KTLA;

d. PUIG physically restrained JANE ROE in the bathroom of the Chairman's Room on October 31, 2018, as stated to ESPN;

e. PUIG non-consensually tried to take JANE ROE's clothes off in the bathroom of the Chairman's Room on October 31, 2018, as stated to ESPN;

f. PUIG non-consensually groped JANE ROE in the bathroom of the Chairman's Room on October 31, 2018, as stated to ESPN;

g. PUIG non-consensually exposed himself to JANE ROE in the bathroom of the Chairman's Room on October 31, 2018, as stated to ESPN;

h. PUIG non-consensually masturbated in front of JANE ROE in the bathroom of the Chairman's Room on October 31, 2018, as stated to ESPN; and

i. PUIG attacked and/or sexually assaulted JANE ROE on October 31, 2018 or any other time, as stated to both KTLA and ESPN.

52. PUIG is informed, believes, and on that basis alleges that Mary Beth McDade, KTLA producers and/or ESPN reporters understood that JANE ROE's statements were about PUIG:

53. PUIG is informed, believes, and on that basis alleges that Mary Beth McDade, KTLA producers and/or ESPN reporters understood that JANE ROE was accusing PUIG of committing a crime involving sexual assault.

54. JANE ROE's statements were false.

55. JANE ROE knew that the statements were false when she made them.

56. PUIG has suffered harm to his reputation, profession, and occupation.

57. JANE ROE made the false statements with actual malice.

58. JANE ROE's statements are not privileged.

59.   JANE ROE's false statements were a substantial factor in causing PUIG to suffer harm, including loss of income and loss of reputation, as well as hatred, contempt, and ridicule.

60.   PUIG seeks recovery of compensatory damages against JANE ROE for loss of income, loss wages, loss of reputation, shame, mortification, and expenses, in an amount to be determined at trial.

61.   JANE ROE's conduct alleged herein, including her knowingly false and defamatory statements that PUIG sexually assaulted her and that he committed a crime, was intentional, willful, malicious, despicable, made in bad faith, with ill will towards PUIG, and in conscious disregard for PUIG's rights. Therefore, PUIG seeks recovery of punitive damages against JANE ROE in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**

**(Defamation Per Quod)**

62.   PUIG incorporates each and every preceding and succeeding paragraph of his counter-claims as if fully set forth herein.

63.   PUIG is informed, believes, and on that basis alleges that JANE ROE made one or more of the following false statements to Mary Beth McDade, KTLA producers and/or ESPN reporters:

a.   PUIG grabbed JANE ROE while touching himself on October 31, 2018, as stated to KTLA;

b.   PUIG pulled JANE ROE close to him and would not let ROE go on October 31, 2018, as stated to KTLA;

c.   PUIG slammed the bathroom door at the Staples Center behind JANE ROE and prevented her from exiting on October 31, 2018, as stated to KTLA;

d.   PUIG physically restrained JANE ROE in the bathroom of the Chairman's Room on October 31, 2018, as stated to ESPN;

e.     PUIG non-consensually tried to take JANE ROE's clothes off in the bathroom of the Chairman's Room on October 31, 2018, as stated to ESPN;

f.     PUIG non-consensually groped JANE ROE in the bathroom of the Chairman's Room on October 31, 2018, as stated to ESPN;

g.     PUIG non-consensually exposed himself to JANE ROE in the bathroom of the Chairman's Room on October 31, 2018, as stated to ESPN;

h.     PUIG non-consensually masturbated in front of JANE ROE in the bathroom of the Chairman's Room on October 31, 2018, as stated to ESPN; and

i.     PUIG attacked and/or sexually assaulted JANE ROE on October 31, 2018 or any other time, as stated to both KTLA and ESPN.

64.     PUIG is informed, believes, and on that basis alleges that Mary Beth McDade, KTLA producers and/or ESPN reporters understood that JANE ROE's statements were about PUIG:

65.     PUIG is informed, believes, and on that basis alleges that Mary Beth McDade, KTLA producers and/or ESPN reporters understood that JANE ROE was accusing PUIG of committing a crime involving sexual assault.

66.     JANE ROE's statements were false.

67.     JANE ROE knew that the statements were false when she made them.

68.     PUIG has suffered harm to his reputation, profession, and occupation.

69.     JANE ROE made the false statements with actual malice.

70.     JANE ROE's statements are not privileged.

71.     JANE ROE's false statements were a substantial factor in causing PUIG to suffer harm, including loss of income and loss of reputation, as well as hatred, contempt, and ridicule.

72.     PUIG seeks to recover compensatory damages against JANE ROE for loss of income, loss wages, loss of reputation, shame, mortification, and expenses, in an amount to be determined at trial.

73.     JANE ROE's conduct alleged herein, including her knowingly false and defamatory statements that PUIG sexually assaulted her and that he committed a crime, was intentional, willful, malicious, despicable, made in bad faith, with ill will towards PUIG, and in conscious disregard for PUIG's rights. Therefore, PUIG seeks recovery of punitive damages against JANE ROE in an amount to be proven at trial.

