ALAN JACKSON (State Bar No. 173647)
CALEB MASON (State Bar No. 246653)
WERKSMAN JACKSON & QUINN, LLP
888 W. 6th St. Fourth Floor
Los Angeles, CA 90017
213-688-0460
ajackson@werksmanjackson.com
cmason@werksmanjackson.com

REED ALJIAN (State Bar No. 211010)
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA  92660
Telephone:  949.861.2524
ra@dallp.com

Attorneys for Defendant and
Counter-Complainant YASIEL PUIG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JANE ROE,<br><br>    Plaintiff,<br><br>  v.<br><br>YASIEL PUIG; and DOES 1-10, inclusive,<br><br>    Defendants. | CASE NO. 2:20-cv-11064-FMO-MRW<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANT AND COUNTER-COMPLAINANT'S NOTICE OF *EX PARTE* APPLICATION AND APPLICATION FOR ORDER SHORTING TIME RE MOTION FOR PROTECTIVE ORDER AND FILING UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:        July 7, 2021<br>Time:       9:30 a.m.<br>Courtroom:   550<br><br>FAC Filed:   Dec. 30, 2020<br>Trial date:  May 3, 2022 |

# NOTICE OF APPLICATION AND APPLICATION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on July 7, 2021, at 9:30 a.m., in Courtroom 550 of the above-entitled Court, Defendant and Counter-Complainant Yasiel Puig ("Puig") will, and hereby does, apply *ex parte* for an Order as follows: (1) setting a hearing on a Joint Motion Re Protective Order (the "Motion") for Wednesday, July 14, 2021 at 9:30 a.m. in this Court, (2) granting leave from the timing requirements under Local Rule 37-1 and 37-2.1; (3) granting Puig leave to file the Motion under seal, as well as Ordering Plaintiff to similarly file any briefing and documents in support relating to the Motions under seal, and (4) precluding disclosure of the information absent Order of this Court permitting disclosure.

With respect to the timing requirements, Puig requests as follows: Puig shall provide to Plaintiff his position statement in support of a motion for protective order (the "Motion") by July 8, 2021, at 5:00 p.m.; Plaintiff shall provide Puig her respective position statement regarding by July 9, 2021, at 5:00 p.m.; and Puig shall file the Joint Motion under seal by July 9, 2021, at 11:59 p.m.

This *ex parte* application is brought pursuant to Federal Rules of Civil Procedure, Rules 26 and 65, and Local Rule 7-19.

Pursuant to the Local Rule 7-19, *et seq.*, Puig met and conferred with Plaintiff before filing this *ex parte* application and advised Plaintiff of the date and substance of the request. It is Puig's understanding that Plaintiff opposes the application and the Motions at issue.

/ / /

/ / /

/ / /

The name, address, telephone number, and email addresses of Plaintiff counsel are provided in the attached memorandum of points and authorities.

Dated:  July 6, 2021            WERKSMAN, JACKSON, & QUINN LLP

By: /s/ Alan Jackson
ALAN JACKSON
Attorneys for Defendant and Counter-Complainant YASIEL PUIG

Dated:  July 6, 2021            DAILY ALJIAN LLP

By: /s/ Reed Aljian
Reed Aljian
Attorneys for Defendant and Counter-Complainant YASIEL PUIG

# MEMORANDUM OF POINTS & AUTHORITIES

Plaintiff has indicated an intent to seek production of and disclose sensitive personal information relating to Puig. The information at issue are records and information personal to Puig that Puig contends are subject to his Constitutional right of privacy under Article I, Section 1, of the California Constitution. In an effort to resolve the dispute, Puig proposed the parties enter a stipulated protective order, using this Court's model form. The proposed protective order would not prejudice Plaintiff in any way, but would offer Puig protections regarding his personal information. Plaintiff agreed to a protective order governing **her** records (including her name, her identifying information, and her medical records). However, Plaintiff refused to offer Puig the same protections relating to the personal information at issue herein. Puig met and conferred with Plaintiff in an effort to resolve the dispute informally. Those efforts were unsuccessful. Therefore, Puig is forced to seek relief of Court. In light of Plaintiff's stated intent to disclose the information at issue immediately (***as early as tomorrow***) and before a joint motion can be heard, Puig is compelled to apply *ex parte*.

Given the nature of the records and information at issue, Puig seeks an order permitting the filing of the motion for protective order under seal to protect his privacy rights – otherwise, the motion would defeat the purpose of the intended relief. Puig also requests an order precluding Plaintiff from disclosing such information before the matter may be heard and adjudicated and to allow the matter to be heard on shortened notice. This is to prevent the purpose of the intended relief from being defeated before the matter can be heard, while allowing the matter to be resolved as soon as practicable.

For those reasons, and the reasons stated herein, Puig respectfully requests that the application be granted.

## I.     BRIEF RELEVANT FACTUAL BACKGROUND

On June 25, 2021, after being unable to resolve disputes regarding Plaintiff's responses to Puig's First Set of Request for Production of Documents ("RFPs"), including

via multiple meet and confer efforts and numerous written correspondence, Puig prepared and delivered to Plaintiff a Joint Stipulation and supporting records and requested Plaintiff's inserts for the stipulation. Declaration of Reed Aljian ("Aljian Decl."), ¶2. During those written and oral discussions, Plaintiff did not include or make reference to the information at issue in this motion during those discussions. *Id*., ¶3.

