JOHN C. MANLY (State Bar No. 149080)
jmanly@manlystewart.com
TAYLOR RAYFIELD (State Bar No. 272300)
trayfield@manlystewart.com
COURTNEY P. PENDRY (State Bar No. 327382)
cpendry@manlystewart.com
**MANLY STEWART FINALDI**
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone: (949) 252-9990
Facsimile: (949) 252-9991

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JANE ROE,<br><br>         Plaintiff,<br><br>     v.<br><br>YASIEL PUIG, and DOES 1-10, inclusive,<br><br>         Defendant. | Case No. 2:20-cv-11064-FMO-MRW<br><br>**DECLARATION OF TAYLOR RAYFIELD SUBMITTED IN OPPOSITION TO DEFENDANT'S EX PARTE**<br><br>Date:   July 7, 2021<br>Time:  3:00pm<br><br>Judge: Hon. Michael R. Wilner<br><br>Trial Date:       May 3, 2022 |

DECLARATION OF TAYLOR RAYFIELD SUBMITTED IN OPPOSITION TO DEFENDANT'S EX PARTE

MANLY STEWART FINALDI
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone (949) 252-9990

DECLARATION OF TAYLOR RAYFIELD

I, Taylor Rayfield, declare as follows:

1. I am a partner with Manly Stewart Finaldi, attorneys of record for Plaintiff. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein. I make this declaration based in support of Declaration of Taylor Rayfield Submitted in Opposition to Defendant's Ex Parte.

2. I am aware that the Court has set a hearing for 3pm today. I did not receive the moving papers until 10pm last night, and had other meetings scheduled for this morning. While I am prepared to state the following on the record at 3pm today, I felt it was important for me to address what was submitted to the Court.

3. Mr. Alijian never once suggested a protective order. In fact I was the one who routinely made reference that I had been working on a protective order with the previous counsel and no agreement was ever reached because then they withdrew as counsel. This was mentioned because I was in possession of Plaintiff's medical records, and was not going to produce them until there was an agreement that they would not be shared publicly and they would be subject to a confidentiality order. Counsel never suggested a protective order. Then I went onto this Court's website and downloaded the model protective order, made some small alterations to it, and sent a redlined version to Counsel for his approval. I never heard anything in response.

4. During this time, Counsel served me with a Joint Discovery Dispute on June 25, 2021. Counsel knew that under the rules I was required to provide a response in 7 days, which put the due date as July 1, 2021. To suggest that I did anything untoward by providing a response on the Friday before a Holiday Weekend is not well taken, as Counsel had control over the timing but chose to still serve me with the discovery dispute on June 25, 2021. In fact, I asked if Counsel would agree to an extension as we were currently working on our supplemental briefing that was

1
DECLARATION OF TAYLOR RAYFIELD SUBMITTED IN OPPOSITION TO DEFENDANT'S EX PARTE

to be filed in this Court; Plaintiff's motions regarding the amended complaint, which we met and conferred on June 25, 2021, are due 7/8; we are flying to North Dakota for a deposition on 7/1; and there is an upcoming holiday in between.  I therefore asked for an extension until 7/15.  Counsel refused to grant the extension unless I agreed to extend the discovery cutoff to December 17, 2021, expert designation until December 22, 2021, Rebuttal on January 21, 2022, and expert discovery cutoff to February 25, 2022.

5. I was not agreeable to the extensions so we buckled down and got Counsel our responses to the Joint Statement on July 1.  As part of our responses I attached a document that Counsel now takes issue with.  That was then when Counsel responded to my request for a protective order because now it affects his client.  I requested that Plaintiff's medical records and any financial records should be pursuant to the protective order.  I also requested that any documents that contain identifying information of Plaintiff be redacted if they were to be produced publicly because of the Honorable Olguin's ruling that Plaintiff is allowed to proceed as a Doe.  Now Defendant is seeking to extend that protective order to other categories of documents.  I told Counsel that I was agreeable to the redaction of any information in a document that would show Defendant's phone number, address, or any other personal identifying information like SSN, etc.  That was not agreeable to Defendant and now they are seeking ex parte relief.

6. The only reason for this ex parte is because damaging documents have come to light regarding Defendant and now they are seeking to protect this document from disclosure.  Just because a document is damaging does not mean that good cause exists to place that document under a protective order.

7. Further, Defendant's requested briefing schedule is very unfair and would cause prejudice as Plaintiff is currently working on her motions to dismiss which are due July 8, 2021.  If the Court is willing to grant Defendant a shortened briefing schedule, Plaintiff would simply ask that they have until Monday to file any

response.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 7th day of July, 2021, at Irvine, California.

/s/ Taylor Rayfield
Taylor Rayfield

CERTIFICATE OF SERVICE
*Jane Roe v. Yasiel Puig et al.*
Case No.: 2:20-cv-11064-FMO-MRW

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

On July 7, 2021, I served a true copy of **DECLARATION OF TAYLOR RAYFIELD SUBMITTED IN OPPOSITION TO DEFENDANT'S EX PARTE**

[ ] By personally delivering it to the persons(s) indicated below in the manner as provided in FRCivP5(B)

[ ] By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the parties indicated on the attached service list;

[X] By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet;

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on **July 7, 2021,** at Irvine, California.

/s/Kathy Frederiksen

## SERVICE LIST

**Alan J Jackson**
**Caleb E Mason**
Werksman Jackson and Quinn LLP
888 West 6th Street 4th Floor
Los Angeles, CA 90017
213-688-0460
Fax: 213-624-1942
Email: ajackson@werksmanjackson.com
cmason@werksmanjackson.com
*Attorneys for Defendant Yasiel Puig*

**Reed T Aljian**
Daily Aljian LLP
100 Bayview Circle
Suite 5500
Newport Beach, CA 92660
949-861-2524
Fax: 949-269-6364
Email: ra@dallp.com
*Attorneys for Defendant Yasiel Puig*

5
DECLARATION OF TAYLOR RAYFIELD SUBMITTED IN OPPOSITION TO DEFENDANT'S EX PARTE