ALAN JACKSON (State Bar No. 173647)
CALEB MASON (State Bar No. 246653)
WERKSMAN JACKSON & QUINN, LLP
888 W. 6th St. Fourth Floor
Los Angeles, CA 90017
213-688-0460
ajackson@werksmanjackson.com
cmason@werksmanjackson.com

REED ALJIAN (State Bar No . 211010)
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA  92660
Telephone:  949.861.2524
ra@dallp.com

Attorneys for Defendant and
Counter-Complainant YASIEL PUIG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| JANE ROE,<br><br>    Plaintiff,<br><br>  v.<br><br>YASIEL PUIG; and DOES 1-10, inclusive,<br><br>    Defendants. | CASE NO. 2:20-cv-11064-FMO-MRW<br>**DISCOVERY MATTER**<br>**FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED JULY 7, 2021**<br>**DEFENDANT AND COUNTER-COMPLAINANT YASIEL PUIG'S SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR PROTECTIVE ORDER, SUBMITTED PER ORDER OF THE COURT**<br><br>FAC Filed:   Dec. 30, 2020<br>Trial date:    May 3, 2022 |

PUIG'S SUPPLEMENTAL BRIEFING ISO REQUEST FOR PROTECTIVE ORDER

## MEMORANDUM OF POINTS & AUTHORITIES

Pursuant to the Court's Order dated July 7, 2021, which granted Defendant leave to file portions under seal, and Rule 26(c) of the Federal Rules of Civil Procedure, Defendant and Counter-Complainant Yasiel Puig ("Defendant") hereby submits the following supplemental brief in support of his request for a protective order.

### I. INTRODUCTION

The parties have agreed, generally, to enter a [proposed] stipulated protective order. The parties have agreed to use this Court's Model Form. The disagreement that leads to Defendant's Motion for Protective Order is discrete – Plaintiff does not agree to presumptively designate as confidential any documents and testimony relating to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Pursuant to Rule 26, good cause exists to enter a protective order designating information and tangible things ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ "confidential." The proposed protective order is necessary to protect Defendant from, among other things, embarrassment, undue burden, expense, and irreparable personal and financial harm. The disclosure of any testimony or documents relating to this category of information will violate Defendant's Constitutional right of privacy under Article I, Section 1, of the California Constitution. The proposed protective order does not prejudice Plaintiff in any material way. Any document or testimony designated confidential may be used during the course of litigation and at trial (if deemed admissible, which is not likely). Further, Plaintiff and her counsel have a documented history of making extra-judicial statements regarding Defendant (including live interviews, press releases, etc.) and Plaintiff's counsel has threatened to use the document in motion practice. A protective

1

PUIG'S SUPPLEMENTAL BRIEFING ISO REQUEST FOR PROTECTIVE ORDER

order is not only warranted, but it is necessary to prevent disclosure of the information at issue and to prevent the irreparable harm that would be caused by that disclosure.

## II.     RELEVANT FACTUAL BACKGROUND

### A.     The Claims, Defenses and Counterclaims

On October 29, 2020, Plaintiff filed her complaint against Defendant alleging (1) assault and battery; (2) intentional infliction of emotional distress; (3) negligence; and (4) false imprisonment. (ECF No. 1-1.) Plaintiff filed a First Amended Complaint on December 30, 2020. (ECF No. 19.) Plaintiff essentially alleges Defendant sexually assaulted her in a bathroom at the Staples Center on October 31, 2018, the night of a Lakers game.

On May 28, 2021, Defendant filed an Answer denying all the allegations and explaining that they had a consensual sexual encounter. (ECF No. 62.) Defendant also filed counterclaims against Plaintiff for (1) defamation per se; and (2) defamation per quod. (*Id*.) On June 17, 2021, Defendant filed a First Amended Answer and Counterclaim ("FAA"). (ECF No. 67.) The alleged defamatory statements referenced in the FAA are as follows:

- Plaintiff falsely stated in an interview that Defendant sexually assaulted her;
- Plaintiff's counsel of record falsely stated in an interview that she had text messages proving Defendant sexually assaulted Plaintiff; and
- Plaintiff's counsel of record falsely stated in an interview that she had text messages wherein PUIG admitted "something happened," (which, in the context of the interview, was a representation Defendant allegedly admitted in a text message that he sexually assaulted Plaintiff).

