ALAN JACKSON (State Bar No. 173647)
  ajackson@werksmanjackson.com
CALEB MASON (State Bar No. 246653)
  cmason@werksmanjackson.com
WERKSMAN JACKSON & QUINN, LLP
888 W. 6th St. Fourth Floor
Los Angeles, CA 90017
213-688-0460

REED ALJIAN (State Bar No. 211010)
  ra@dallp.com
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA  92660
Telephone:  949.861.2524

Attorneys for Defendant and
Counter-Complainant YASIEL PUIG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| JANE ROE,<br><br>            Plaintiff,<br><br>     v.<br><br>YASIEL PUIG; and DOES 1-10, inclusive,<br><br>            Defendants. | CASE NO. 2:20-cv-11064-FMO-MRW<br><br>**DEFENDANT AND COUNTER-COMPLAINANT YASIEL PUIG'S UNOPPOSED APPLICATION FOR LEAVE TO FILE UNDER SEAL**<br><br>[Filed Concurrently with: Declaration of Reed Aljian In Support; [Proposed] Order; Proof of Service]<br><br>FAC Filed:     Dec. 30, 2020<br>Trial date:     May 3, 2022 |

Pursuant to Local Rule 79-5.2.2(a), Defendant and Counter-Complainant Yasiel Puig applies for an order granting leave to file under seal portions of the documents listed herein in connection with his opposition to Plaintiff Jane Roe's Motion to Strike Pursuant to Code of Civil Procedure Code §425.16 and his opposition to Plaintiff's Rule 12 motions (collectively, the "Motions"). This application seeks an order granting Puig leave to file under seal the following categories of information: (1) Plaintiff's name, (2) information identifying Plaintiff, and (3) the parties' phone numbers. The Application is unopposed.

Plaintiff Jane Roe filed this action against Puig anonymously. ECF Nos. 1-1, 19. Plaintiff's operative pleading alleges that Puig sexually assaulted her in a bathroom at the Staples Center on the night of a Laker's game in October 2018. ECF No. 19 ¶ 8. On January 21, 2021, Puig filed an application with this Court seeking leave to file under seal Plaintiff's name and identifying information, including her phone number, social media usernames, and photographs in connection with a planned motion to dismiss. ECF No. 23. The Court granted the request to file under seal. ECF 38. Thereafter, the Court denied Puig's motion to dismiss. ECF No. 60. On May 28, 2021, Puig filed an answer, denying Plaintiff's allegations, and filed counterclaims against Plaintiff for defamation. ECF No. 62. Puig filed a first amended answer and counterclaims on June 17, 2021. ECF No. 67. On July 8, 2021, Plaintiff filed the Motions. In support of the anti-SLAPP motion alone, Plaintiff submitted approximately 160 pages of exhibits and almost 10 minutes of video. Among this evidence included some, but not all, of the communications by and between Plaintiff and Puig. Puig's deadline to oppose Plaintiff's Motions is July 22, 2021. In support of the oppositions, Puig intends to seek admission of a more complete record of communications between Plaintiff and Puig. However, these documents contain certain identifying information for Plaintiff, including her name, phone number, pictures, and other identifying information, as well as Puig's phone number.

Pursuant to Central District of California Local Rules 79-5.2.2, in a non-sealed civil case, filing documents under seal requires court approval of an Application for Leave to File Under Seal ("Application"). *Id*. Pursuant to subdivision (a), the Application must describe the nature of the information that the filing party asserts should be sealed. *Id*. Sealing judicial records is appropriate where there are "compelling reasons supported by specific factual findings" that "outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Compelling reasons generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179.

Puig now applies for leave to file under seal information within exhibits that might reveal Plaintiff's identity in a public filing, including her name, phone number, social media usernames, and photographs containing Plaintiff, and to file publicly versions of those documents with Plaintiff's identifying information redacted. *See Strike 3 Holdings, LLC v. Doe*, 2019 WL 6894526, at *2 (C.D. Cal. July 16, 2019) (holding, in case where defendant proceeded anonymously, that plaintiff could not "publicly disclos[e] defendant's name or other identifying information"); *Doe I-XIX v. Boy Scouts of Am.*, 2017 WL 9288099, at *9 (D. Idaho Nov. 20, 2017) ("[T]he Court finds that redaction of Doe XII's personal information is sufficient to protect his anonymity."). Filing these documents under seal at this time will allow the Court to make a determination regarding the merits of Plaintiff's Motions, but also keep out of the public docket materials that could potentially result in Plaintiff's identification. This Application does not waive or forfeit any arguments of Puig challenging Plaintiff's anonymity in future filings.

Puig also applies for leave to file under seal his personal cellular telephone number. Compelling reasons exist to seal such personal information. *See Am. Auto. Ass'n of N. Cal., Nev. & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar.

14, 2019) (holding that "compelling reasons exist to seal" phone numbers); *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *3 (N.D. Cal. Sept. 5, 2018) ("The Court agrees that compelling reasons exist to seal sensitive personal information such as . . . phone numbers."). Sealing of Plaintiff's personal cellular telephone number is also appropriate for these same reasons.

The Parties met and conferred regarding the request to seal these materials on July 12, 2021. Plaintiff's counsel stated that she objects to the filing of the information at issue in this Application in the public record, as it relates to Plaintiff. Plaintiff further explained she would not oppose this Application.

The documents to be filed under seal are listed below. Redacted versions of the documents will be publicly filed.

- Text messages between Plaintiff and Puig; and
- Instagram messages between Plaintiff and Puig.

Dated: July 14, 2021         WERKSMAN, JACKSON, & QUINN LLP

By: /s/ Alan Jackson
ALAN JACKSON
Attorneys for Defendant and Counter-Complainant YASIEL PUIG

Dated: July 14, 2021         DAILY ALJIAN LLP

By: /s/ Reed Aljian
Reed Aljian
Attorneys for Defendant and Counter-Complainant YASIEL PUIG