JOHN C. MANLY (State Bar No. 149080)
jmanly@manlystewart.com
TAYLOR RAYFIELD (State Bar No. 272300)
trayfield@manlystewart.com
COURTNEY P. PENDRY (State Bar No. 327382)
cpendry@manlystewart.com
**MANLY STEWART FINALDI**
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone: (949) 252-9990
Facsimile: (949) 252-9991

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JANE ROE,<br><br>        Plaintiff,<br><br>    v.<br><br>YASIEL PUIG, and DOES 1-10, inclusive,<br><br>        Defendant. | Case No. 2:20-cv-11064-FMO-MRW<br><br>**DISCOVERY MATTER**<br><br>**OPPOSITION TO DEFENDANT YASIEL PUIG'S MOTION FOR PROTECTIVE ORDER**<br><br>Trial Date:        May 3. 2022 |

**PLEASE TAKE NOTICE** that Plaintiff JANE ROE ("Jane Roe") hereby files the instant Opposition to Defendant and Counterclaimant Yasiel Puig's ("Puig") Motion for Protective Order. The following legal and factual reasons indicate that this Motion should be denied, outright:

1)  Puig has failed to establish good cause sufficient to warrant the granting of a the Protective Order as to the category of documents in dispute;

2)  There is no private interest implicated as The Document at issue, and more broadly the Disputed Category of documents, contain information available to the public under California's Public Records Act; and

3)  This case involves issues of grave public importance and The Document, as well as the Disputed Category of Documents, which Puig seeks to shield from the

OPPOSITION TO DEFENDANT YASIEL PUIG'S MOTION FOR PROTECTIVE ORDER

1  public involve matters important to public health and safety.

2      The present Opposition to Defendant's Motion to for Protective Order is

3  grounded in this notice, the attached Memorandum of Points and Authorities,

4  the Declaration of Taylor Rayfield, the records and files in this action, and upon

5  such further evidence and arguments as may be presented prior to or at the time

6  of hearing on the Motion.

7

8  Dated: July 16, 2021                **MANLY, STEWART & FINALDI**

9                                      By:    /s/ TAYLOR RAYFIELD

10                                            TAYLOR RAYFIELD, Esq.
                                              Attorneys of Record for Plaintiff,
11                                            JANE ROE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO DEFENDANT YASIEL PUIG'S MOTION FOR PROTECTIVE ORDER

**MANLY STEWART FINALDI**
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone (949) 252-9990

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................ 1

II.     FACTUAL AND PROCEDURAL BACKGROUND ...................................... 1

III.    ARGUMENT .................................................................................... 3

    A.     The Legal Standard for Protective Orders ................................. 3

    B.     Puig Cannot Establish Good Cause for a Protective Order ................... 4

    C.     No Private Interest Is Implicated Because The Document Contains Public Information under California's Public Records Act ................... 5

    D.     This Case, and the Document, Involve Issues of Critical Importance to the Public ........................................................ 7

IV.     CONCLUSION ................................................................................. 9

MANLY STEWART FINALDI
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone (949) 252-9990

iii

OPPOSITION TO DEFENDANT YASIEL PUIG'S MOTION FOR PROTECTIVE ORDER

# TABLE OF AUTHORITIES

Page(s)

