UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 20-11064 FMO (MRWx) | Date | July 19, 2021 |
|---|---|---|---|
| Title | Roe v. Puig | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | Veronica Piper | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | Attorneys for Defendant: |
| | n/a | n/a |

**Proceedings:** ORDER RE: PROTECTIVE ORDER

    1.    The parties have been unable to agree voluntarily on the terms of a protective order to facilitate discovery in this civil action. Given the nature of the allegations in this case, the absence of a protective order threatens to disrupt the orderly and timely flow of pretrial information. (Docket # 86 (partially granting motion to compel discovery subject to entry of appropriate protective order).) After an abbreviated video hearing, the Court directed the parties to brief the issue and inform it about the nature of the dispute. (Docket # 77.)

    2.    A review of the parties' submissions (Docket # 83, 89) suggests that there are two key points on which the parties disagree. First, should wholesale categories of records be presumably considered to be "confidential" under the lightly-amended version of the Court's standard protective order? And second, if not, should a specific document that the parties possess be designated as "confidential" under the order.

* * *

    3.    The resolution of the first question is rather straightforward. Plaintiff does not voluntarily agree to limit access to "investigative" / law enforcement materials obtained or used in this litigation. (Docket # 83-2 at 3; # 89 at 5; # 90-1 at 2.) Nor does she have to. However, the parties appear to agree that medical and earnings records should receive confidential treatment under a discovery protective order. (Docket # 83-2 at 3.) Moreover, employment records (including, potentially, the Major League Baseball disciplinary records that were the subject of the previous order) are traditionally and typically protected from public disclosure in discovery proceedings.

    4.    Because of the allegations of sexual assault and defamation in this civil case, ample good cause exists to permit the entry of a protective order under Rule 26(c) for these categories of items. The Court will separately enter what it understands to be the parties'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-11064 FMO (MRWx) | Date | July 19, 2021 |
|---|---|---|---|
| Title | Roe v. Puig | | |

proposed protective order (the clean copy appended to Mr. Aljian's declaration) with the Court's specific modifications – presumptively taking out the "investigative records" category, but including a category for "employment / MLB records." Note that either party is free to seek further modification of, or relief from, this order.

* * *

5.  Turning to the specific record at issue here (generally described as a law enforcement record), the parties make a variety of arguments about whether the item merits protection under the familiar Glenmede / Archbishop of Portland / General Motors analysis. Neither side provided me with a copy of the document, though.

6.  Therefore, to resolve the treatment of this document, Defendant is directed to lodge the item under seal with the Court by Friday, July 23. And, because of the thoroughness of Plaintiff's analysis, Defendant may file an optional reply (NTE 5 pages) by that date addressing only Plaintiff's Glenmede argument regarding this record. After that, the Court will take the matter under review or set a further hearing.

* * *

7.  I recognize that the current state of play renders the protective order in this action somewhat asymmetric, and may appear to lean in favor of confidential treatment for more of Plaintiff's records than those of Defendant. But is that unusual in litigation? Discovery often focuses on sensitive materials held by a plaintiff (say, hospital records of an injured guest at a shop or facility) or a defendant (think of an employer required to produce wage-and-hour records for a class of employees). The rule encourages courts to craft or tailor a prophylactic order to the circumstances of the case. That's what's happened here today.

8.  And be not mistaken – Mr. Puig may well be entitled to protection under the Federal Rules for the subject document or others identified elsewhere in the lawsuit. I just haven't reached a decision on that yet. The concept of an agreed-upon protective order is ordinarily understood to save the parties time, money, and hassle by determining in advance that they don't want or need a judge to make a case-by-case determination about the status of the paper. If the parties decide that they cannot do this, and present further document disputes to the Court (that is, beyond the law enforcement record soon to be sub judice), they will do so subject to the full procedural requirements of the protective order, Local Rule 37, and the fee-shift provisions of Rule 37(a)(5).