ALAN JACKSON (State Bar No. 173647)
  ajackson@werksmanjackson.com
CALEB MASON (State Bar No. 246653)
  cmason@werksmanjackson.com
WERKSMAN JACKSON & QUINN, LLP
888 W. 6th St. Fourth Floor
Los Angeles, CA 90017
213-688-0460

Attorneys for Defendant and
Counter-Complainant YASIEL PUIG

*Additional counsel on following page*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JANE ROE,<br><br>    Plaintiff,<br><br> v.<br><br>YASIEL PUIG; and DOES 1-10, inclusive,<br><br>    Defendants. | CASE NO. 2:20-cv-11064-FMO-MRW<br><br>**FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED JULY 29, 2021 [ECF 109]**<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION RE MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER RE SUBPOENAS ISSUED BY PLAINTIFF JANE ROE**<br><br>[Filed concurrently: Notice of Motion and Aljian Declaration]<br><br>**Date:** August 25, 2021<br>**Time:** 9:30 a.m.<br>**Courtroom:** 550, 5th Floor<br><br>Fact Discovery Cutoff: Oct. 11, 2021<br>Expert Discovery Cutoff: Dec. 25, 2021<br>Pre-Trial Conference: Apr. 15, 2022<br>Trial date:    May 3, 2022<br><br>FAC Filed: Dec. 30, 2020<br>Trial date: May 3, 2022 |

REED ALJIAN (State Bar No. 211010)
 ra@dallp.com
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA  92660
Telephone:  949.861.2524

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**PAGES(S)**

I.    SUMMARY OF THE ACTION AND COUNTERCLAIMS .........................................1

II.    FACTS RELEVANT TO THE DISPUTED DISCOVERY; STATEMENT OF COMPLIANCE WITH LOCAL RULE 37-1 ...................................................................1

III.    INTRODUCTORY STATEMENTS .......................................................................2

     A.    Puig's Introductory Statement ...............................................................2

     B.    Roe's Introductory Statement .................................................................5

IV.    THE DISCOVERY REQUESTS AND RESPONSES AT ISSUE ......................6

V.    PUIG'S CONTENTIONS ......................................................................................6

     A.    Good Cause Exists To Quash The Subpoenas ......................................6

         1.    Legal Standard for Motion to Quash.........................................6

         2.    Good Cause Exists to Quash ███████████.................7

         3.    Good Cause Exists to Quash ████████████..............10

     B.    In the Alternative, Good Cause Exists to Designate The Responsive Documents "Confidential." .................................................................13

         1.    Legal Standard for Protective Orders........................................13

         2.    Good Cause Exists to Deem ███████████..............14

         3.    Good Cause Exists to Modify the Protective Order to Include ████ ██████████..................................................16

VI.    ROE'S CONTENTIONS.......................................................................................17

     A.    No Good Cause Exists to Quash the Subpoenas ..................................17

         1.    The Legal Standard for Motions to Quash.................................17

         2.    No Good Cause Exists to Quash ████████████.....18

         3.    No Good Cause Exists to Quash ██████████.......................22

     B.    A Protective Order Is Unwarranted.......................................................28

         1.    The Legal Standard for Protective Orders .................................28

1

2.   No Good Cause Exists to Modify the Protective Order to Include ████ █████████ ........................................................................29

3.   No Good Cause Exists to Modify the Protective Order to Include Documents ██████████ ........................................................31

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

# <u>TABLE OF AUTHORITIES</u>

**PAGE(S)**

**CASES**

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

1 ████████████████████████████████████████████

2

3 ████████████████████████████████████████████

4 ████████████████████████████████████████████

5

6 ████████████████████████████████████████████

7 ████████████████████████████████████████████

8

9 ████████████████████████████████████████████

10 ████████████████████████████████████████████

11

12 ████████████████████████████████████████████

13 ████████████████████████████████████████████

14
**STATUTES**

15

16 ████████████████████████████████████████████

17 ████████████████████████████████████████████

18
*California Code of Civil Procedure* § 2018.030................................................26

19

20 **OTHER AUTHORITIES**

21
Advisory Comm. Notes (1970)........................................................14

22

23 **RULES**

24 ████████████████████████████████████████████

25

26 ████████████████████████████████████████████

27

28 ████████████████████████████████████████████

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

1

2

3

**REGULATIONS**

*Cal. Const. Art. 1*, §1 ...............................................................................9, 10, 27

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

Pursuant to L.R. 37-2, the parties hereby submit this Joint Stipulation re Motion to Quash and/or for Protective Order (the "Motion") regarding Plaintiff Jane Roe's ("Roe") subpoenas duces tecum issued ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████

## I.    SUMMARY OF THE ACTION AND COUNTERCLAIMS

Plaintiff's operative complaint (the First Amended Complaint or "FAC") asserts four causes of action against Defendant: (1) assault and battery, (2) intentional infliction of emotional distress, (3) negligence, and (4) false imprisonment based on an alleged sexual encounter between Plaintiff and Defendant during a Lakers game at the Staples Center on October 31, 2018. On May 28, 2021, Defendant filed an Answer to the FAC denying the allegations and bringing Counterclaims against Plaintiff for (1) defamation per se and (2) defamation per quod and, on June 17, 2021, Defendant filed a First Amended Answer and Counterclaims asserting the same two causes of action (the "Answer").

