# EXHIBIT A
## TO
# ALJIAN DECLARATION

Thursday, August 5, 2021 at 08:58:53 Pacific Daylight Time

**Subject:** Re: Roe v. Puig - Plaintiff responses to Defendant's RFPs.

**Date:** Thursday, July 1, 2021 at 6:42:30 PM Pacific Daylight Time

**From:** John Manly

**To:** Reed Aljian

**CC:** Taylor Rayfield, Caleb Mason, Shawn Burkley, Alan Jackson, Vince Finaldi, Courtney Dorner, Courtney Pendry, Hilda Crowley, Simon Kwak, Joshua D. Klein

talk to the hand.

On Jul 1, 2021, at 9:32 PM, Reed Aljian <ra@dallp.com> wrote:

Mr. Manly,

I am compelled to respond to correct the record you are attempting to falsely manufacture. I never opined as to the abilities of a woman to be lead trial counsel in this or any other case. That is abundantly clear from my emails. I have merely acknowledged your explanation that you will be trial counsel. Man or woman - it makes no difference to the defense team. The law is the law. The facts are the facts.

Now, if you are not lead trial counsel (as you appear to now contend) and Ms. Rayfield is, please make a clear and unequivocal statement to that effect now so that we have no further misunderstandings going forward and there is a clear record for the Court for all future proceedings.

Sincerely,

Reed Aljian
Daily Aljian LLP
949-861-2524

---

**From:** John Manly <jmanly@manlystewart.com>
**Sent:** Thursday, July 1, 2021 6:18 PM
**To:** Reed Aljian <ra@dallp.com>
**Cc:** Taylor Rayfield <trayfield@manlystewart.com>; Caleb Mason <cmason@werksmanjackson.com>; Shawn Burkley <dsburkley@werksmanjackson.com>; Alan Jackson <ajackson@werksmanjackson.com>; Vince Finaldi <vfinaldi@manlystewart.com>; Courtney Dorner <cd@dallp.com>; Courtney Pendry <cpendry@manlystewart.com>; Hilda Crowley <Hilda@dallp.com>; Simon Kwak <sk@dallp.com>; Joshua D. Klein <jklein@dallp.com>
**Subject:** Re: Roe v. Puig - Plaintiff responses to Defendant's RFPs.

Counsel,

My non-response to this correspondence  and your future meanderings shall not be deemed an admission to their contents. Btw the fact you think a woman can't be lead trial counsel in this case

speaks volumes about you & your conduct in this case.

Have a fabulous night.

John C Manly
Manly Stewart & Finaldi


On Jul 1, 2021, at 9:12 PM, Reed Aljian <ra@dallp.com> wrote:


Mr. Manly,

Again, please stop attacking me personally. It is very unbecoming as a member of our bar.  Further, threatening me personally with "you will pay the price" is hypocritical and ironic given your prior emails to me about alleged (and non-existent to date) threats against your firm. It is also not something that is well taken or concerning. Proceed as you think you are legally justified and Defendant will do the same and seek the appropriate remedy.

With that said, I appreciate your written representation that "i [sic] can't wait to get this case to a jury," which is an apparent admission that you will be involved in the trial and Plaintiff's lead counsel. That is another representation that alleviates and contradicts Ms. Rayfield's representation about availability for depositions and her position as trial counsel. We will advise the Court accordingly in connection with our upcoming motion.

Finally, I believe your statement "[h]ave a great night & enjoy your holiday" is not genuine and is meant to be sarcastic. However, to the extent it is genuine, thank you. You as well.

Sincerely,

Reed Aljian
Daily Aljian LLP
949-861-2524

---

**From:** John Manly <jmanly@manlystewart.com>
**Sent:** Thursday, July 1, 2021 5:44 PM
**To:** Reed Aljian <ra@dallp.com>
**Cc:** Taylor Rayfield <trayfield@manlystewart.com>; Caleb Mason <cmason@werksmanjackson.com>; Shawn Burkley <dsburkley@werksmanjackson.com>; Alan Jackson <ajackson@werksmanjackson.com>; Vince Finaldi <vfinaldi@manlystewart.com>;

Courtney Dorner <cd@dallp.com>; Courtney Pendry
<cpendry@manlystewart.com>; Hilda Crowley <Hilda@dallp.com>; Simon Kwak
<sk@dallp.com>; Joshua D. Klein <jklein@dallp.com>
**Subject:** Re: Roe v. Puig - Plaintiff responses to Defendant's RFPs.

