UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 20-11064 FMO (MRWx) | Date | August 13, 2021 |
|---|---|---|---|
| Title | Roe v. Puig | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | Veronica Piper | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | Attorneys for Defendant: |
| | n/a | n/a |

**Proceedings:**  ORDER AMENDING PROTECTIVE ORDER

     1.    Judge Wilner previously entered a protective order in this action pursuant to Federal Rule of Civil Procedure 26(c) and the parties' agreement. (Docket # 94.) That order put off to another day a key issue upon which the parties could not agree: What to do with "investigative records" generated by or obtained from law enforcement agencies. (Docket # 83-3 at 2 (defense proposed protective order).)

     2.    That day has come. Based on a close review of Ninth Circuit authority and in an exercise of discretion, the Court AMENDS the protective order to include law enforcement materials in the definition of "confidential information or items" in the order.

     3.    That determination is without prejudice to a later request to de-designate a specific item. It also does not govern the sealing of materials in connection with a dispositive motion in the action. <u>Ground Zero Center for Non-Violent Action v. U.S. Dep't of Navy</u>, 860 F.3d 1244, 1261 (9th Cir. 2017) ("We also require parties to show 'compelling reasons' to justify sealing documents attached to dispositive motions and other filings that relate to the merits of a case").

     4.    Finally, the Court expressly notes that the protective order should not be construed to limit Plaintiff's ability to <u>obtain</u> materials related to law enforcement investigations; it only reaches to the conditions of how those items will be <u>used</u> in the litigation.[1]

* * *

---

[1] See Note 2 below for more guidance.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 20-11064 FMO (MRWx) | Date | August 13, 2021 |
|---|---|---|---|
| Title | Roe v. Puig | | |

5.      The basic principles regarding the entry of a protective order governing discovery are not in dispute. A court may enter an order under Federal Rule of Civil Procedure 26(c)(1) to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or expense" arising from federal litigation. The court's order may, among other things, "specify[ ] terms [ ] for the disclosure or discovery," or "limit[ ] the scope of disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B, D).

6.      Pretrial discovery in civil actions is "largely 'conducted in private as a matter of modern practice,' so the public is not presumed to have a right of access to it." Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984)). As a result, "private materials unearthed during discovery" are typically "not part of the judicial record," nor are they automatically subject to public dissemination. Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010).[2]

7.      When a party seeks a protective order to limit or prevent discovery, that party bears the burden of demonstrating "good cause" for the relief. Fed. R. Civ. P. 26(c)(1). If the parties disagree about the entry of a protective order, the good cause showing leads to a two-pronged inquiry.

8.      First, the court must determine whether "particularized harm will result from disclosure of information to the public." Phillips v. General Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," generally do not establish good cause; a litigant must face "specific prejudice or harm." Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted). However, a court may make a common sense evaluation of the likely result of disclosure of materials. Rivera v. NIBCO Inc., 364 F.3d 1057, 1064-66 (9th Cir. 2004) (restricting discovery into immigration status of workers; potential burdens of retaliatory discharge, deportation, or criminal prosecution "constitutes a substantial burden")

---

[2]     To be clear, if a litigant obtains an investigative record "through means independent of the court's processes," the protective order in this litigation will not forbid dissemination of that material. Seattle Times, 467 U.S. at 34; Ground Zero Center, 860 F.3d at 1258 (same). This principle may have application to records that Plaintiff and her lawyers have obtained and provided the Court during this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 20-11064 FMO (MRWx) | Date | August 13, 2021 |
|---|---|---|---|
| Title | Roe v. Puig | | |

    9.    Second, if harm may occur, the court must "balance the public and private interests to decide whether [maintaining] a protective order is necessary." In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) (quotation omitted). The factors to be considered under the second inquiry are:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

Id. at n.5 (quoting Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995)).

    10.    A district court's decision regarding the entry of a protective order or the designation of materials is reviewed on appeal for abuse of discretion. Phillips, 307 F.3d at 1210.

\* \* \*

    11.    The Court has little doubt that Defendant Puig adequately articulated specific potential harm if investigative materials obtained in civil discovery are disclosed to the public. Without disclosing details of the few records that the Court has reviewed (Docket # 105-2), information related to past or ongoing criminal investigations has the obvious potential to cause personal or professional harm. Beckman Indus., 966 F.2d at 476. This goes well beyond a "general allegation of injury to reputation" as Plaintiff alleges. (Docket # 89 at 8.) Unproven (and perhaps unprovable) allegations of criminal conduct circulating in traditional or social media can patently cause harm to the subject. Defendant has established the potential for harm deriving from disclosure of this information. Phillips, 307 F.3d at 1212; Rivera, 364 F.3d at 1064-66.