## **PRAYER**

WHEREFORE, Defendant and Counter-Complainant YASIEL PUIG prays for judgment against Plaintiff JANE ROE as follows:

1.     That JANE ROE take nothing from her First Amended Complaint;

2.     That the Court enter judgment in favor of YASIEL PUIG and against JANE ROE on each and every claim in JANE ROE's First Amended Complaint;

3.     That the Court enter judgment in favor of YASIEL PUIG and against JANE ROE on each and every claim in YASIEL PUIG's Counter-Complaint;

4.     That YASIEL PUIG be awarded damages against JANE ROE for lost wages in an amount according to proof at trial;

5.     That YASIEL PUIG be awarded damages against JANE ROE and Counter-Defendant for lost endorsement revenue in an amount according to proof at trial;

6.     That YASIEL PUIG be awarded damages for lost future public appearances and speaking engagements in an amount according to proof at trial;

7.     That YASIEL PUIG be awarded punitive damages against Plaintiff and Counter-Defendant in an amount to be proven at trial for her willful, wanton, fraudulent, malicious and despicable conduct;

8.     That YASIEL PUIG be awarded costs of suit; and

YASIEL PUIG'S ANSWER TO FAC AND COUNTERCLAIMS

1        9.    That YASIEL PUIG be awarded such other relief as this Court deems fair

2   and just.

3   Dated:        May 28, 2021              WERKSMAN, JACKSON, & QUINN LLP

4

5                                           By: /s/ *Alan Jackson*
                                            _____
6                                              ALAN JACKSON
                                               Attorneys for Defendant and Counter-
7                                              Complainant YASIEL PUIG

8   Dated:        May 28, 2021              DAILY ALJIAN LLP

9

10                                          By: /s/ *Reed Aljian*
                                            _____
11                                             Reed Aljian
                                               Attorneys for Defendant and Counter-
12                                             Complainant YASIEL PUIG

13   / / /

14   / / /

15   / / /

16

17

18

19

20

21

22

23

24

25

26

27

28

YASIEL PUIG'S ANSWER TO FAC AND COUNTERCLAIMS

1

## **DEMAND FOR JURY TRIAL**

2    Defendant and Counter-Complainant YASIEL PUIG hereby demands a trial by

3 jury on all issues so triable pursuant to Federal Rules of Civil Procedure, Rule 38, and

4 Central District of California Local Rules, Rule 38-1.

5 Dated:      May 28, 2021            WERKSMAN, JACKSON, & QUINN LLP

6

7                                    By: /s/ *Alan Jackson*
                                        _____
8                                       ALAN JACKSON
                                        Attorneys for Defendant and Counter-
9                                       Complainant YASIEL PUIG

10 Dated:     May 28, 2021            DAILY ALJIAN LLP

11

12

13                                   By: /s/ *Reed Aljian*
                                        _____
14                                      Reed Aljian
                                        Attorneys for Defendant and Counter-
15                                      Complainant YASIEL PUIG

16

17

18

19

20

21

22

23

24

25

26

27

28

YASIEL PUIG'S ANSWER TO FAC AND COUNTERCLAIMS

1

## PROOF OF SERVICE

2

UNITED STATES DISTRICT COURT

3

CENTRAL DISTRICT OF CALIFORNIA

4

**CASE NAME:**       *JANE ROE v. YASIEL PUIG; and DOES 1-10, inclusive*

5

6       I am employed in the City of Newport Beach, County of Orange, State of
California.  I am over the age of 18 years and not a party to the within action.  My

7       business address is 100 Bayview Circle, Suite 5500, Newport Beach, California 92660.
On **May 28, 2021**, I caused the foregoing document(s) to be served on:

8

9       **DEFENDANT YASIEL PUIG'S ANSWER TO PLAINTIFF JANE ROE'S FIRST
AMENDED COMPLAINT AND COUNTERCLAIM AGAINST PLAINTIFF**

10       **JANE ROE FOR DAMAGES; DEMAND FOR JURY TRIAL**

11

on the following parties:

12

13       **SEE ATTACHED SERVICE LIST**

14       [X]   (BY CM/ECF ELECTRONIC FILING) I caused such document(s) listed

15              above to be served through this Court's electronic transmission facilities via
              the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or

16              counsel who are determined this date to be registered CM/ECF Users set
              forth in the service list obtained from this Court on the Electronic Mail

17              Notice List.

18

19       [X]   (FEDERAL)  I declare that I am employed in the office of a member of the bar of
              this court, at whose direction this service was made.

20

21       Executed on **May 28, 2021**, at Newport Beach, California.

22

23                                          */s/* Courtney Dorner

24                                          Courtney Dorner

25

26

27

28

YASIEL PUIG'S ANSWER TO FAC AND COUNTERCLAIMS

1

## SERVICE LIST

2

3    Ashley Taylor Rayfield
        *trayfield@manlystewart.com*
4    Courtney Pauline Pendry
        *cpendry@manlystewart.com*
5    Jane Elizabeth Reilley
        *jreilley@manlystewart.com*
6
     John C Manly
7        *jmanly@manlystewart.com*
8    MANLY STEWART AND FINAlDI
     19100 Von Karman Avenue, Suite 800
9    Irvine, CA 92612
10       *Attorneys for Plaintiff, Jane Roe*

11   Alan J. Jackson
        *ajackson@werksmanjackson.com*
12   Caleb E. Mason
        *cmason@werksmanjackson.com*
13
     Dennis Shawn Burkley
14       ds*burkley@werksmanjackson.com*
15   WERKSMAN JACKSON & QUINN LLP
     888 W 6th St, Fourth Floor
16   Los Angeles, CA 90017
17       *Attorneys for Defendant and Counter-Complainant, Yasiel Puig*

18

19

20

21

22

23

24

25

26

27

28

YASIEL PUIG'S ANSWER TO FAC AND COUNTERCLAIMS