However, on Friday, July 2, 2021, the date before a four-day weekend, Plaintiff provided her inserts to the proposed joint stipulation, as well as a declaration by her counsel in support of her position statements. *Id*., ¶4. The inserts and declaration contained new information that, if filed, would violate Puig's Constitutional right of privacy. *Id*. It appears that Plaintiff also intends on disclosing such records and information in other soon to be filed documents, including in support of or in connection with an anti-SLAPP motion that she represents she will file with the Court on July 8, 2021. *Id*., ¶5.

## II. MEET AND CONFER

On July 5, 2021, Puig emailed Plaintiff regarding the proposed stipulated protective order at issue in this application. *Id*., ¶6. Plaintiff did not provide a written response. *Id*. At 1 p.m. on July 6, 2021, the parties participated in a telephonic meet and confer regarding (among other topics) the proposed stipulated protective order at issue. *Id*., ¶7. Puig proposed that the parties enter into a protective order using this Court's model form and providing that the records and related information at issue herein be designated "Confidential." *Id*. Plaintiff refused. *Id*. At that time, Puig advised Plaintiff of his intent to apply *ex parte*. *Id*. Plaintiff indicated she would oppose the relief requested. *Id*.

Later than afternoon, Puig contacted the Court by email per Rule 1 of the Court's Procedures seeking an informal conference regarding the discovery dispute and copied Plaintiff's counsel on that email, believing the Court may be inclined to schedule such a hearing to help resolve the dispute. *Id*., ¶8. In that email, Plaintiff also provided notice of the *ex parte* to Plaintiff's counsel (and the Court), including the time and date of the hearing. *Id*.

## III. COUNSEL CONTACT INFORMATION

| COUNSEL | PARTY |
|---|---|
| John C. Manly<br>Vince W. Finaldi<br>Taylor Rayfield<br>Courtney Pendry<br>MANLY, STEWART & FINALDI<br>19100 Von Karman Avenue, Suite 800<br>Irvine, CA 92612<br>Phone: (949) 252-9990<br>jmanly@manlystewart.com<br>vfinaldi@manlystewart.com<br>trayfield@manlystewart.com<br>cpendry@manlystewart.com | Attorneys for Jane Roe<br>Plaintiff and Counter-Defendant |

## IV. DISCUSSION

To justify *ex parte* relief, a moving party must generally make two showings: "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Engineering Co. v. Continental Gas. Co.*, 883 F.Supp.488, 492 (C.D. Cal. 1995), citing to *United States v. Nutri–Cology, Inc.*, 982 F.2d 394, 397 (9th Cir.1992) [To obtain a preliminary injunction, "the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips in its favor."]; *Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1376 (9th Cir.1985) ["These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases."]; *see also In re Intermagentics America, Inc.* 101 B.R. 191, 193 (C.D. Cal. 1989) ["Hybrid ex parte applications" authorized for routine orders, e.g. for shortened time.]. The facts and circumstances satisfy that burden.

### A. Puig Would be Irreparably Prejudiced Absent *Ex Parte* Relief

On July 2, 2021, Plaintiff represented she intended to cause the information at issue to filed with the Court in support of her position statements relating to the parties' Joint Stipulation re Plaintiff's responses to Puig's RFPs. Plaintiff has also represented that she will file an anti-SLAPP motion seeking to challenge Puig's counter-claims for defamation on July 8, 2021. Based upon the content of her position statement provided on July 2, 2021, Puig anticipates that Plaintiff will also seek to disclose the information at issue herein in support of that anti-SLAPP motion.

Puig contends that the information at issue, if disclosed, would violate his Constitutional right of privacy and would cause him irreparable harm, embarrassment, oppression, or undue burden or expense. Given the nature of the confidential information, Puig cannot disclose the specifics herein, as disclosure would otherwise render his own motion moot. Further, Puig would be irreparably prejudiced if forced to proceed on a regularly noticed motion, subject to the timing requirements of Local Rule 37 and would irreparably prejudiced absent an Order from the Court precluding Plaintiff's anticipated disclosure of the information prior to the Motions being heard and decided on its merits. This is because Plaintiff has explained she intends to disclose it immediately. Simply, if the information is disclosed in the interim (before the Court can consider the issue on the merits), Plaintiff's efforts to prematurely disclose the information would render the Motion entirely moot.

### B. Puig is Without Fault with Respect to the Need for *Ex Parte* Relief.

On July 2, 2021, Plaintiff disclosed, for the first time, that she intended to disclose to the Court the information at issue. Moreover, it was only a few days earlier that Plaintiff indicated her alleged possession of the information at issue. Puig immediately contacted Plaintiff in writing regarding a proposed protective order and immediately requested a telephonical meet and confer regarding the proposed stipulated protective order governing the records and information at issue. The telephonic meet and confer took place on July 6,

2021, at 1:00 p.m. During that call, Plaintiff refused to include the information at issue within the scope of the proposed protective order. As such, Puig has taken all steps to seek to avoid the need for *ex parte* relief and did so immediately upon becoming aware of the potential issue. Unfortunately, it was not until today, July 6, 2021, that Plaintiff formally refused the proposed protective order. Therefore, Puig is not at fault for being forced to file this *ex parte* application.

## V. CONCLUSION

For the foregoing reasons, Puig respectfully that the *ex parte* application be granted.

Dated: July 6, 2021          WERKSMAN, JACKSON, & QUINN LLP

By: /s/ Alan Jackson
ALAN JACKSON
Attorneys for Defendant and Counter-Complainant YASIEL PUIG

Dated: July 6, 2021          DAILY ALJIAN LLP

By: /s/ Reed Aljian
Reed Aljian
Attorneys for Defendant and Counter-Complainant YASIEL PUIG