(ECF No. 67, ¶¶55, 68.)

### B.     The Protective Order

On June 29, 2021, Plaintiff produced ▮▮▮▮▮▮▮▮. (Declaration of Reed Aljian ("Aljian Decl."), ¶ 9.) On July 2, 2021, Plaintiff made reference to ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮

2
PUIG'S SUPPLEMENTAL BRIEFING ISO REQUEST FOR PROTECTIVE ORDER

1 ██████████████████████████████████. (*Id.*, ¶ 12.) As a result, Defendant has not
2 filed that joint motion out of confidentiality and privacy concerns. (*Id.*)
3     On July 1, 2021, Plaintiff had proposed that the parties enter of a protective order
4 and sent Defendant a redline in Word version of the proposed order using the Court's model
5 form. (*Id.*, ¶ 11.) So, on July 5, 2021, Defense counsel offered to agree to enter the proposed
6 protective order, subject to an agreement to presumptively designate as confidential the
7 information at issue herein (albeit slightly broader that what is being requested herein),
8 among other categories of information. (*Id.*, ¶ 13.) Plaintiff did not respond in writing. (*Id.*)
9     On July 6, 2021, the parties participated in a meet and confer conference call to
10 discuss, among other topics, the proposed protective order. (*Id.*, ¶ 14.). Plaintiff did not
11 agree to designate the information at issue herein confidential. (*Id.*)
12     As a result, Defendant is forced to seek relief of Court. A redline of Defendant's
13 proposed protective order is attached as <u>Exhibit A</u> to the Declaration of Reed Aljian, which
14 shows the proposed modifications.
15 ██ ████████
16 ████████████████████████████████████████████████
17 ████████████████████████████████████████████████
18 ████████████████████████████████████████████████
19 ████████████████████████████████████████████████
20 ████████████████████████████████████████████████
21 ████████████████████████████████████████████████
22 ████████████████████████████████████████████████
23 ████████████████████████████████████████████████
24 ████████████████████████████████████████████████
25 ████████████████████████████████████████████████
26 ██████████████████████████████████████
27
28



4
PUIG'S SUPPLEMENTAL BRIEFING ISO REQUEST FOR PROTECTIVE ORDER

1 ██████████████████████████████████████████████████████
2 ████████████████████████████████

## III     LEGAL DISCUSSION

### A.     Legal Standard for Protective Orders

"It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir.1999). Protective orders therefore serve to protect parties and witnesses from the otherwise broad scope of discovery permitted by the Federal Rules. FRCP 26(c), Advisory Comm. Notes (1970); *United States v. CBS, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982). The trial court has wide discretion to impose limits on discovery, beyond those explicit categories of relief listed within Fed.R.Civ.Pro. 26(c)(1). *Id*.

A protective order may be issued for good cause merely "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed.R.Civ.Pro. 26(c)(1). "To make a showing of good cause, the party seeking confidentiality has the burden of showing the injury 'with specificity.' [Citation.] The injury shown, however, need be no more than 'embarrassment'; thus, a party need not establish a monetizable injury." *Pearson v. Miller*, 211 F.3d 57, 72-73 (3rd Cir. 2000.)

To determine whether good cause exists to issue a protective order, the trial court employs a two-step analysis: "First, it must determine whether 'particularized harm will result from disclosure of information to the public.'[Citation.]…Second, if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance 'the public and private interests to decide whether [maintaining] a protective order is necessary.' [Citation.]" (*In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) ("*Archbishop*").