Cases

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
   966 F. 2d 470 (9th Cir. 2002) .......................................................................... 3
*Cmty. Youth Athletic Ctr. v. City of Nat'l City*,
   220 Cal. App. 4th 1385 (2013) ........................................................................ 6
*Dept. of Econ. Dev. v. Arthur Anderson & Co. (U.S.A.)*,
   924 F. Supp. 449 (S.D. N.Y. 1996) ................................................................. 4
*Glenmede Tr. Co. v. Thompson*,
   56 F.3d 476 (3rd Cir. 1995) ................................................................... 3, 4, 7
*Grenier v. Taylor*,
   234 Cal.App.4th 471 (2015) ............................................................................. 8
*Hernandez v. City of Napa*,
   No. C-09-02782 EDL, 2010 WL 2680738 (N.D. Cal. July 6, 2010) ............... 6
*In re Roman Cath. Archbishop of Portland in Oregon*,
   661 F.3d 417 (9th Cir. 2011) .................................................................. 3, 4, 7
*In re Terra, Inc.*,
   134 F. 3d 302 (5th Cir. 1998) .......................................................................... 4
*Joy v. North*,
   692 F.2d 880 (2nd Cir. 1982) .......................................................................... 4
*Kamakana v. City and County of Honolulu*,
   447 F.3d 1172 (9th Cir. 2006) ......................................................................... 3
*Phillips ex rel. Estates of Byrd v. General Motors Corp.*,
   307 F.3d 1206 (9th Cir. 2002) ...................................................................... 3, 4
*San Jose Mercury News, Inc. v. U.S. Dist. Court*,
   187 F.3d 1096 (9th Cir. 1999) ......................................................................... 3
*Terry v. Davis Cmty. Church*,
   131 Cal.App.4th 1534 (2005) .......................................................................... 8
*Todd v. Lovecruft*,
   No. 19-cv-01751-DMR 2020 WL 60199 (N.D. Cal. Jan. 6, 2020) .................. 8

Statutes

CAL. GOV. CODE § 6254(f) ................................................................................ 6, 7
§ 6254(f)(2)(A) ..................................................................................................... 6

MANLY STEWART FINALDI
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone (949) 252-9990

iv

OPPOSITION TO DEFENDANT YASIEL PUIG'S MOTION FOR PROTECTIVE
ORDER

**MANLY STEWART FINALDI**
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone (949) 252-9990

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendant and Counter-Complainant, Yasiel Puig, ("Puig") has moved this Court for a Protective Order designating as confidential any and all documents and testimony relating to ███████████████ ("The Disputed Category").  In doing so, Puig seeks to shield from public record ███████████████████,  which bears directly on Plaintiff, Jane Roe's ("Jane Roe") claims. In arguing that all documents falling into The Disputed Category should be subject to the parties Protective Order, Puig specifically seeks the Court's permission to conceal from the public record ████████████████████████████████████ ████████████████████████████ ("The Document"). As set forth throughout, documents falling into The Disputed Category of documents are not the appropriate subject of a Protective Order and are largely discoverable to the public. Puig's efforts to conceal these documents from the public is nothing more than yet another attempt by a prominent and powerful celebrity to hide ████████████ ██████████ in order to preserve his public image and celebrity status.

### II.   FACTUAL AND PROCEDURAL BACKGROUND

This case involves a violent sexual assault perpetrated by Yasiel Puig on Jane Roe on October 31, 2018 at a Los Angeles Lakers game at the Staples Center. (*See generally,* EFC No. 19).  Jane Roe filed a Complaint against Puig, alleging causes of action of (1) Assault and Battery; (2) Intentional Infliction of Emotional Distress; (3) Negligence; and (4) False Imprisonment. *Id*. On January 22, 2021, Puig filed a Motion to Dismiss Jane Roe's First Amended Complaint, which was ultimately denied by this Court.  Thereafter, on May 28, 2021, Puig filed an Answer and Counterclaim, alleging causes of action for (1) Defamation Per Se and (2) Defamation Per Quod. (EFC No. 62). Thereafter, on June 17, 2021, Puig filed his First Amended Answer and Counterclaim alleging identical causes of action, but inclusive of a litany of inapt and wholly inaccurate "factual" allegations. (*See* EFC No. 67)

As requested by Puig, on June 29, 2021 Jane Roe produced Supplemental Responses to Puig's Request for Production of Documents (Set One). Declaration of Taylor Rayfield, ¶ 2 ("Rayfield Decl.") As part of her Supplemental Responses, Jane Roe produced a copy of The Document, which she had recently received from an authorized individual in possession of The Document- ███████████ ███████ *Id.*