## II.   FACTS RELEVANT TO THE DISPUTED DISCOVERY; STATEMENT OF COMPLIANCE WITH LOCAL RULE 37-1

On July 1, 2021, Roe served a Notice of Document Subpoena to Puig for each of the three Subpoenas at issue in this Motion on Puig. Declaration of Reed Aljian ("Aljian Decl.") ¶ 2; Appendix of Plaintiff's Subpoenas At Issue ("Apdx."). ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

1 ███████████████████████████████████████████████████████

2 ██████████████████████████████████████████

3    On July 15, 2021, █████████████████████████████████████

4 ███████████████████████████████████████████████████████

5 ████████████████████████ (including attorney-client, mediation, "or any other

6 applicable privilege or immunity"), may violate third-party privacy rights, and may

7 disclose confidential business information, among other objections. *Id.*

8    On July 19, 2021, counsel for Roe and Puig (collectively, the "Parties") participated

9 in a telephonic meet and confer to discuss the Subpoenas and to seek to resolve the dispute

10 informally. Aljian Decl. ¶¶ 5-6.   The parties were not able to resolve their disputes

11 regarding the Subpoenas, thereby necessitating the instant Motion.

## III.   INTRODUCTORY STATEMENTS

### A.   Puig's Introductory Statement[1]

14    The dispute involves subpoenas issued by Roe to ████████████████████

15 █████████████████████████████████████████████████████

16 ██████████████████████████████ █████████████████████████

17 ████████████████████████████ ███████████████████████

18 █████████████████████████████████████████████████████

19 ███████████████████████████████████████

20    In sum and substance, Roe's Subpoenas seek to compel production and public

21 disclosure of ██████████████████████████████████████████

22 █████████████████████████████████████████████████████

23 █████████████████████████████████████████████████████

24 █████████████████████████████████████████████████████

25 _____

26 [1] █████████████████████████████████████████████████

27 ███████████████████████████████████████████

28 ████████████

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

protected, privileged, and confidential) is astonishing and offensive in light of Roe's contentions in this case and her attorneys' outlandish behavior.

First, Roe has repeatedly demanded that her identity remain confidential and that she remain anonymous ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ███████████████████████

Second, Roe's attorney's assertions in support of Roe's anonymity are extreme. ██ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████

In any event, by this Motion, Puig requests that the Court quash the Subpoenas in their entirety. In the alternative, with respect to ████████████████████████

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

1 ███████████████████████████ ████████████████████████████

2 an Order quashing the subpoena to the extent any responsive documents are governed by

3 ████████████████████████████████████████████████████████████

4 of privacy – effectively, based upon ██████████ objections, this would quash the subpoena

5 to her in its entirety. With respect to the subpoenas to the ██████████████

6 Puig requests an order sustaining Puig's objections to production of any documents that

7 ████████████████████████████████████████████████████████

8 ████████████████████████████████████████████████████████

9 ████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████

11 ██████████████████ .

12   To the extent the Court is not inclined to sustain the objections to the Subpoenas,

13 Puig alternatively requests an Order designating all records produced in response to the

14 Subpoenas as "Confidential" under the terms of the current Protective Order (ECF No. 94).

15   Puig has attempted to avoid seeking relief of Court. In advance of the Motion, as

16 stated, the Parties participated in a telephonic meet and confer. Aljian Decl. ¶¶ 5-6, Ex. B.

17 During that conference call, and in an effort to determine the relevance of any responsive

18 documents, Puig's counsel asked Roe's counsel, Taylor Rayfield, to explain why Roe had

19 served a subpoena ███████████████████████████████████████████

20 ████████████████████████████████████████████████████████

21 ████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████████

23 ████████████████████████████████████████████████████████

24 ██████████████████████████████

25   In an effort to avoid seeking relief of Court, Puig proposed a number of

26 compromises. Puig proposed that Roe withdraw the subpoena. *Id*. Roe refused. *Id*. Puig

27 proposed that Roe narrow the scope of the subpoena. *Id*. Roe refused. *Id*. However, during

28

4

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

the call, Roe's counsel Taylor Rayfield acknowledged that Puig's pending motion for protective order before this Court could potentially resolve all or a portion of the issues presented by this Motion (i.e., ECF Nos. 83-84 and 105-106). *Id*. Ms. Rayfield also explained that she intended to govern herself by the Court's Order on Puig's motion for a protective order. *Id*. Therefore, counsel for Puig proposed that Roe agree to withdraw the subpoenas or, in the alternative, stipulate to continue the deadline for compliance pending the outcome of the pending motion for a protective order. *Id*. Puig made the proposal to avoid burdening this Court and the Parties with potentially unnecessary motion practice. Ms. Rayfield refused, but did not explain why she would force the filing of the Motion if the Motion currently under submission would potentially obviate the need for the Motion. *Id*. Additionally, Ms. Rayfield did not present any proposed compromises. *Id*.  As a result, Puig is forced to seek relief of Court.

**B.     Roe's Introductory Statement**

The three subpoenas at issue. ████████████████████████████████ ██████████████████████████████████████████████████████ seek information highly relevant and proportional to Jane Roe's action. ████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████████████████ █ ████ ██████████████████████████████████████████████████████ ████████████████████████████████ Puig has failed to prove that good cause exists to quash any of Jane Roe's subpoenas. Without valid standing, Puig attempts to assert the privacy rights of *third parties*. Puig has additionally failed to meet the good cause standard that would warrant modifying the protective order to include the documents in the ████████████████████████████████. Puig provides only general allegations of harm and thus fails to provide the specific allegations of harm required to prove that a protective order is necessary.

## IV.    THE DISCOVERY REQUESTS AND RESPONSES AT ISSUE

See **"Appendix"** attached as **Exhibit 1** to this Stipulation, which contains the content of the Subpoenas at issue.