Counsel,

Consistently trying to publicly out a sexual assault victim in violation of a court order is
bizarre & clearly tactic to intimidate & harass. The fact you obviously enjoy it is really
troubling. Try outing her again and watch the response from our firm.

The rest of your email is sophomoric nonsense that is not worth responding to. Clearly
you now are on notice and if you publicly identify our client you will pay the price.

On a personal note i can't wait to get this case to a jury. Have a great night & enjoy your
holiday.

JCM

> On Jul 1, 2021, at 8:32 PM, Reed Aljian <ra@dallp.com> wrote:

Mr. Manly,

Please kindly do not attack me personally. Calling me
"perverse" is not appropriate and is a violation of the
rules of professional conduct, among other things. I
have asked you to curb your misconduct in the past,
and I ask again. Please kindly discontinue.

With that said, all I wrote in my email is that Ms. Rayfield
is incorrect factually as to the content of the appendix
and that I am not aware of any Order she contends
exists. However, I invited her to correct my
understanding as to the alleged Order and I invited her
to send a proposed redacted appendix for
consideration. I have been reasonable and cooperative.
As to the alleged Order, I invite you to send it to a
evidence that the names of companies are deemed
confidential.

Now, with that said, I appreciate your written admission
on behalf of Plaintiff that you and your entire firm are
participating in and actively involved in the prosecution
of this case. That certainly alleviates and entirely
contradicts the contention Ms. Rayfield relied upon
regarding the depositions noticed in this case. We will
advise the Court accordingly.

Finally, as to your threats - i.e., that your firm "will
respond with all the tools the law allows for the damage
to our client.. [and] If you doubt my resolve ask around
about me & protecting my clients. You're warned.
Again." These threats are not well taken and they are
not the least bit concerning. The law is the law. You are
welcome to proceed as you deem fit and we will
respond accordingly within the bounds of the law.
However, if you wish to schedule a meet and confer,
with a court reporter present to note every statement
you wish to make, please kindly advise. I am happy to
have that call at your convenience.

Thank you,

Reed Aljian
Daily Aljian LLP
949-861-2524

---

**From:** John Manly <jmanly@manlystewart.com>
**Sent:** Thursday, July 1, 2021 5:06 PM
**To:** Reed Aljian <ra@dallp.com>
**Cc:** Taylor Rayfield <trayfield@manlystewart.com>; Caleb Mason
<cmason@werksmanjackson.com>; Shawn Burkley
<dsburkley@werksmanjackson.com>; Alan Jackson
<ajackson@werksmanjackson.com>; Vince Finaldi
<vfinaldi@manlystewart.com>; Courtney Dorner <cd@dallp.com>;
Courtney Pendry <cpendry@manlystewart.com>; Hilda Crowley
<Hilda@dallp.com>; Simon Kwak <sk@dallp.com>; Joshua D. Klein
<jklein@dallp.com>
**Subject:** Re: Roe v. Puig - Plaintiff responses to Defendant's RFPs.

Counsel,

Let me be clear if you disclose our clients identity publicly you can count
on a massive response by my firm.

Strangely you appear to take perverse joy in trying to torture, shame & out
your clients victim in order to punish her for daring to speak the truth.
However the court made it clear her name is to be confidential. Apparently
you don't agree & intend to violate a Federal court order. Again please be
aware if you disclose her identity in a public filing she & we will respond
with all the tools the law allows for the damage to our client. If you doubt
my resolve ask around about me & protecting my clients.

You're warned.  Again.

JCM

On Jul 1, 2021, at 7:29 PM, Reed Aljian <ra@dallp.com>
wrote:

Ms. Rayfield,

Plaintiff's identity is not disclosed in the
appendix. Further, I am not aware of any
order that prohibits disclosure of company
names. If there is one, please kindly advise.
However, I invite you to send an appendix
with proposed redactions in black and I will
consider your request.

All rights reserved.

Sincerely,

Reed Aljian
Daily Aljian LLP
949-861-2524

---

**From:** Taylor Rayfield <trayfield@manlystewart.com>
**Sent:** Thursday, July 1, 2021 4:18 PM
**To:** Reed Aljian <ra@dallp.com>
**Cc:** Michelle Friis <mfriis@manlystewart.com>; Caleb
Mason <cmason@werksmanjackson.com>; John Manly
<jmanly@manlystewart.com>; Shawn Burkley
<dsburkley@werksmanjackson.com>; Alan Jackson
<ajackson@werksmanjackson.com>; Vince Finaldi
<vfinaldi@manlystewart.com>; Courtney Dorner
<cd@dallp.com>; Courtney Pendry
<cpendry@manlystewart.com>; Hilda Crowley
<Hilda@dallp.com>; Simon Kwak <sk@dallp.com>;
Joshua D. Klein <jklein@dallp.com>
**Subject:** RE: Roe v. Puig - Plaintiff responses to
Defendant's RFPs.