    12.    Application of the Glenmede / Archbishop factors presents a closer call. The Court is hampered by the thin presentations by both sides as to whether police reports are (or contain) information that is public or not. The parties rely on snippets of California Government Code section 6254 and a minimal amount of judicial analysis of that statute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 20-11064 FMO (MRWx) | Date | August 13, 2021 |
|---|---|---|---|
| Title | Roe v. Puig | | |

Neither set of briefs is convincing, frankly, nor did either side persuasively explain whether materials obtained from law enforcement investigators should presumptively be considered public or private.

     13.    To that end, the Court has minimal insight as to whether the police agencies have a "privacy interest" in their materials (factor 1). Federal and local officials often assert investigatory or deliberative process privileges to restrict access to their records in discovery, whether by judge-made law or statutory protection. See, e.g., 5 U.S.C. § 552(b)(7) (law enforcement protections under Freedom of Information Act). Certainly, Mr. Puig and any complaining or percipient witnesses have a privacy expectation in statements given to the police regarding their conduct. This is of particular concern at present because (as far as the Court knows) no criminal charges have been filed. This factor weighs in favor of a protective order.

     14.    So too does factor 3, which redundantly asks whether disclosure would cause a party embarrassment. Public disclosure of a law enforcement investigation into allegations of criminal conduct is the type of information that rational people would want to avoid for very personal reasons. This consideration also tilts in Defendant's direction

     15.    Factors 4 (information important to public health and safety) and 7 (case involving important public issues) favor disclosure. This civil case and the proposed discovery do not relate to private issues such as a business dispute or ownership of property. To the contrary, they touch on important interpersonal questions – and issues of physical security – that are at the forefront of social discussion today. Information about assaultive conduct involves a topic of real public interest.[3]

     16.    The most puzzling factor to consider is number 2: Whether the information is sought or will be disclosed for a "legitimate purpose or for an improper purpose."

---

[3]     I closely read the district court's opinion in Todd v. Lovecruft, 2020 WL 60199 (N.D. Cal. 2020), upon which Plaintiff relies to emphasize this point. (Docket # 89 at 12.) That decision certainly stated that issues about "rape and sexual assault [are] unquestionably controversial, but the controversy itself serves to demonstrate that it is a matter of public interest and debate." Todd, 2020 WL 60199 at *13.

    However, the district court allowed the parties to file redacted materials discussing the conduct. Id. at n.3, 4, 8. Moreover, the specific issue in Todd was not the scope of a protective order for discovery. Rather, it involved adjudication of an anti-SLAPP motion regarding very public tweets that discussed the assault allegations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 20-11064 FMO (MRWx) | Date | August 13, 2021 |
|---|---|---|---|
| Title | Roe v. Puig | | |

Glenmede Trust, 56 F.3d at 483. Plaintiff's papers are noticeably silent on this point – she entirely avoided any explanation about her plans for this information. (Docket # 89 at 11-12.) And what's also noticeable is that the current situation does not involve outsiders to the litigation trying to obtain important information from insiders in the action. See, e.g., Phillips (newspaper attempting to obtain auto safety information from litigation); Archbishop (parishioners seeking information about pedophile priests employed in region).

17. To the contrary, Plaintiff simply appear to want to retain the ability to use this information in any fashion during this lawsuit. Given the clear sensitivity of the information – and the fact that no police agency has brought criminal charges against Mr. Puig to date – the defense's supposition that Plaintiff plans to use these investigative records "as a bludgeon to coerce" a settlement is a colorable possibility. (Docket # 83 at 9.) It also weighs in favor of a reasonable protective order to prevent potential misuse of this information to gain an unfair litigation advantage. AFM v. MGM, No. CV 17-2704 GW (MRWx), 2017 WL 10544625 at *2 (C.D. Cal. 2017) (party's stated intention to use discovery materials to advance separate disciplinary proceedings against union members implied "abuse of the Court's process").[4]

18. On balance, then, the Court exercises its discretion to grant the request to expand the protective order to include law enforcement investigative materials. Phillips, 307 F.3d at 1210. As stated above, the Court emphasizes that it is not precluding or preventing Plaintiff from obtaining these materials in discovery at this stage.[5] The protective order will only limit the manner by which the parties store and use the items in the litigation. But sensitive information about uncharged allegations of serious misconduct rightly requires judicial management under Rule 26(c). The protective order will be modified as Defendant requests.

\* \* \*

---

[4] Factors 5 (sharing of info among litigants) and 6 (beneficiary of order is public official) do not apply in the current circumstance and don't necessitate analysis.

[5] That may be a topic of a pending motion to quash third party subpoenas. (Docket # 119.) Without tipping my hand about the future of that motion (the parties may be submitting supplemental briefs shortly), I note that the defense advanced an alternative argument that materials responsive to those subpoenas should be subject to the protective order under discussion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 20-11064 FMO (MRWx) | Date | August 13, 2021 |
|---|---|---|---|
| Title | Roe v. Puig | | |

19. The Court declines to award Rule 37(a)(5) fees regarding this motion. The Court concludes that Plaintiff's position regarding the single disputed provision of the protective order was likely "substantially justified" under the rule.