The Ninth Circuit has adopted the following non-exhaustive list of factors to determining whether good cause exists to impose a protective order for purposes of both steps of the analysis:

1. whether disclosure will violate any privacy interests;
2. whether the information is being sought for a legitimate purpose or for an improper purpose;
3. whether disclosure of the information will cause a party embarrassment;
4. whether confidentiality is being sought over information important to public health and safety;
5. whether the sharing of information among litigants will promote fairness and efficiency;
6. whether a party benefitting from the order of confidentiality is a public entity or official; and
7. whether the case involves issues important to the public.

(*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3rd Cir. 1995); *see Philips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citing to *Glenmede*); *Archbishop,* 661 F.3d 417, 424 ("We have directed courts doing this balancing to consider the factors identified by the Third Circuit in *Glenmede*…").

### B. Good Cause Exists to Issue a Protective Order

#### 1. Step One - disclosure would cause irreparable harm.

It cannot reasonably be disputed that public disclosure of ▮▮▮▮▮ ▮▮▮▮▮ would cause Defendant to suffer irreparable harm. ▮▮▮▮▮ ▮▮▮▮▮ It will certainly cause "annoyance, embarrassment, oppression, or undue burden or expense," as provided under Rule 26. Moreover, it will undoubtedly cause irreparable harm to his career, his finances, and his reputation.

1 █████████████████████████████
2 █████████████████████████████
3 █████████████████████████████
4 █████████████████████████████
5 █████████████████████████████
6 ████████████████████████

### 2. Balancing the factors, the proposed protective order is clearly warranted.

Public disclosure of ████████████████████ would violate Defendant's privacy rights. Federal courts sitting in diversity "apply state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Accordingly, because "the California Constitution expressly guarantees a right to privacy," federal courts have recognized that California has "a state substantive interest in the privacy of California citizens…" *Id*. Put simply, "[i]n a federal action such as this based on diversity of citizenship jurisdiction, state law governs privilege claims." (*Bozzuto v. Cox, Castle & Nicholson, LLP*, 255 F.R.D. 673, 676 (C.D. Cal. 2009), citing Fed.R.Evid. 501; *Star Editorial, Inc. v. United States District Court for the Central District of California (Dangerfield)*, 7 F.3d 856, 859 (9th Cir.1993); *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D.Cal.1998).

The California Constitution expressly guarantees the right to privacy. Cal. Const., Art. 1, § 1. The California right of privacy is broader than the federal right of privacy. *American G.I. Forum v. Miller*, 218 Cal.App.3d 859, 864 (Cal. Ct. App. 1990). ██████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████



. Plaintiff must not be allowed to simultaneously violate the law, violate Defendant's privacy rights, damage Defendant's reputation, and cause Defendant irreparable harm (let alone "annoyance, embarrassment, oppression, or undue burden").

The other factors either do not apply or do not overcome the countervailing issues favoring the proposed protective order. The information is not evidence of any claim, defense, or counterclaim. It is not admissible because, among other things, Plaintiff cannot authenticate it. At present, it is only being used as a bludgeon to coerce informal resolution of the case.

The factors relating to the import of the information to the public weigh in favor of confidentiality, rather than against. █████████████████████████████████████████████████████████████████████████████████████████████████████████████████

The remaining factors are not relevant under these circumstances. Plaintiff has a copy of the document and shared it with Defendant. And neither Plaintiff nor Defendant are public entities or public officials.

### III. CONCLUSION

For the foregoing reasons, Defendant contends good cause exists to enter the proposed protective order requested herein.

Dated: July 8, 2021        WERKSMAN, JACKSON, & QUINN LLP

By: /s/ Alan Jackson
ALAN JACKSON
Attorneys for Defendant and Counter-Complainant YASIEL PUIG

Dated: July 8, 2021        DAILY ALJIAN LLP

By: /s/ Reed Aljian
Reed Aljian
Attorneys for Defendant and Counter-Complainant YASIEL PUIG