Counsel for Jane Roe has been attempting to get a mutually agreeable protective order on file since February 2021. Rayfield Decl. ¶ 3.  Much of Plaintiff's meet and confer efforts on this matter took place with Puig's former counsel; however, on July 1, 2021, counsel for Jane Roe again circulated a draft of the Court's form Stipulated Protective Order for consideration by Puig's present counsel of record. Rayfield Decl. ¶ 3.  Subsequently, on July 6, 2021, the parties engaged in meet and confer efforts in an attempt to resolve their differing views as to various terms of the proposed protective order. Rayfield Decl. ¶ 4.  Counsel for Jane Roe did not agree to Puig's proposal to designate The Document or the Disputed Category of documents as confidential, for the reasons set forth herein. *Id.*

It bears noting, however, that Puig's recitation of the sequence of events leading up to the filing of the instant Motion as described in his Ex Parte Application for Order Shortening Time re Motion for Protective Order (EFC No. 72) and his Supplemental Briefing In Support of Motion for Protective order (EFC No. 84) paint two very different pictures for the Court. In his initial moving papers, counsel for Puig leads the Court to believe that he first contacted counsel for Jane Roe on July 5, 2021 regarding a Protective Order and that he in fact proposed using the Court's model protective order and contends that "Plaintiff did not provide a written response." (EFC No. 72 at 4:14-21) However, in his Supplemental Briefing, Puig's counsel elects to paint a more accurate and truthful picture of the sequence of events preceding the instant dispute. (EFC No. 84 at 2:25-3:14). Defendant's affinity for misrepresenting communications between the parties is not lost on Plaintiff and should not be lost on

OPPOSITION TO DEFENDANT YASIEL PUIG'S MOTION FOR PROTECTIVE ORDER

MANLY STEWART FINALDI
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone (949) 252-9990

the Court.

## III.   ARGUMENT

### A.   The Legal Standard for Protective Orders

It is well-established that litigation documents and information produced during discovery are presumptively public. *See Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Unless a party opposing disclosure can show "good cause" for why a protective order is necessary, the public enjoys access to the "fruits of pre-trial discovery." *Phillips*, 307 F.3d at 1210 (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999)).

For "good cause" to exist, the party moving for a protective order must make a showing that specific prejudice or harm will result without a protective order. *Id.* at 1210-11. The Ninth Circuit has looked to the following factors to determine whether good cause exists: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 n.5 (9th Cir. 2011) (citing *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3rd Cir. 1995)).

Importantly, the showing of potential harm by disclosure must be ***specific***; "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" is not enough to prove that a protective order is necessary. *Phillips*, 307 F.3d at 1211 (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F. 2d 470, 476 (9th Cir.

OPPOSITION TO DEFENDANT YASIEL PUIG'S MOTION FOR PROTECTIVE ORDER

MANLY STEWART FINALDI

19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone (949) 252-9990

1   2002). "Good cause" requires a "specific[] demonstrat[ion] that disclosure will cause
2   a ***clearly defined and serious injury***." *Glenmede*, 56 F.3d at 483 (emphasis added).

3       If the moving party establishes that a particularized harm will result, the court
4   must then balance public and private interests to ultimately decide whether the
5   protective order is necessary. *Phillips*, 307 F.3d at 1211.

6       **B.    Puig Cannot Establish Good Cause for a Protective Order**

7       Broad allegations of harm from public disclosure, unsubstantiated by specific
8   examples or articulated reasoning, do not satisfy the good cause test. *Id.* at 1210-11;
9   *In re Roman Catholic Archbishop*, 661 F.3d at 424. The test requires particular and
10  specific demonstrations of fact, not stereotyped and conclusory statements. *In re*
11  *Terra, Inc.*, 134 F. 3d 302, 303 (5th Cir. 1998).