## V.    PUIG'S CONTENTIONS

### A.    Good Cause Exists To Quash The Subpoenas

#### 1.    Legal Standard for Motion to Quash

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed.R.Civ.P. 26(b)(1).

"On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed.R.Civ.P. 26(b)(2)(C).

"On timely motion, the court for the district where compliance is required <u>must</u> quash or modify a subpoena that: …requires disclosure of privileged or other protected matter, if no exception or waiver applies; or [] subjects a person to undue burden." Fed.R.Civ.P. 45(d)(3)(A)(i)-(ii), emphasis added.

A non-subpoenaed party has standing to move to quash a subpoena where they have "a personal right or privilege in the information sought to be disclosed." *Krenitsky v.*

*Kirsch*, 2020 WL 5017270 *1 (E.D. Cal. August 2020), quoting *Freed v. Home Depot U.S.A., Inc.*, 2019 WL 582346 *2 (S.D. Cal. February 2019).

A motion to quash must be a "timely motion." Fed.R.Civ.P. 45(d)(3)(A). "Courts have generally interpreted ' "timely" to mean within the time set in the subpoena for compliance.'" *S.L. v. Upland School District*, 2019 WL 8163805 *2 (C.D. Cal. 2019) (motion to quash untimely where served almost a month after scheduled deposition), quoting *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 238 F.Supp.2d 270, 278 (D.D.C. 2002).

The party moving to quash the subpoena has the burden of persuasion. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) ("*Moon*"). An evaluation of undue burden requires the court to consider "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Id.*, quoting *Travelers Indem. Co. v. Metropolitan Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005).

"Although the strong policy in favor of liberal discovery is clear," this policy presents a potential for abuse and is not limitless. *Dart Industries Co., Inc. v. Westwood Chemical Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) ("*Dart*"). In particular, "[a]s one district court has noted, '(t)here appear to be quite strong considerations indicating that discovery would be more limited to protect third parties from harassment, inconvenience, or disclosure of confidential documents.'" *Id.*, quoting *Collins and Aikman Corp. v. J.P. Stevens & Co., Inc.*, 51 F.R.D. 219, 221 (D.S.C. 1971).

## 2.   Good Cause Exists to Quash ███████████

███████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

1 ███████████████████████████████████████████████████████

2 ███████████████████████████████████████████████████████

3 ███████████████████████████████████████████████████████

4 ██

5        First, this is a subpoena issued to an attorney seeking to compel production of her

6 alleged client's files. Under California law, seeking discovery from a client's attorney is

7 "presumptively improper, severely restricted, and require[s] 'extremely' good cause—a

8 high standard." *See Carehouse Convalescent Hosp. v. Superior Court* (2006) 143

9 Cal.App.4th 1558, 1560 (holding that plaintiffs failed to overcome presumption against

10 deposing counsel); *Naser v. Lakeridge Athletic Club* (2014) 227 Cal.App.4th 571, 578

11 ("obtaining business records through a deposition subpoena is a 'deposition' within the

12 plain meaning of the Civil Discovery Act"). The Ninth Circuit generally follows the same

13 standard. *See, e.g., Littlefield v. Nutribullet, LLC*, 2017 WL 10438897 *4 (stating opposing

14 counsel may be deposed where (1) there are no other means to obtain the information, (2)

15 the information is relevant and nonprivileged, and (3) the information is crucial to the

16 preparation of the case); *see also DoubleDay v. Ruh*, 149 F.R.D. 601, 613 (1993)

17 (collecting cases, including *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th

18 Cir.1986) (setting forth standard) (emphasis added).   Such discovery is regarded as

19 disruptive to the adversarial system, having limited (and in this case, no) usefulness, being

20 unduly burdensome and costly, and detracting from the quality of client representation.

21 (*Spectra-Physics v. Superior Court* (1988) 198 Cal.App.3d 1487, 1494; *Shelton v.*

22 *American Motors Corp.* (8th Cir. 1986) 805 F.2d 1323, 1327.)   Given the heavy

23 presumption against discovery on an opposing counsel, courts deem such discovery

24 improper, unless the following three criteria are met: (1) the information sought must be

25 "crucial" to the preparation of the case; (2) the information sought must be relevant and

26 not privileged; and (3) there must be no other means to obtain the information. (*Spectra-*

27 *Physics*, *supra*, at p. 1494, 1496 [applying standard to deposition subpoena].) Each of these

28

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

1  three prongs poses an independent hurdle to discovery on an opposing counsel; failure to

2  satisfy any one of these prongs defeats the subpoena. (*Carehouse Convalescent Hosp.,*

3  *supra,* 143 Cal.App.4th at p.1563.) While these cases involve subpoenas to opposing

4  counsel, the same analysis should applies to subpoenas to third party attorneys seeking

5  their client files.

6      As the party *seeking* discovery, Roe has the burden to establish that the information

7  sought is crucial to the preparation of the case and that no other means exist to obtain the

8  information; the party *opposing* discovery (i.e., Puig) bears the burden to show preliminary

9  facts to support the applicability of any privilege or work product protections. *See e.g.,*

10 *Carehouse Convalescent Hosp., supra,* 143 Cal.App.4th at p.1563.