In the appendix that you have attached you did not
redact Plaintiff's company's names.  We ask that you
redact those, because those names will clearly disclose
the identity of Jane Roe.

**Taylor Rayfield**
PARTNER
**MANLY,  STEWART & FINALDI**
19100 Von Karman Avenue, Suite 800
Irvine, CA  92612
Phone: (949) 252-9990

Fax: (949) 252-9991
trayfield@manlystewart.com

<image002.png>

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS PROTECTED BY
THE ATTORNEY-CLIENT AND/OR THE ATTORNEY-WORK PRODUCT PRIVILEGES.
IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL NAMED ABOVE AND
THE PRIVILEGES ARE NOT WAIVED BY VIRTUE OF THIS HAVING BEEN SENT BY
E-MAIL. IF THE PERSON ACTUALLY RECEIVING THIS E-MAIL OR ANY OTHER
READER OF THE E-MAIL IS NOT THE NAMED RECIPIENT, OR THE EMPLOYEE OR
AGENT RESPONSIBLE TO DELIVER IT TO THE NAMED RECIPIENT, ANY USE,
DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS
STRICTLY PROHIBITED.

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Friday, June 25, 2021 2:53 PM
**To:** Taylor Rayfield <trayfield@manlystewart.com>
**Cc:** Michelle Friis <mfriis@manlystewart.com>; Caleb
Mason <cmason@werksmanjackson.com>; John Manly
<jmanly@manlystewart.com>; Shawn Burkley
<dsburkley@werksmanjackson.com>; Morgan Stewart
<mstewart@manlystewart.com>; Alan Jackson
<ajackson@werksmanjackson.com>; Vince Finaldi
<vfinaldi@manlystewart.com>; Courtney Dorner
<cd@dallp.com>; Courtney Pendry
<cpendry@manlystewart.com>; Hilda Crowley
<Hilda@dallp.com>; Simon Kwak <sk@dallp.com>;
Joshua D. Klein <jklein@dallp.com>
**Subject:** Re: Roe v. Puig - Plaintiff responses to
Defendant's RFPs.

Ms. Rayfield,

Attached is a revised Exhibit A to my declaration,
with additional redactions. Please kindly replace
the initial version with this version for purposes
of your analysis and for the filing.

Sincerely,

Reed Aljian
Daily Aljian LLP
949-861-2524

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Friday, June 25, 2021 12:12 PM
**To:** Taylor Rayfield <trayfield@manlystewart.com>
**Cc:** Michelle Friis <mfriis@manlystewart.com>; Caleb Mason <cmason@werksmanjackson.com>; John Manly <jmanly@manlystewart.com>; Shawn Burkley <dsburkley@werksmanjackson.com>; Morgan Stewart <mstewart@manlystewart.com>; Alan Jackson <ajackson@werksmanjackson.com>; Vince Finaldi <vfinaldi@manlystewart.com>; Courtney Dorner <cd@dallp.com>; Courtney Pendry <cpendry@manlystewart.com>; Hilda Crowley <Hilda@dallp.com>
**Subject:** Re: Roe v. Puig - Plaintiff responses to Defendant's RFPs.

Ms. Rayfield,

See attached file with pdf copies of Defendant's Motion to Compel re Document Requests, Set One, my declaration, exhibits, and the notice of motion. The Stipulation identifies the two locations for Plaintiff's position statements. Please send me those in Word format no later than Friday, July 2, 2021. We will then insert them into the brief in the proper locations.

Sincerely,

Reed Aljian

---

**From:** Reed Aljian <ra@dallp.com>
**Date:** Friday, June 11, 2021 at 5:51 PM
**To:** Taylor Rayfield <trayfield@manlystewart.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>, Alan Jackson <ajackson@werksmanjackson.com>, Shawn Burkley <dsburkley@werksmanjackson.com>, Courtney Dorner <cd@dallp.com>, Courtney Pendry <cpendry@manlystewart.com>, Michelle Friis

<mfriis@manlystewart.com>

**Subject:** Re: Roe v. Puig - Plaintiff responses to Defendant's RFPs.

Ms. Rayfield:

1. You state you will not withdraw the general objections, contending: "it is not necessary... [because] [w]e...we specified which specific objection was being asserted for each request." That is not an accurate statement. Each response states: "Responding Party incorporates each of the General Objections..." We maintain the request to withdraw the general objections so that we have a clear understanding of the basis for withholding records.