12      Puig fails to meet the "good cause" standard for a protective order because he
13  provides only broad allegations of harm. Puig provides a myriad of conclusory
14  statements broadly claiming that disclosure of the Document would be harmful. Puig's
15  Motion states that it "cannot reasonably be disputed that public disclosure of the
16  Document . . . would cause Defendant irreparable harm," disclosure would cause
17  "annoyance, embarrassment, oppression, or undue burden or expense," and disclosure
18  would cause "irreparable harm to his career, finances, and his reputation." Puig's
19  general allegations of injury to reputation that may result from disclosure of The
20  Document is insufficient to justify a protective order, a contention that is well-backed
21  by case law. *See Glenmede*, 56 F.3d at 484 (3rd Cir. 1995) ("General allegations of
22  injury to reputation and client relationships or embarrassment that may result from
23  dissemination of privileged documents is insufficient to justify judicial endorsement
24  of an umbrella confidentiality agreement"); *Joy v. North*, 692 F.2d 880, 894 (2nd Cir.
25  1982) (denying protective order where the moving party's only argument was the
26  broad allegation that disclosure of information would "injure the bank in the industry
27  and local community"); *Dept. of Econ. Dev. v. Arthur Anderson & Co. (U.S.A.)*, 924
28  F. Supp. 449 (S.D. N.Y. 1996) (holding that good cause is not established merely by

**MANLY STEWART FINALDI**
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone (949) 252-9990

4

OPPOSITION TO DEFENDANT YASIEL PUIG'S MOTION FOR PROTECTIVE
ORDER

MANLY STEWART FINALDI
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone (949) 252-9990

1  the prospect of negative publicity).

2      Puig provides a single example of potential harm he may suffer, █████

3  ████████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████████

5  ████ This comparison is a far cry from being sufficient to meet the "good cause"

6  standard. Puig provides no specific examples of the types of implications *Puig*

7  believes he would face as a result of the disclosure of contents of *this* Document at

8  issue, or other documents in the Disputed Category. Puig fails to provides any specific

9  allegations of harm and instead, ███████████████████████████████████████

10  ████████████████████████████ Moreover, as set forth *supra*, general

11  allegations of injury to reputation, injury to client relationships, or the prospect of

12  negative publicity are wholly insufficient to establish good cause.

13      This Court should deny Puig's motion because no good cause for a protective

14  order exists.

15      **C.**    **No Private Interest Is Implicated Because The Document Contains Public Information under California's Public Records Act**

16

17      Even if the Court were to find good cause for a protective order, no private

18  interest exists because the information Puig wishes to designate as confidential is

19  *already* available to the public. While Puig correctly states that under some

20  circumstances, ████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████████

23  ███████████████████████████████████

24          ███████████████████████████████████████

25  ¹ ████████████████████████████████████████████████████████

26  ████████████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████████████

28  ████████

OPPOSITION TO DEFENDANT YASIEL PUIG'S MOTION FOR PROTECTIVE ORDER





Under the policy of the PRA, courts are required to "consider the information that is being requested, not only the precise type of records that must be provided;" i.e., information contained within a document may be accessible to the public under the PRA. *Cmty. Youth Athletic Ctr. v. City of Nat'l City*, 220 Cal. App. 4th 1385, 1425 (2013). "For example

Because The Document contains information that is *already public*, no private interest is served by issuing a protective order. Courts have refused to issue protective orders where information at issue is already public. *See Hernandez v. City of Napa*, No. C-09-02782 EDL, 2010 WL 2680738, at *4 (N.D. Cal. July 6, 2010) (Refusing to issue a protective order for documents that were already publicly available).

Moreover, as Puig notes in his Motion,

OPPOSITION TO DEFENDANT YASIEL PUIG'S MOTION FOR PROTECTIVE ORDER

1 ████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████

4 ██████████████████████████████" ██████████████████ <u>Def.</u>

5 <u>Mot.</u> at 8:8-11. Counsel for Jane Roe was given The Document by an authorized party

6 ████████████ under the PRA. Thus, Jane Roe is rightfully in possession of The

7 Document. Moreover, pursuant to Puig's discovery requests, Jane Roe was required

8 to produce all non-privileged, responsive documents in her possession, custody, and

9 control, which includes The Document.

10      Puig fails to prove that a countervailing private interest is at stake; the

11 information in The Document contains information accessible to the general public.