11     First, there are other (and far less intrusive means) of obtaining the information, to

12 the extent any such information exists. Fed.R.Civ.P. 26(b)(2)(C)(i). █████████████

13 ██████████████████████████████████████████████████████████

14 ██████████████████████████████████████████████████████████

15 ██████████████████████████████████████████████████████████

16 ██████████████████████████████████████████████████████████

17 ██████████████████████████████████████████████████████████

18 ████████████████████

19     Second, on its face, the subpoena seeks attorney-client privileged information. ████

20 ██████████████████████████████████████████████████████████

21 ████████████████████████████████████████████████

22 ████████████████████████████████████████████ Federal courts

23 sitting in diversity "apply state substantive law and federal procedural law." The California

24 Constitution expressly guarantees the right to privacy. Cal. Const., Art. 1, § 1. The United

25 States Constitution affords similar privacy rights. *DeMassa v. Nunez*, 770 F.2d 1505, 1507

26 (9th Cir. 1985). ████████████████████████████████████████████

27 ███████████████████████. The right of privacy is a privilege under California law.

28

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

1 ██████████████████████████████████████████████████

2 ██████████████████████████████████████████████████

3 ██████████████████████████████████████████████████

4 ████████████ And, as a matter of law, the Court *shall* quash or modify a subpoena that

5 seeks privileged or protected materials, as is the case here. Fed.R.Civ.P. 45(d)(3)(A)(iii).

6      Third, the responsive information is not relevant, let alone crucial, to Roe's case.

7 Roe contends ███████████████████████████████████████

8 ██████████████████████████████████████████████████

9 ██████████████████████████████████████████████████

10 ██████████████████████████████████████████████████

11 ██████████████. The subpoena does not describe any specific documents with the

12 slightest degree of particularity. The subpoena is, with the exception of a carveout for work

13 product, unlimited in both time and scope in seeking "any and all case files" for an

14 unlimited time period. Apdx. ██████████████████████████

15 ██████████████████████████████████████████████████

16 ██████████████████████████████████████████████████

17 ██████████████████████████

18 ████████████████████ objection on the basis of undue burden is well taken, based

19 upon the analysis of the factors in *Dart*. Fed.R.Civ.P. 45(d)(3)(A)(iv). As a third-party

20 attorney, special considerations should be afforded ████████████████

21 ██████████████████████████████████████████████████

22 ████████████████████████

23     **3.**    **Good Cause Exists to Quash** ████████████████████

24 ██████████████████████████████████████████████████

25 ██████████████████████████████████████████████████

26 ██████████████████████████████████████████████████

27

28

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

1 ████████████████████████████████████████████████████

2 ██████████████████████████████████████████.

3     On the face of the subpoenas, it appears Roe concedes there are no public documents

4 available ███████████████████████████ Otherwise, ████████████

5 ████████████████████████████████████████████████████

6 █ Therefore, Roe appears only to be seeking ██████████████████

7 ████████████████████████████████████████████████████

8 ████████████████████████████ ██████████████████████

9 ████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████

12 █████████

13     As previously discussed and at issue in the motion under submission, ████████

14 ████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████

20 ████████████████████████████████

21     Moreover, as discussed, both California and federal law guarantee certain privacy

22 rights. █████████████████████████████████████████████

23 ████████████████████████████████████████████████████

24 ████████████████████████████████████████████████████

25 ████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████

27 ████████████████████████████████████████████████████

28

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

Further, there is no question that the documents at issue would invade third party rights of privacy.

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

1  ███████████████████████████████████████████████████████████

2  ███████████

3      Finally, to the extent ██████████████████████████████████████████

4  Roe has less-intrusive and less-burdensome means of obtaining it. Fed.R.Civ.P.

5  26(b)(2)(C)(i). █████████████████████████████████████████

6  ███████████████████████████████████████████████████████████

7  ███████████████████████████████████████████████████████████

8  ████████████████████████████████. If she does not, she is merely engaging in an

9  unlawful "fishing expedition" in the hopes of finding discoverable information. *Tokyo*

10 *Univ. or Social Welfare v. Twitter, Inc.*, 2021 WL 2651304 *3 (N.D. Cal., June 28, 2021).

11     **B.     In the Alternative, Good Cause Exists to Designate The Responsive**

12         **Documents "Confidential."**

13     As currently entered,[2] the Protective Order does not expressly deem the records at

14 issue in this Motion presumptively "Confidential." ECF No. 94, ¶ 2.3. Therefore, in the

15 alternative to the Order quashing the Subpoenas, Puig requests an order designating any

16 responsive documents "Confidential" under the terms of the Protective Order in this

17 Action.

18         **1.     Legal Standard for Protective Orders**

19     "It is well-established that the fruits of pretrial discovery are, in the absence of a

20 court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. U.S.*

21 *Dist. Court*, 187 F.3d 1096, 1103 (9th Cir.1999). Protective orders therefore serve to

22 protect parties and witnesses from the otherwise broad scope of discovery permitted by the

───────────────

23

24  [2] ████████████████████████████████████████████████

25  ███████████████████████████████████████████████████████

26  ███████████████████████████████████████████████████████

27  ████████████████████.

28

Federal Rules. FRCP 26(c), Advisory Comm. Notes (1970); *United States v. CBS, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982). The trial court has wide discretion to impose limits on discovery, beyond those explicit categories of relief listed within Fed.R.Civ.Pro. 26(c)(1). *Id.* A protective order may be issued for good cause merely "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed.R.Civ.Pro. 26(c)(1). "To make a showing of good cause, the party seeking confidentiality has the burden of showing the injury 'with specificity.' [Citation.] The injury shown, however, need be no more than 'embarrassment'; thus, a party need not establish a monetizable injury." *Pearson v. Miller*, 211 F.3d 57, 72-73 (3rd Cir. 2000.)