2. You explained you will supplement your responses to requests 6-7. You do not explain how or when. Today, during our call, you explained you would supplement them "sometime next week, hopefully before Friday." I asked if we could agree to Thursday. You said you would not agree to make any representations about when precisely they would be served.  I asked you to explain how they would be supplemented. You would not tell me. Please kindly provide a date certain. Also, please produce all communications between you or your two firms and the media regarding Defendant or represent and verify that no such communications exist.

3. Before our first call, you wrote: "Plaintiff's [f]inancial information [has] absolutely nothing to do with this litigation.  Plaintiff is not making a claim of loss of earnings or earning capacity." During our first call, I explained your statement was not accurate and I identified the specific paragraphs in the complaint seeking those damages. You then agreed to formally withdraw the

**Page 8 of 22**

request for that relief, presumably to contend that her income is not at issue. It appears that you have rescinded that agreement, contending that: "Plaintiff made it clear in her rule 26 disclosure that she would be seeking emotional distress damages...." That does not address or resolve the issue. The complaint still seeks recovery of loss of earnings and earning capacity and the disclosures do not disavow that claim for relief.  Please kindly advise whether you wish to alter your position and will agree to the proposed stipulation waiving these damages. Or, please withdraw the objections, agree to comply, and provide all responsive employment and income records.

4. Regarding my concerns regarding Plaintiff's statements of compliance, you state: "I will attempt so other way of saying this more clearly in my responses." I do not understand what that means. Perhaps there is a typo. Please clarify.

5. Regarding communications about Defendant, you state: "You served a very broad request asking for all communications no matter who they are with and no matter about what topic.  That is overbroad and invades the right to privacy.  If you would like to narrowly tailor that request to only communications about Mr. Puig, her interactions with him and any resulting damage then I will search to see if any exist." We are entitled to any communications she (or you) had with any third party about my client - they are relevant, are not privileged, and are discoverable.  The claims of privacy cannot be supported based upon her allegations in her complaint. It appears that you are willing to produce some documents, but it is unclear what exactly. Regardless,

anything mentioning Defendant, directly or indirectly, must be produced.

Please respond to my questions herein in a response email.  Further, I encourage you to consider this email and my prior email when supplementing Plaintiff's discovery responses so that we can resolve Defendant's concerns informally.  If you have any proposed compromises, please advise.

Sincerely,

Reed Aljian
Daily Aljian LLP
949-861-2524

---

**From:** Taylor Rayfield <trayfield@manlystewart.com>
**Sent:** Wednesday, June 9, 2021 3:25 PM
**To:** Reed Aljian <ra@dallp.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>; Alan Jackson <ajackson@werksmanjackson.com>; Shawn Burkley <dsburkley@werksmanjackson.com>; Courtney Dorner <cd@dallp.com>; Courtney Pendry <cpendry@manlystewart.com>; Michelle Friis <mfriis@manlystewart.com>
**Subject:** RE: Roe v. Puig - Plaintiff responses to Defendant's RFPs.

I have provided responses below in red.  With regards to the issues that have already been responded to in writing and over the phone multiple times now I did not go through reiterating everything again.

**Taylor Rayfield**
PARTNER
**MANLY,  STEWART & FINALDI**
19100 Von Karman Avenue, Suite 800
Irvine, CA  92612
Phone: (949) 252-9990
Fax: (949) 252-9991
trayfield@manlystewart.com

<image003.png>

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS PROTECTED BY THE ATTORNEY-CLIENT AND/OR THE ATTORNEY-WORK PRODUCT PRIVILEGES. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL NAMED ABOVE AND THE PRIVILEGES ARE NOT WAIVED BY VIRTUE OF THIS HAVING BEEN SENT BY E-MAIL. IF THE PERSON ACTUALLY RECEIVING THIS E-MAIL OR ANY OTHER READER OF THE E-MAIL IS NOT THE NAMED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE NAMED RECIPIENT, ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Tuesday, June 8, 2021 5:40 PM
**To:** Taylor Rayfield <trayfield@manlystewart.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>;
Alan Jackson <ajackson@werksmanjackson.com>;
Shawn Burkley <dsburkley@werksmanjackson.com>;
Courtney Dorner <cd@dallp.com>
**Subject:** Fw: Roe v. Puig - Plaintiff responses to Defendant's RFPs.