12 There is no privacy interest impacted where the information is already public.

13 Moreover, this information is directly relevant to Jane Roe's underlying claims, as

14 Jane Roe has consistently and repeatedly maintained that ████████████████

15 ████████████████████████████.

16     **D.    This Case, and the Document, Involve Issues of Critical Importance**
**to the Public**

17

18      In determining whether good cause exists to impose a protective order, courts

19 consider – amongst other factors enumerated above - whether confidentiality is being

20 sought over information important to public health and safety; whether the sharing of

21 information among litigants will promote fairness and efficiency; and whether the

22 case involves issues important to the public. *In re Roman Cath. Archbishop of*

23 *Portland in Oregon*, 661 F.3d 417, 424 n.5 (9th Cir. 2011) (citing *Glenmede Tr. Co.*

24 *v. Thompson*, 56 F.3d 476, 483 (3rd Cir. 1995)). Rather than making meritorious

25 arguments addressing these clearly relevant factors, Puig simply states that "the other

26 factors either do not apply or do not overcome the countervailing issues favoring the

27 proposed protective order." <u>Motion</u>, 8:23-24.

28 ████████████████████████████████████████████████

OPPOSITION TO DEFENDANT YASIEL PUIG'S MOTION FOR PROTECTIVE
ORDER

MANLY STEWART FINALDI

19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone (949) 252-9990



MANLY STEWART FINALDI
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone (949) 252-9990

1
2
3
4
5
6
7
8
9
10
11
12 Puig
13 cannot shield public information from disclosure simply because it paints him in an
14 unfavorable light or may have generally negative implications on his personal and/or
15 professional life. Moreover, as set forth above, documents falling into the Disputed
16 Category contain information that is publicly available, making them an inappropriate
17 subject of the Protective Order.
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

8

OPPOSITION TO DEFENDANT YASIEL PUIG'S MOTION FOR PROTECTIVE
ORDER

## IV.    **<u>CONCLUSION</u>**

For the foregoing reasons, Puig's Motion for Protective Order should be denied in its entirety. Puig has failed to establish good cause for a protective order over The Document as well as the Disputed Category, and he has failed to adequately demonstrate that any viable privacy interest will be impacted by the disclosure of the Document and the Disputed Category of documents.

DATED:  July 16, 2021                **MANLY STEWART FINALDI**


By:   /s/ TAYLOR RAYFIELD
      TAYLOR RAYFIELD
      Attorneys for Plaintiff

**MANLY STEWART FINALDI**
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone  (949) 252-9990

OPPOSITION TO DEFENDANT YASIEL PUIG'S MOTION FOR PROTECTIVE ORDER

MANLY STEWART FINALDI
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone  (949) 252-9990

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CERTIFICATE OF SERVICE
*Jane Roe v. Yasiel Puig et al.*
Case No.: **2:20-cv-11064-FMO-MRW**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

On July 16, 2021, I served a true copy of **OPPOSITION TO DEFENDANT YASIEL PUIG'S MOTION FOR PROTECTIVE ORDER**

[ ]    By personally delivering it to the persons(s) indicated below in the manner as provided in FRCivP5(B)

[ ]    By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the parties indicated on the attached service list;

[X]    By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet;

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on July 16, 2021, at Irvine, California.

/s/Kathy Frederiksen

OPPOSITION TO DEFENDANT YASIEL PUIG'S MOTION FOR PROTECTIVE ORDER

## <u>SERVICE LIST</u>

**Alan J Jackson**
**Caleb E Mason**
Werksman Jackson and Quinn LLP
888 West 6th Street 4th Floor
Los Angeles, CA 90017
213-688-0460
Fax: 213-624-1942
Email: ajackson@werksmanjackson.com
cmason@werksmanjackson.com
*Attorneys for Defendant Yasiel Puig*

**Reed T Aljian**
Daily Aljian LLP
100 Bayview Circle
Suite 5500
Newport Beach, CA 92660
949-861-2524
Fax: 949-269-6364
Email: ra@dallp.com
*Attorneys for Defendant Yasiel Puig*

MANLY STEWART FINALDI
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

11