To determine whether good cause exists to issue a protective order, the trial court employs a two-step analysis: "First, it must determine whether 'particularized harm will result from disclosure of information to the public.'[Citation.]…Second, if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance 'the public and private interests to decide whether [maintaining] a protective order is necessary.' [Citation.]" ███████████████████████████ █████████████████████████████

The Ninth Circuit has adopted a non-exhaustive list of seven "*Glenmede*" factors to determine whether good cause exists to impose a protective order. (*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3rd Cir. 1995); *see Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citing to *Glenmede*); ███████████ ████████████████████████████████████████ ███████████████████████

## 2.    Good Cause Exists to Deem ████████████ Confidential

The *Glenmede* factors strongly support the entry of a protective order with respect to any █████████████████████████████████████.

First, any █████████████████████████████████ ██████████████████████████████████████████,

Indeed, it is difficult to imagine a clearer violation of one's privacy rights than publicly disclosing ██████████ ██████████ Second, any responsive documents (if any) are not of public importance, let alone of any relevance to public health and safety. These factors are invoked where there is an active threat of harm to a community.

Third,

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

1 ██████████████████████████████████████████████████

2 ██████████████████████████████████████████████████

3 ████████████████████████████████████████.

Finally, the remaining *Glenmede* factors are inapplicable and therefore weigh in favor of subjecting any potentially responsive documents to the protective order. Puig is a private citizen. He does not hold a public office. ████████████████████████ ██████████████████████████████████████████

### 3.    Good Cause Exists to Modify the Protective Order ████████████

████████████████

As mentioned *supra*, Puig has recently moved for entry of a protective order on this very issue, which the Court has not yet been ruled upon. ECF Nos. 83 (motion filed under seal), 84 (motion redacted), 93 (minute order), 94 (entered protective order), 105 (reply filed under seal), 106 (reply redacted). Therefore, Puig provides an abbreviated summary of his argument, incorporating by reference the legal and factual analysis in his prior briefing.

First, as noted *supra,* ████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
█████████████

Second, ██████████████████████████████████████████
████████████████████████████████████████████████████

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

██████████████████████████████████████████████████

████████

Third, for those reasons noted *supra*, if any responsive documents do exist, there is an obvious risk of embarrassment (and worse) to the alleged third parties, ████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████

Finally, the remaining *Glenmede* factors are inapplicable and therefore weigh in favor of subjecting any potentially responsive documents to the protective order. Puig is a private citizen. He does not hold a public office. ████████████████████████

██████████████████████████████████████████████████

████████

## VI.   ROE'S CONTENTIONS

### A.   No Good Cause Exists to Quash the Subpoenas

#### 1.   The Legal Standard for Motions to Quash

Federal Rule of Civil Procedure 26(b)(1) permits discovery in civil actions in "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401.

Relevancy to the subject matter of the litigation "has been construed broadly to encompass *any matter* that bears on, or that *reasonably could lead to other matter* that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (italics added). Specifically, "discovery is *not limited* to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Id.* (italics added) (citation omitted).

Rule 26(b)(1) identifies six factors to consider when determining if the proportionality requirements has been met: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to the relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). The proportionality requirement ensures that parties receive information necessary to plead their claims and argue their defenses.

Motions to quash are warranted only where a subpoena requires "the disclosure of privileged or otherwise protected information if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii).

**2.      No Good Cause Exists to Quash the ████████████████**

No  good  cause  exists  to  quash ████████████████████████ ███████████████████████████████████████████████████████ ████████████████████ █████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ████████████████████████. ████████████████████ are  waived. "A nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection has been waived." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005); *See e.g., Creative Gifts, Inc. v. UFO*, 183 F.R.D.

568, 570 (D.N.M. 1998); *Wang v. Hsu*, 919 F.2d 130 (10th Cir. 1990). Nevertheless, Jane

Roe addresses Puig's arguments against the subpoenas to ███████████████ *infra* as

if objections were timely filed by both nonparties.

Evidence that shows intent or motive is *admissible* ██████████████ a higher

standard than discoverability. ████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████

The principles in █████ apply equally here. █████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

The Court has broad discretion to allow production of ███████████ because the Court has broad discretion to permit discovery. *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *Laub v. Horbaczewski*, 331 F.R.D. 516, 521 (C.D. Cal. 2019) ("District courts have broad discretion in controlling discovery. The court has similarly broad discretion in determining relevancy for discovery purposes." (citations omitted)).

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

1  ████████████████████████████████████████

2  ████████████████████████████████████████████

3  ████████████████████████████████████████████

4  ██████████

5  The  documents  subpoenaed  contain  information  that  ████████████

6  ████████████████████████████████████████████

7  ████████████████████████████████████████████

8  ████████████████████████████████████████████████

9  ████████████████████████████████████████████

10  ████████████████████████████████████████████

11  ████████████████████████████████████████████████

12  ████████████████████████████████████████████

13  ████████████████████████████████████████████

14  ████████████████████████████████████████████████

15  ██████████

16  ████████████████████████████████████████████

17  ████████████████████████████████████████████████

18  ████████████████████████████████████████████

19  ████████████████████████████████████████████

20  ████████████████████████████████████████████████

21  ████████████████████████████████████████████

22  ████████████████████████████████████████████

23  ████████████████████████████████████████████

24  ████████████████████████████████████████████████

25  ████████████████████████████. ███████████████████

26  ████████████████████████████████████████████████

27  ████████████████████████████████████████████

28

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

1 ██████████████████████████████████████████████████████████

2 ██████████████████████████████████████████████████████████

3 ██████████████████████████████████████████████████████████

4 ████████████████████████████

5      Furthermore, Jane Roe does not have a "less-intrusive" or "less-burdensome" means

6 of obtaining ██████████████████. Jane Roe attempted other avenues of obtaining the

7 documents by, for example, requesting the documents from Puig himself. Puig refused to

8 comply. Puig fails to prove that a countervailing private interest is at stake; the documents

9 ████████████████████████ contain information accessible to the general public. There

10 is no privacy interest impacted where the information is already public. Moreover, this

11 information is directly relevant to Jane Roe's underlying claims, as Jane Roe has

12 consistently and repeatedly maintained █████████████████████████████████

13 ██████████████████████████████████████████████████████████

14 ██████████████████████████████████████████████████████████

15 ████████████████████████████████████████████

16     **3.     No Good Cause Exists to Quash** ████████████████████

17      No good cause exists to quash the ████████████ because the three-part test Puig

18 applies is inapplicable, Puig lacks standing to object to ██████████████, and even if Puig

19 *did* have standing, the discovery requests do not violate any of the privileges or privacy

20 rights of ██████████████████.