Ms. Rayfield,

First, as I have previously requested, please include Alan Jackson on all communications.

Second, I write regarding our call yesterday morning with respect to our meet and confer efforts regarding Plaintiff responses to Defendant's Document Requests, Set One:

1. General Issues:
   a. <u>General Objections</u>. The responses include general objections. They are not proper. I asked whether Plaintiff would provide amended responses, formally withdrawing the general objections and all references to them. You said you would think about and requested legal authority. Here is the authority you requested. *Infanzon v. Allstate Insurance Company* (C.D. Cal. 2020) 335 F.R.D. 305, 311 ("Plaintiff used prohibited general objections to all the requests and recited boilerplate objections to each of the individual requests.") Please amend and withdraw. <span style="color:red">I have reviewed the case and it is not necessary for us to withdraw the general objections at the beginning. We complied with Rule 34 and we specified which specific objection was being asserted for each request.</span>

b. <u>Objections Re PCC When In Attorney's Possession</u>. In your email below, you state "[i]t was made clear [to Defense counsel] that the Plaintiff does not have possession, custody or control over her attorney's communications with others and that Plaintiff does not have any documents of her own because they never existed.  As such there is nothing else to supplement." This is in reference to RFPs 6-7, but theoretically could relate to most of the responses. As a matter of law, the premise of your position is without merit. You requested authority. Here is the authority you requested. *In re Cathode Ray Tube (CRT) Antitrust Litigation* (N.D. Cal., Nov. 14, 2014, No. 1917) 2014 WL 12647879, at *2 ("Documents in the possession of a party's counsel are deemed within that party's possession, custody or control within the meaning of FRCP 34.) Please amend accordingly.   <span style="color:red">I will supplement RFP 6 and 7.</span>

c. <u>Internet versus texts</u>. You stated that text messages are not communications over the internet and, therefore, would not be responsive to RFP 19. This is a peculiar argument. Therefore, I want to be sure that is Plaintiff's position. Please kindly advise.  <span style="color:red">Yes you asked for internet or social medical communications.  Where you wanted text messages you made that clear in your earlier requests.</span>

d. <u>Damages Waiver</u>. Your email below states "Plaintiff's Financial information [has] absolutely nothing

to do with this litigation.  Plaintiff is not making a claim of loss of earnings or earning capacity." This is a false statement as to the nature of the damages requested.  Paragraphs 3-4 of the Prayer in Plaintiff's Operative Complaint seeks entry of judgment for Plaintiff and against Defendant for, among other things, "loss of earning capacity... [and] ... loss of future earnings." You explained that Plaintiff would formally withdraw that requested relief. Defendant requests that the parties enter a stipulation and proposed order formally withdrawing these claims damages. Please confirm your agreement and we will prepare the draft.  Plaintiff made it clear in her rule 26 disclosure that she would be seeking emotional distress damages, she already made that formal statement.

e. <u>Compliance with FRCP 34</u>. The response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. FRCP 34. In other words, it must state whether there will be compliance or not and, if so, why not. We contend Plaintiff's responses do not satisfy the FRCP because it is unclear whether responsive documents exist and are being withheld. We request a statement of compliance or non-compliance, and a list of the documents being withheld, if any, unless not identifying those documents is otherwise permitted or required to preserve some right

under the law. If so, please kindly
advise.   I still don't understand what
else it is that you want as we have
stated whether documents exist or
not and then identified the documents
that existed.  I will attempt so other
way of saying this more clearly in my
responses.  I have complied with
FRCP 34 as I specifically stated the
objections and then specifically
identified the documents.

f. <u>Comms About Defendant</u>. You
agreed to produce communications
with Plaintiff. However, in your
responses, you did not agree to
produce documents and
communications about Plaintiff or
communications with any other
parties during the specific periods
requested about Defendant.  During
our call, you agreed to search for any
communications in Plaintiff's PCC
that relates to or refers to Defendant,
directly or indirectly (i.e., documents
and communications about
Defendant, whether by you or your
client, not including privileged
communications between you and
your client). We have an impasse
regarding the other communications,
including any record of how many
communications she had during any
particular time, which we consider
directly relevant given her
accusations, thereby overcoming any
privacy concern.  I'm not sure what
you are asking me to do here.  You
served a very broad request asking
for all communications no matter who
they are with and no matter about
what topic.  That is overbroad and
invades the right to privacy.  If you