21      First, Puig's three-part test to serving discovery requests upon █████████ is

22 inapplicable because ██████████ is *not* Plaintiff's opposing counsel. Puig cites to both

23 *DoubleDay v. Ruh*, 149 F.R.D. 601, 613 (E.D. Cal. 1993) and *Spectra-Physics v. Superior*

24 *Ct.* (1998) 198 Cal.App.3d 1487, 1494 to assert that "seeking discovery from a client's

25 attorney is 'presumptively improper . . .'" However, this three-part test applies *only* to

26 taking depositions of *opposing* counsel, *not* a non-party attorney. *See Carehouse*

27 *Convalescent Hosp. v. Superior Ct.*, 143 Cal.App.4th 1558, 1562 (emphases added)

28

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

("Depositions of *opposing* counsel are presumptively improper . . . There are strong policy considerations against deposing *an opposing counsel*).

However, "[a]ttorneys are not immune from discovery" just because they are attorneys, and the Federal Rules of Civil Procedure in fact "provide that 'any party may take the testimony of *any person*,' Rule 30(a), and the Rules do not create an absolute bar on discovery from attorneys based on the attorney-client privilege or work product doctrine, *see* Rules 26(b)93), (c)." *DoubleDay*, 149 F.R.D. at 613 (emphasis added). Additionally, the policy considerations that weigh *against* deposing *opposing counsel* are not present in subpoenaing discovery from *any counsel*. *See Carehouse*, 143 Cal.App.4th at 1562–63 (finding policy considerations such as distracting counsel, the opportunity for gamesmanship and abuse, impeding the "civility" between opposing counsel, increased pretrial delays, and chilling the relationship between the deposed attorney and their client all weigh into reasons for courts disfavoring taking the deposition of *opposing* counsel). These considerations and policy rationales are simply not present in the request for discovery from an attorney merely because they are an attorney. *See id.* at 1564 (emphases in original) (internal quotations and citations omitted) ("Discovery may be limited or denied when the facts indicate that one *litigant* is attempting to take advantage of the other or that there is an abusive attempt to ride free on the *opponent's* industry."). Thus, Puig's asserted three-part test, and the entirety of its analysis and application here, is wholly inapplicable. The Court should therefore disregard these arguments in their entirety.

Second, the Court should dismiss ██████ objections except privilege because Puig lacks standing to bring a motion to quash on behalf of a subpoenaed nonparty. "The Ninth Circuit has 'yet to address the question of whether a party has standing to bring a motion to quash since *usually only the subpoenaed non-party may move to quash*.'" *Krenitsky v. Kirsch*, No. 218CV0690WBSDBP, 2020 WL 5017270, at *1 (E.D. Cal. Aug. 25, 2020) (emphasis added) (internal citation omitted). "Generally, a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege retaining to the

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

documents being sought." *Burke v. Basil*, No. 820CV00635JVSJDEX, 2021 WL 400516, at *2 (C.D. Cal. Jan. 29, 2021); *Jiae Lee v. Dong Yeoun Lee*, No. CV198814JAKPVCX, 2020 WL 7890868, at *5 (C.D. Cal. Oct. 1, 2020) *see also Krenitsky*, at *1. Thus, "*only the party which the subpoena is directed* has standing to object to [discovery] requests on the grounds that they are irrelevant, vague, overbroad . . ." *Lee*, at *5.[3] ███████ has indeed made her objections, but the Court should dismiss all objections other than privilege. Puig's Motion expends significant time making disingenuous assertions that counsel for Jane Roe is not concerned with the privacy rights of the other alleged victims. These allegations are not well taken and are wholly inappropriate. Indeed, Puig has *no standing* to assert privacy rights on behalf of *third parties*.  Regardless, Jane Roe has and continues to propose that the ████████████████████████████████████████████████████ ████████████████ .

      Lastly, even if the Court decides Puig has standing to bring all of ██████ objections before the Court, the Court must deny all such objections.  "The scope of discovery is broad," and Plaintiff can seek discovery on "any nonprivileged matter that is relevant to [Plaintiff's] claim [] – including the existence, description . . . and location *of any documents or other tangible things* and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1) (emphasis added). Similar to California's discovery rules, admissibility in federal court is not the test of what is discoverable, and Plaintiff has a right to discover that which "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* When federal courts sit in diversity, such as in this case, courts apply federal law to procedural issues, but "[w]hen parties to a federal diversity

---

[3] ██████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

action raise privilege issues during discovery litigation, [] state law privileges apply." *Lee*, at *6 (citing *In re Cal. Pub. Utils. Comm'n v. Westinghouse Elec. Corp.*, 892 F.2d 778, 781 (9th Cir. 1989) ("In diversity actions, questions of privilege are controlled by state law."). "Therefore, a federal court sitting under diversity in California will apply California law as to the right of privacy," and where it is the "rule of decision," to such other bases for objection. *Id.* (citing Fed. R. Evid. 501 ("But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."). Plaintiff therefore analyzes ███████ objections under such California state law principles.