<span style="color:red">would like to narrowly tailor that request to only communications about Mr. Puig, her interactions with him and any resulting damage then I will search to see if any exist.</span>

2. <u>Next Steps</u>. I believe you said you would consider the authority provided and whether Plaintiff would serve amended or supplemental responses to accomplish the following: (a) withdraw the general objections, (b) withdraw objections that do not apply (for example, an objection based upon privacy where you contend no responsive documents exist - therefore, the objection was asserted with no legal or factual merit), (c) provide a clear statement of compliance or inability to comply, (d) produce the records that have been withheld improperly (if any), and (e) provide a privilege log for anything withheld based upon privilege (except for communications between plaintiff's attorneys and plaintiff, assuming no any third parties were involved).  Also, I believe you were going to perform the search for your communications that, as I believe we have established, are deemed in your client's PCC.

3. <u>RFPs By Request; Defendant's Request To Avoid Motion</u>. Note that I have provided a basic description of the request for purposes of this meet and confer email only. Please rely upon the exact request for appropriate analysis.

   a. RFP 1 (relied upon for allegations in complaint) - Please withdraw general objections and reference to same, withdraw privacy objection if no records subject to privacy actually exist, and provide statement of compliance or inability to comply, observing authority under *In re*

*Cathode Ray Tube (CRT) Antitrust Litigation.*

b. RFP 2 (regarding allegations in complaint) - Please withdraw general objections and reference to same, withdraw privacy objection if no records subject to privacy actually exist, and provide statement of compliance or inability to comply, observing authority under *In re Cathode Ray Tube (CRT) Antitrust Litigation.* In addition, a rule compliant response will advise whether there is a category of records that cannot be produced because they do not exist (which is the content of your response to No 1). Based upon a review of the records produced, it appears Plaintiff cannot comply, in part, because she does not have certain of those responsive document, including communications between the parties (likely because they were deleted). When amending, please verify that she is unable to comply if there are records that were destroyed or no longer exist. Please be advised that this relates to any other RFP where the response would be appropriate.

c. RFP 3 (regarding Defendant and DOES) - Please withdraw general objections and reference to same, withdraw privacy objection if no records subject to privacy actually exist, and provide statement of compliance or inability to comply, observing authority under *In re Cathode Ray Tube (CRT) Antitrust Litigation.*

d. RFP 4 (regarding plans to attend game) - Please withdraw general objections and reference to same, withdraw privacy objection if no records subject to privacy actually exist, and provide statement of compliance or inability to comply, observing authority under *In re Cathode Ray Tube (CRT) Antitrust Litigation.*

e. RFP 5 (regarding attendance at game) - Please withdraw general objections and reference to same, withdraw privacy objection if no records subject to privacy actually exist, withdraw burden and breadth objection for same reason, and provide statement of compliance or inability to comply, observing authority under *In re Cathode Ray Tube (CRT) Antitrust Litigation.*

f. RFP 6 (regarding statements with media) - Please withdraw general objections and reference to same, withdraw privacy objection if no records subject to privacy actually exist, and provide statement of compliance or inability to comply, observing authority under *In re Cathode Ray Tube (CRT) Antitrust Litigation.* During our call, I asked whether any such communications existed. Your response was "I do not know" and "I do not have access to records at my old firm."  Therefore, I ask that you confirm in writing you will search your communications at your firm and will contact your prior firm so that any responsive documents are identified and produced.

g. RFP 7 (regarding communications with media) - Same as No. 6.

h. RFP 8 - (regarding communications with third parties regarding claims, including security and police) - Same as No. 6.

i. RFP 9-10 (regarding experts) - As you have a continuing obligation to supplement, we defer these requests

regarding experts at this time, with a reservation of rights to seek them at a later date.

j. RFP 11 (communications and telephone records during limited time periods) - Please withdraw general objections and reference to same, withdraw relevance objection (her communications during this time period are clearly relevant to her claims), and provide statement of compliance or inability to comply. If documents are being withheld, please identify with specificity the records that exist and that Plaintiff does not agree to produce and, if so, why.

k. RFP 12 (credit card records during limited periods) - The requested information is very relevant and discoverable to allow Defendant to reconstruct Plaintiff's activities in the week that followed the alleged incident. Defendant is entitled to present those historical facts to the trier of fact in defense of her allegations. Defendant is also entitled to use that information to refresh Plaintiff's recollection at her deposition of what she did immediately after the alleged incident. Therefore, please withdraw the objections and provide a compliant response.