First, California law requires that the party asserting the privilege has the burden to establish the necessary preliminary facts justifying its assertion of the privilege. *Wellpoint Health Networks, Inc. v. Sup. Ct.* (1997) 59 Cal. App. 4th 110, 123. Plaintiff cannot even engage with the appropriateness of attorney-client privilege, given ███████ evasiveness by not providing which documents are privileged pursuant to the Federal Rules of Civil Procedure 26. *See* Fed. R. Civ. P. 26(b)(5) ("When a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must: . . . (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed" to enable Plaintiff to assess the claim).[4] No document is produced or even identified.

Moreover, the attorney-client privilege "confers a privilege *on the client*," and only "bars discovery of the communication" between the attorney and the client; a court can compel disclosure for purposes necessary, relevant, and/or peculiar to a party's case. *See Costco*, 47 Cal.4th at 732, 734. Here, Jane Roe seeks "reports, interviews, notes," etc. relating ████████████████████████████████. █████████████████████████████████████████████████████████████████████████████████████

---

[4] "The party claiming the privilege has the burden of establishing the preliminary facts necessary to supports its exercise, i.e., a communication made in the course of an attorney-client relationship." *Costco Wholesale Corp. v. Sup. Ct.* (2009) 47 Cal.4th 725, 733.

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

1 ███████████████████████████████████████████████████████

2 ███████████████████████████████████████████████████████

3 ███████████████████████████████████████████████████████

4 ████████████████████████████

5      Next, when again looking to California state law for work product privilege, *Coito*

6 supports disclosure of specific documents. *Coito v. Sup. Ct.* (2012) 54 Cal.4th 480, 489

7 ("[n]onderivative material—material that is only evidentiary in nature—does not constitute

8 work product. Examples of such material include the identity and location of physical

9 evidence or witnesses"). Additionally, █████ has made no "preliminary or foundational"

10 showing that materials are inextricably linked to counsel's "tactics, impressions or

11 evaluation of the case," as California law defines "work product privilege." *See California*

12 *Code of Civil Procedure* § 2018.030(a) ("A writing that reflects an attorney's impressions,

13 conclusions, opinions, or legal research or theories is not discoverable . . ."). This was

14 Defendant's obligation in asserting these privileges. Plaintiff does not seek such privileged

15 material as to █████ impressions and strategies — only such documentation as relates to

16 prior sexual abuse allegations against Puig.[6]

17      Next, █████ objects on the basis of third-party privacy rights. However, this

18 objection is not made in good faith and is ████████████████████████████

19 █████████████████████ The right to privacy is not absolute, even for third

20 parties. *Tien v. Sup. Ct.* (2006) 138 Cal.App.4th 528. In such cases, the court must

21 "carefully balance" the claimed right of privacy with the public interest in disclosure.

---

[5] Ironically, Puig's own counsel, Mr. Reed Aljian, ██████████████████████████████ ███████████████████ ██████████████████████████████████████████ ███████████████████████████████████ ███████████

[6] In *Watt Industries, Inc. v. Sup. Ct.* (1981) 115 Cal.App.3d 802, an attorney was utilized as a business agent between parties that were contracting. *Id.* at 803-04. In discovery, following a dispute, attorneys' notes were requested by the adverse party, which were objected to as "work product." *Id.* at 805. The court ruled no "work product" existed just because the attorney was a licensed attorney. *Id.* at 504-05. In fact, the Court held the opposite: no protection existed because the attorney was merely acting as an "agent" for his client, *not as an attorney*. *Id.* Thus, where █████ acts as a fact-witness, or agent, for her client, such privilege cannot apply.

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

1  *Valley Bank of Nevada v. Sup. Ct.* (1975) 15 Cal.3d 652, 657. This balancing test applies

2  to third-party privacy interests, *Williams v. Sup. Ct.* (2017) 3 Cal.5th 531.

3      Ultimately, ███████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████

14      In California, an individual seeking to prevent disclosure of documents or

15 information on privacy grounds must show: (1) a legally protected privacy interest; (2) a

16 reasonable expectation of privacy under the circumstances; and (3) conduct by the party

17 seeking discovery constituting a serious invasion of the privacy interest. *Cal. Const. Art.*

18 *1*, §1; *see also Vinson v. Sup. Ct.* (1987) 43 Cal. 3d 833, 841-842. ██████████████████

19 ████████████████████████████████████   ████████████████████████████████████

20 ████████████████████████

21      Lastly, ███████ objects that the discovery is overbroad and burdensome in time and

22 scope. The standard for overbreadth and/or undue burden is high: illustrating that the

23 requesting party intends for an unreasonable burden, or, alternatively, the request itself

24

---

25 [7] "[N]ot every act which has some impact on personal privacy invokes the protections of the state's Constitution" and
   furthermore, the "court should not play the trump card of unconstitutionality to protect absolutely every assertion of

26 individual privacy." *Wilkinson v. Times Mirror Corp.* (1989) 215 Cal.App 3d 1034, 1046. ██████████████████████

27 ████████████████████████████████████

28

creates a burden that does not counterbalance the materials sought. In *Mead Reinsurance Co. v. Sup. Ct.* (1986) 188 Cal.App.3d 313, 318, the objecting party prevailed by showing that the party's request would require review over 13,000 claims, requiring five claims adjusters working full-time for six weeks. ████ makes no such showing. ████ ████

████████████████████████████████████████████████████

████████████████████████████ Vagueness's standard is unintelligibility. *See Deyo v. Kilbourne* (1978) 84 Cal.App.3d 771, 783. Additionally, even if the question seems somewhat ambiguous, if the nature of the information sought by the propounding party can be ascertained then an appropriate response is necessary. *Id.* The discovery itself or terms therein must be so confusing that the premise makes little sense. ████ cannot feign confusion to block discovery.