l. RFP 13 (regarding activities during week after alleged incident) - Please withdraw general objections and reference to same, withdraw privacy objection if no records subject to privacy actually exist, withdraw vague and ambiguous objection, withdraw

relevance objection, and provide statement of compliance or inability to comply, observing authority under *In re Cathode Ray Tube (CRT) Antitrust Litigation.*

m. RFP 14 (regarding residence) - Defendant withdraws this request subject to a verified statement under penalty of perjury regarding the County of residence.

n. RFP 15 (regarding damages claimed) - Please withdraw general objections and reference to same and provide statement of compliance without the limitation provided in the current response.

o. RFP 16 (regarding pre-existing medical issues) - Please withdraw general objections and reference to same, withdraw privacy objections (privacy is waived for purposes of this litigation based upon nature of claims), withdraw relevance objection (it is relevant as she has placed her medical history at issue) and provide statement of compliance or inability to comply without the limitation provided in the response.

p. RFP 17 (regarding names of medical providers in last 7 years) - Same as 16.

q. RFP 18 (regarding damages claimed) - Same as 16.

r. RFP 19 (regarding internet and social media communications) - Please withdraw general objections and reference to same and all specific objections. None of these are privileged or subject to right of privacy given nature of request and claims at issue. Further, please provide statement of compliance or

inability to comply without the limitation provided in the response. Please also provide a response regarding my question as to the internet versus text messaging. Finally, Plaintiff is required to produce not only her communications, but those of her attorneys, as previously explained.

s. RFP 20 (expenses incurred regarding alleged damages) - Same as 18.

t. RFP 21-23 (insurance policy and claims information) - Please withdraw general objections and reference to same, withdraw privacy objections (privacy is waived for purposes of this litigation based upon nature of claims), withdraw relevance objection (it is relevant as she has placed her medical history at issue), withdraw scope objection (for same reason) and provide statement of compliance or inability to comply without the limitation provided in the response. Be sure to produce all medical expenses.

u. RFP 24 (Plaintiff's resume) - Subject to a formal waiver of loss wages and lost earnings, and Plaintiff's representation she does not have one, Defendant will defer this issue at this time with a full reservation of rights.

v. RFP 25 (employment information) - The information is relevant to Plaintiff's bias and motivations in this case. Rather than report the event to security, to police, etc., she chose to send a demand to Defendant seeking money to keep quiet. Therefore, please withdraw the objections and

provide a compliant response.

w. RFP 26 (wage information) - Same as 25.

4. Responsive Documents. Upon amendment, please further produce all responsive documents.

Please kindly respond in writing on or before Friday, June 11, 2021.  Obviously, my hope is that we can come to an agreement on all alleged deficiencies. However, at a minimum, I hope you will agree to at least a portion of these requests so that we can narrow the issues that must be presented to the Court.


Sincerely,

Reed Aljian

---

**From:** Taylor Rayfield <trayfield@manlystewart.com>
**Sent:** Monday, June 7, 2021 9:13 AM
**To:** Reed Aljian <ra@dallp.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>; Courtney Dorner <cd@dallp.com>; Hilda Crowley <Hilda@dallp.com>; Shawn Burkley <dsburkley@werksmanjackson.com>
**Subject:** RE: Roe v. Puig - Plaintiff responses to Defendant's RFPs.

On April 27th at 4:45pm I was sent the meet and confer letter when we had a meet and confer phone call scheduled April 28th at 11am.  Mr. Mason, Ms. Pendry and I participated in that meet and confer call.  Now you have joined in the case and have requested a second meet and confer call.  Therefore let this email serve as my written response to the original letter and what was discussed during  the April 28th phone call.

First, there were multiple references in the letter as well as on the phone about Plaintiff's pre-litigation demand that was made.  Please note that the demand was made under the mediation privilege and as such is confidential information, and shall not be disclosed to anyone. Therefore if you plan on attaching that letter to any briefing that is filed with the Court that is not to be disclosed.

To attempt to make this easier I have addressed each RFP individually:

RFP 1/8/24:  we stated that responding party does not have any documents responsive to this request in her possession custody or control because such documents never existed.  We fully complied and answered the question.

RFP 2/3/15: We specifically identified documents that were responsive to this request and produced most of them.  The only documents identified that were not produced were documents that we were still waiting to obtain.  I had every intention of producing them but seeing as how there is continually argument over confidentiality I do not feel comfortable producing these medical records until we have a confidentiality order in place.  I had gone back and forth with Mr. Puig's counsel over a protective order which seems like they stopped working on when they decided to withdraw as counsel.  There is nothing that was withheld from the response and as such nothing to supplement.