## B.     A Protective Order Is Unwarranted

### 1.     The Legal Standard for Protective Orders

Litigation documents and information produced during discovery are presumptively public. *See Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Unless a party opposing disclosure can show "good cause" for why a protective order is necessary, the public enjoys access to the "fruits of pre-trial discovery." *Phillips*, 307 F.3d at 1210 (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999)).

To make a showing of "good cause," the moving party must show specific prejudice or harm will result without a protective order. *Id.* at 1210-11. The seven factors outlined in *Glenmede Tr. Co. v. Thompson* determine whether good cause exists: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. ██████████████████████████

████████████████████████████████████████████████████████████████████████

█████████████████████████████

## 2. No Good Cause Exists to Modify ████████████████████████

█████████████████████████████

Broad allegations of harm from public disclosure, unsubstantiated by specific examples or articulated reasoning, do not satisfy the good cause test for protective orders. *Id.* at 1210-11; ███████████████████████████████   The test requires particular and specific demonstrations of fact, not stereotyped and conclusory statements. *In re Terra, Inc.*, 134 F. 3d 302, 303 (5th Cir. 1998). █████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████ These are conclusory statements broadly claiming some unidentified harm could occur. This is wholly insufficient.

████████████████████████████████████████████████████████████████████████

██████████████████████████████████ is insufficient to justify a protective order, a contention that is well-backed by case law. *See Glenmede*, 56 F.3d at 484 (3rd Cir. 1995) ("General allegations of injury to reputation and client relationships or embarrassment that may result from dissemination of privileged documents is insufficient to justify judicial endorsement of an umbrella confidentiality agreement"); *Joy v. North*, 692 F.2d 880, 894 (2nd Cir. 1982) (denying protective order where the moving party's only argument was the broad allegation that disclosure of information would "injure the bank in the industry and local community"); *Dept. of Econ. Dev. v. Arthur Anderson & Co. (U.S.A.)*, 924 F. Supp. 449 (S.D. N.Y. 1996) (holding that good cause is not established merely by the prospect of negative publicity). General allegations of injury to reputation or the prospect of negative

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

1  publicity are wholly insufficient to establish good cause.

2  ███████████████████████████████████████████████

3  ███████████████████████████████████████████████

4  ███████████████████████████████████████████████

5  ███████████████████████████████████████████████

6  ███████████████████████████████████████████████

7  ███████████████████████████████████████████████

8  ███████████████████████████████████████████████

9  ███████████████████████████████████████████████

10 ███████████████████████████████████████████████

11 ███████████████████████████████████████████████

12 ████

13    While Puig brushes the public importance of the documents ███████████

14 ███████████████████████████████████████████████

15 ███████████████████████████████████████████████

16 ███████████████████████████████████████████████

17 ███████████████████████████████████████████████

18 ███████████████████████████████████████████████

19 ███████████████████████████████████████████████

20 ███████████████████████████████████████████████

21 ███████████████████████████████████████████████

22 ███████████████████████████████████████████████

23 ███████████████████████████████████████████████

24 ███████████████████████████████████████

25    When ███████████████████████████████████████

26 ███████████████████████████████████████████████

27 ███████████████████████████████████████████████

28

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS

1 ████████████████████████████████████████████████████████

2 ████████████████████, the responsive documents to the subpoena contain information

3 that is publicly available, making them an inappropriate subject of a protective order.

### 3.   No Good Cause Exists to Modify the Protective Order to Include Documents in ████████████

Puig fails to provide good cause to modify the protective order to include the documents in ████ possession. The public interest in disclosure clearly outweighs any privacy interests and Puig has failed, once again, to provide *specific* allegations of harm that could result if disclosure was permitted.

As discussed *supra*, any objections made on the basis of third-party privacy rights are outweighed by the public's interest ████████████████████████. The right of privacy is not absolute, even for third parties, and a court must balance the claimed right of third-party privacy against public interest in disclosure. *Tien*, 138 Cal. App. 4th 528; *Valley Bank of Nevada*, 15 Cal.3d at 657; *Williams*, 3 Cal.5th 531. ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

Moreover, Puig once again fails to allege any specific harm that may result from disclosure of the documents in ████ possession. Puig merely makes general allegations of injury to reputation that may result from disclosure of the documents, which, as discussed *supra*, is an insufficient reason to warrant a protective order.  Puig is required to *specifically allege harm*. Conclusory statements are *not* enough to satisfy the protective order standard.

1  Dated:      August 4, 2021          WERKSMAN, JACKSON, & QUINN LLP

2                                       By: /s/ Alan Jackson

3                                          Alan Jackson
                                           Attorneys for Defendant and Counter-
4                                          Complainant YASIEL PUIG

5

6  Dated:      August 4, 2021          DAILY ALJIAN LLP

7                                       By: /s/ Reed Aljian

8                                          Reed Aljian
                                           Attorneys for Defendant and Counter-
9                                          Complainant YASIEL PUIG

10

11 Dated:      August 4, 2021          MANLY, STEWART, & FINALDI

12

13                                      By: /s/ Taylor Rayfield

14                                         Taylor Rayfield
                                           Attorneys for Plaintiff and Counter-
15                                         Defendant JANE ROE

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION RE MOTION TO QUASH ROE'S SUBPOENAS