RFP 4/5/19/21/23: We identified the responsive documents and produced them.  There is nothing else to supplement.

RFP 6/7:  It was made clear that the Plaintiff does not have possession, custody or control over her attorney's communications with others and that Plaintiff does not have any documents of her own because they never existed.  As such there is nothing else to supplement.

RFP 9/10:  We stated our objections regarding work product and premature disclosure of experts.  Until we designate experts then they are consultants and as such none of their information is discoverable and everything I've done is work product.

RFP 11:  This is an overbroad request and invades her right to privacy.  It asks for all messages on certain days.  Her texting someone about what she is purchasing from the grocery store, what time she is going to work out, if she was buying a new puppy (all made up examples) would have no relevance to this current action.  She

produced all of her communications with Mr. Puig.  The request is way overbroad and is requesting her private messages with other people that have no connection or relevance to the litigation.

RFP 12/25/26:  Plaintiff's Financial information have absolutely nothing to do with this litigation.  Plaintiff is not making a claim of loss of earnings or earning capacity.  Based on the arguments made in the letter and on the meet and confer call then every single plaintiff in every single personal injury lawsuit would be required to turn over all of their financial information since a civil lawsuit is for money, and according to your argument the only reason people would seek money is because they are trying to extort the defendant and they are poor.  This is clearly not the law.

RFP 13:  Plaintiff's activities on those days, other than the activity at or around the time of the assault are irrelevant to the litigation.

RFP 14: Plaintiff's residence has nothing to do with this litigation.  Where she lived has no relevance to any cause of action or affirmative defense.

RFP 16:  Plaintiff made it clear that she did not have any mental health conditions prior to October 31, 2018 and therefore there are no medical records.  Plaintiff's other medical history is not put at issue by the filing of this complaint and as such is not relevant to this litigation and are protected by her rights to privacy.

RFP 17:  Plaintiff provided the names for the medical professionals that relate to the litigation.  Plaintiff's other medical history is not put at issue by the filing of this complaint and as such is not relevant to this litigation and are protected by her rights to privacy.

RFP 18/20:  We identified the responsive documents and some were produced and the only reason why some were not was because we had not received those records yet.

RFP 22: We have produced and are working on producing the medical billing for the doctors identified. We will make sure that the billing identifies the Howell adjusted numbers.


**Taylor Rayfield**
PARTNER
**MANLY,  STEWART & FINALDI**
19100 Von Karman Avenue, Suite 800
Irvine, CA  92612
Phone: (949) 252-9990
Fax: (949) 252-9991
trayfield@manlystewart.com

<image003.png>

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS PROTECTED BY THE ATTORNEY-CLIENT AND/OR THE ATTORNEY-WORK PRODUCT PRIVILEGES. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL NAMED ABOVE AND THE PRIVILEGES ARE NOT WAIVED BY VIRTUE OF THIS HAVING BEEN SENT BY E-MAIL. IF THE PERSON ACTUALLY RECEIVING THIS E-MAIL OR ANY OTHER READER OF THE E-MAIL IS NOT THE NAMED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE NAMED RECIPIENT, ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

---

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Wednesday, June 2, 2021 9:18 AM
**To:** Taylor Rayfield <trayfield@manlystewart.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>; Courtney Dorner <cd@dallp.com>; Hilda Crowley <Hilda@dallp.com>; Shawn Burkley <dsburkley@werksmanjackson.com>
**Subject:** Roe v. Puig - Plaintiff responses to Defendant's RFPs.


Ms. Rayfield,

I write to follow up regarding the attached letter and the parties' prior telephonic meet and confer regarding the discovery at issue in the letter. I will be involved in the drafting of the related filings. I have read the correspondence. Given

the nature of the dispute, I'd like to schedule a second telephonic discussion with you and/or another member of your team in hopes of resolving these relatively clear and straightforward issues.

Please kindly advise whether you are agreeable to another call for these purposes? If so, please advise if today or tomorrow works with your schedule.  My goal is to at least reduce the number of disputes that must be presented to the Court.

Additionally, I do not have a written response to the attached letter. If one exists, I would appreciate you sending a copy. If one does not, can you kindly confirm that for me. Finally, if you do not wish to speak, please kindly advise so that we can proceed accordingly.

Sincerely,

Reed Aljian
Daily Aljian LLP
949-861-2524