JOHN C. MANLY, Esq. (CA SBN 149080)
VINCE W. FINALDI, Esq. (CA SBN 238279)
ALEX E. CUNNY, Esq. (CA SBN 291567)
COURTNEY P. PENDRY (CA SBN 327382)
HALEY AANESTAD, Esq. (CA SBN 334382)
**MANLY, STEWART, & FINALDI**
19100 Von Karman Avenue, Suite 800
Irvine, CA 92612
Phone: (949) 252-9990
Facsimile: (949) 252-9991
*Attorney for Plaintiff Jane Roe*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

| | |
|---|---|
| JANE ROE,<br><br>        Plaintiff,<br><br>    v.<br><br>YASIEL PUIG; and DOES 1-10, inclusive,<br><br>        Defendants. | CASE NO. 2:20-cv-11064-FLA-MRW<br><br>**PLAINTIFF JANE ROE'S "POCKET BRIEF" FOR ISSUES LIKELY TO BE RAISED AT DEPOSITION OF PLAINTIFF: (1) SEXUAL HISTORY QUESTIONING AND (2) QUESTIONING REGARDING EMPLOYMENT.** |

///

I.  **INTRODUCTION**

In light of the Court's suggestion at the August 10, 2021 Status Conference, the Plaintiff Jane Roe (the "Plaintiff") submits the instant Pocket Brief to provide background for the Court to rule on objections at the deposition of the Plaintiff.[1] Specifically, the Court offered to review further briefing on two discreet topics: (1) whether questioning would be permitted into the Plaintiff's sexual history, and if so, to what extent, and (2) whether the Plaintiff could be questioned about her emotional distress at work, without reference to her economic losses (which Plaintiff agrees to waive).

As to the Plaintiff's sexual history, the Plaintiff categorically objects to any questioning about her sexual history, as it is violative of her right to privacy, and directly violates the Rape Shield Law protections of *Federal Rule of Evidence* 412.

As to the Plaintiff's economic losses, the Plaintiff has agreed to withdraw her economic losses, however, Defendant has insisted that with that withdrawal, she agree to ***also withdraw any claims for emotional distress arising at her employment.*** The case law is clear that such a broad waiver is not required, thus, the Plaintiff's earnings and economic losses are not proper area of inquiry, while questioning into the emotional distress suffered while at-work is. Thus, the Plaintiff provides further briefing on these two points.

///

---

[1] Counsel for Defendant Yasiel Puig (the "Defendant") initially set the deposition of the Plaintiff to occur at the Roybal Federal Building and United States Courthouse for September 7, 2021. On August 10, 2021, the Court suggested the parties may file Pocket Briefs, not to exceed 10 pages in length on the two (2) issues set forth in this briefing. On August 18, 2021, the Plaintiff's deposition was then re-noticed for The Sullivan Group of Court Reporters located in Long Beach, California. Though the deposition has moved, Plaintiff's counsel reached out to counsel for Defendant on August 26, 2021 to confirm that Pocket Briefs would still be filed for the Court's benefit, or alternatively, that the Defendant would agree not to seek testimony on the subject matter. Counsel for Defendant responded that the Pocket Briefs were now unnecessary that the deposition would not occur at the Courthouse, though Defendant would still seek examination of Plaintiff on those contested topics. Plaintiff is filing this Pocket Brief to comply with the Court's directive at the August 10, 2021 Status Conference.

**PLAINTIFF JANE ROE'S POCKET BRIEF RE: ISSUES LIKELY TO BE RAISED AT DEPOSITION OF PLAINTIFF**

## II. THE PLAINTIFF'S SEXUAL HISTORY IS AN EXPRESSLY PROHIBITED SUBJECT OF QUESTIONING FOR DEFENDANTS.

Any attempt by Defendant Puig to question the Plaintiff regarding her sexual conduct with individuals other than him, is categorically prohibited under the application of California *Code of Civil Procedure* ("*C.C.P.*") §2017.220. This substantive provision of state law, aimed at protecting victims of sexual harassment, abuse and assault, prohibits discovery into this area unless, and until, a motion is granted for "good cause." No such motion has been granted, much less filed, thus, Defendant Puig is not entitled to question the Plaintiff on these bases. Secondarily, even if *F.R.C.P.* 412 was the only applicable "Rape Shield Law", it, too, would foreclose discovery of the Plaintiff's sexual history. As explained below, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" *F.R.C.P.* 26(b)(1). Thus, under *F.R.C.P.* 412, as explained below, this evidence is not relevant to any contested issue, and is not proportional to the needs of the case; it is categorically harassing, embarrassing, and burdensome:

### A. California *Code of Civil Procedure* §2017.220 Is A Substantive Protection For Abuse Victims That Applies, Thus, There Is An Affirmative "Good Cause" Requirement Prior To Any *Discovery* Of Sexual History.

As a preliminary matter, *C.C.P.* §2017.220 applies in this Federal proceeding as it is a substantive state right, that protects the privacy of harassment and abuse victims, and for which there is no known contrary federal provision. *See Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.* 559 U.S. 393, 407 (2010). ("If it governs only 'the manner and the means' by which the litigants' rights are 'enforced,' it is valid; if it alters 'the rules of decision by which [the] court will adjudicate [those] rights,' it is not."); *see also Gasperini v. Center for Humanities, Inc.* (1996) 518 U.S.

415, 427 ("Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.")

As to the substance of *C.C.P.* §2017.220, the law is clear and simple:

> (a) In any civil action alleging conduct that constitutes sexual harassment, sexual assault, or sexual battery, ***any party seeking discovery concerning the plaintiff's sexual conduct with individuals other than the alleged perpetrator shall establish specific facts showing that there is good cause for that discovery, and that the matter sought to be discovered is relevant to the subject matter of the action and reasonably calculated to lead to the discovery of admissible evidence***. This showing shall be made by a noticed motion, accompanied by a meet and confer declaration under Section 2016.040, and shall not be made or considered by the court at an ex parte hearing."

*C.C.P.* §2017.220(a)[Emphasis Added].

Rather than being permitted to launch straight into discovery of a plaintiff's sexual history, the plaintiff must either claim some special damage or the defendant must demonstrate that some extraordinary circumstance is attendant to the plaintiff's claim in order to conduct that sexual history discovery. *Mendez v. Superior Court* (1988) 206 Cal. App. 3d 557, 566 (finding that the defendant employer failed to show good cause for discovery of the plaintiff's sexual conduct, because the probative value of such evidence as to either credibility or damages was insufficient to meet the heightened relevance requirement) *see also Vinson v. Superior Court* (1987) 43 Cal. 3d 833, 841. Just as the *Mendez* court barred the defendants from discovering evidence of the plaintiff's sexual conduct outside of the abuse, the Defendant Puig should be barred from conducting any discovery, until or unless such a Motion is granted under *Code of Civil Procedure* §2017.220. "The mere fact that a plaintiff has initiated an action seeking damages for extreme mental and emotional distress arising out of conduct of a sexual nature ***does not ipso facto provide 'good cause' for discovery of other sexual conduct.***" *Barrenda L. v. Superior Court* (1998) 65

Cal.App.4th 794, 801[2][Emphasis Added]. The case of *Knoettgen v. Superior Court* (1990) 224 Cal.App.3d 11 further provides:

> "The discovery the employer demands in this action is precisely that which the Legislature has declared offensive, harassing, intimidating, unnecessary, unjustifiable, and deplorable. A case based on the conduct of a plaintiff's coworkers ***should not be turned into an investigation of plaintiff's childhood. Sexual harassment in the workplace is no trifle***."

*Id.* at 15[Emphasis Added].

Here, there is no Motion that has been brought, no Motion that has been granted, and categorically no "good cause" for such, even if it was brought. Allowing the Defendant Puig to question the Plaintiff at deposition as to her sexual conduct with others is categorically inappropriate under *C.C.P.* §2017.220.

### B. As To Admissibility, *F.R.E.* 412 Is Controlling, As *California Evidence Code* §1106 Covers The Same Subject Matter.

Notwithstanding the bar to obtaining discovery of a Plaintiff's sexual conduct with others under *C.C.P.* §2017.220, the *F.R.E.* further protects against the admissibility of such evidence (as does *California Evidence Code* §1106 does); making this evidence non-discoverable and irrelevant. *F.R.C.P.* 26(b)(2)(C)(iii) (Discovery may be denied where ". . . the proposed discovery is outside the scope permitted by Rule 26(b)(1).") *F.R.C.P.* 412 expressly provides that: "[t]he following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct: (1) evidence offered to prove that a victim engaged ***in other sexual behavior***; or (2) evidence offered to ***prove a victim's sexual predisposition.***" *F.R.E.* 412[Emphasis Added]. The Advisory Committee Notes of this rule provide that:

> "Rule 412 applies to both civil and criminal proceedings. The rule aims to safeguard the alleged victim ***against the invasion of privacy, potential embarrassment and sexual stereotyping*** that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process. By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders."

---

[2] This case involved a prior version of *C.C.P.* §2017.220, which was re-numbered.

*F.R.E.* 412(Advisory Committee Notes)[Emphasis Added].

In *U.S. v. Never Misses A Shot,* 781 F.3d 1017, 1029 (8th Cir. 2015) the trial court excluded evidence of a minor child's prior molestation, other than that for which the defendant was being prosecuted. *Id.* The defendant claimed that excluding such evidence under subsection (b)(1)(c) "would violate [his] constitutional rights" under the Confrontation Clause." *Id.* In rejecting this argument and upholding the trial court ruling as being non-arbitrary and not "disproportionate to the purposes they are designed to serve, the Eighth Circuit held:

> "We conclude that the district court did not exclude the evidence arbitrarily. The district court reasoned that if it allowed evidence of P.S.'s molestation, every child victim that has been molested by someone other than the defendant would be subject to questioning on the conduct of the other molestation(s). The court's concern for the ramifications to future abuse victims is warranted. Additionally, the court shielded P.S. from the embarrassment and shame of making her prior molestation, unrelated to the instant charge, public. For these reasons, we find no abuse of discretion in the district court's decision not to apply Rule 412(b)(1)(C) in the manner Never Misses A Shot sought, thereby excluding evidence of P.S.'s other molestation."

*U.S. v. Never Misses A Shot*, 781 F.3d at 1029.

Similarly, in *U.S. v. Chang Ru Meng Backman* (9th Cir. 2016) 817 F.3d 662, 670, the Court held that a belatedly filed motion under *F.R.E.* 412(c) was properly denied, both procedurally and on the merits. *Id.* In *Chang Ru Meng Backman*, the defendant's attorney filed a motion that insufficiently described the evidence that was sought to be admitted, though referred to "unspecified 'sexual commercial activities [that] occurred while [the victims] were under the protection of the government.' " *Id.* at 669. Despite denying the motion for timeliness, as well as vagueness of this proffer of evidence, the Court further commented on the nature of the evidence sought to be introduced at trial: "We doubt that evidence that the victim engaged in commercial sex acts after she had been coerced into prostitution has a bearing on whether Defendant earlier took coercive actions. But, even assuming some relevance, the court's exclusion of the vaguely and insufficiently described evidence was neither

arbitrary nor disproportionate to the purposes behind Rule 412's procedural requirements…" *Id.*

Most relevant, however, is the case of *Polo-Calderon v. Corporacion Puertorriquena De Salud*, 992 F.Supp.2d 53 (D.P.R. 2014) where the Court excluded evidence of the Title VII plaintiff's sexual history. Specifically, the defendant sought to introduce text and email messages between the plaintiff and other individuals (not the alleged harasser) to allegedly show that the plaintiff "welcomed" the harassing messages. *Id.* at fn. 1. In rejecting this proffer of evidence and finding that the probative value of the evidence did not "substantially"

> The Court finds **no defendable reason for allowing evidence at trial regarding Polo's private dating life**—including his sexual preferences, family dynamics regarding his sexuality, dating history, and any relationships or communications with other men via text message or telephone that did not occur within the time periods in question."

*Polo-Calderon*, (D.P.R. 2014) 992 F.Supp.2d at 54–55[Emphasis Added].

Thus, even supposing that *C.C.P.* §2017.220 was not a categorical bar to obtaining answers to "sexual history" questioning at deposition, these cases show that the purposes for which the Plaintiff *expects* questioning, would similarly be prohibited under *F.R.E.* 412 as it applies to discoverability. Therefore, questioning on the Plaintiff's sexual history and sexual conduct with others (other than Defendant Puig) should be categorically prohibited.

### III. QUESTIONING THE PLAINTIFF REGARDING HER EMPLOYMENT IS IRRELEVANT, IN LIGHT OF THE FACT THAT SHE HAS WAIVED HER ECONOMIC LOSSES, THUS,

In addition to seeking to ask questions about the Plaintiff's sexual history at deposition (or at least, not agree to stipulate not to asking such questions), Defendant Puig further seeks to question the Plaintiff as to the entirety of her employment and economic losses resulting from the sexual assault, despite the Plaintiff agreeing to withdraw such economic loss claims. In doing so, Defendant Puig has attempted to bind the Plaintiff's waiver of economic losses to the emotional distress she has

suffered through her employment; not stipulating to the waiver of former, without the waiver of the latter. This is an untenable position, and a stipulation that the Plaintiff need not have to make. As shown below, the Plaintiff's emotional distress, whether suffered at home, work or elsewhere, is distinct from her economic losses; she need not have to waive her emotional distress claims from her employment, to avoid providing

sensitive financial information that would only be discoverable as to her economic losses (which are waived).[3]

### 1. Puig Seeks Privacy-Protected Information That Is Not Disputed In This Action.

Defendant Puig's attempt to question the Plaintiff about her finances and financial employment information at deposition, violate the limits of *F.R.C.P.* 26(b)(1) because these questions are neither relevant to any party's claim or defense, nor proportionate to the needs of the case. The right to discovery is *not* limitless. Discovery may be denied where ". . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *F.R.C.P.* 26(b)(2)(C)(iii). The applicable test to assess the merits of a motion to quash is to ascertain whether evidence sought by the subpoena at issue is **relevant** to any party's claim or defense, **and proportional** to the needs of the case. *F.R.C.P.* 26(b)(1). *Federal Rule of Evidence* 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." *Id.* Here, none of the information sought by Defendant Puig at deposition bears on a contested fact in the case as Jane Roe has repeatedly made it known that she is *not* seeking damages for any loss of earnings or earning capacity. *See* Exhibit 2 to Plaintiff's Rule 26 Disclosure.[4] Specifically, Jane Roe confirmed in

---

[3] The Parties have a Joint Stipulation under submission on this precise issue relating to her employment/financial records.

[4] Jane Roe is willing to further clarify damages she is seeking in this matter by supplementing her initial disclosures.

*verified discovery responses* that she is not seeking damages for past or future loss of earnings or earning capacity and has offered to stipulate to the same. *Id.* Given that Jane Roe has confirmed on multiple occasions that she is not seeking any such damages, Defendant has not—and cannot—provide a valid reason as to why Jane Roe's employment history and financial information are relevant to any claims or defenses in this action.

Defendant Puig further contended previously in the Joint Stipulation that, "[i]f Roe intends on presenting evidence or argument regarding alleged impacts on her business or her ability to work, we are entitled to the evidence related to those assertions, which includes the financial records requested[5]." <u>Exhibit 2 to Plaintiff's Rule 26 Disclosure</u>. Puig's argument evidences a fundamental misunderstanding of Plaintiff's damages claims. As is common among survivors of sexual assault, Jane Roe has suffered immense emotional and mental distress as a result of Puig's sexual abuse. Certainly, Jane Roe has experienced such emotional and mental distress while working at her place of employment (just as she has in all other facets of her life), and she reserves her right to present evidence of such emotional and mental distress in support of her damages case. However, Jane Roe **will not** claim that any mental or emotional distress that she experienced during her employment caused her to lose income or negatively impacted her ability to lose income.[6] Accordingly, Jane Roe has not put her financial status, or that of any of her business, at issue in this matter.

Even assuming *arguendo* that Jane Roe's financial and employment records had some nominal relevance to this litigation, such minimal probative value would not outweigh Jane Roe's right of privacy with regard to these highly-sensitive issues.[7]

---

[5] Jane Roe maintains that these considerations are more appropriately addressed through motions *in limine*, jury instructions, etc.

[6] By way of example, to illustrate this distinction, Jane Roe may present evidence that she started crying during work one day while recalling Puig's assault, and therefore, she is emotionally distressed. However, Jane Roe will not argue that, because she started crying during work one day while recalling the assault, either Jane Roe or any of her businesses lost income or earning potential.

[7] The infringement on Jane Roe's right of privacy is further discussed *infra*.

Since federal courts recognize state privacy laws as related to discovery requests,[8] it is important to note that mere speculation about the relevance of what *might* be found if discovery was allowed, as Defendant Puig reasons here, is an insufficient basis for discovery of matters protected by a constitutional right of privacy. *Davis v. Superior Court*, 7 Cal.App.4th 1008, 1017 (1992); *Mendez*, 206 Cal.App.3d at 570-571 (1988) (mere conjecture about what might be found is an insufficient basis for discovery of matters protected by the constitutional privacy right). Any inquiry into the financial aspect or earnings of the Plaintiff have no import whatsoever to the issues in this action. Thus, Rule 26(b)(1)'s proportionality analysis shows that discovery of Plaintiff's employment economics is unsupported.

### 2. Substantial Privacy Rights Are At-Stake At The Plaintiff's Deposition, Relating To Her Financial Affairs.

In venturing into questioning about the Federal courts recognize rights of privacy under state law in response to discovery. *Laub v. Horbaczewski*, 331 F.R.D. 516, 521 (C.D. Cal. 2019); *Breed v. U.S. Dist. Court of Northern Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976). When a party seeks to discover documents subject to the constitutional right to privacy, the degree and gravity of the contemplated invasion of privacy must be weighed against any countervailing interest for reasonable discovery. *Williams v. Superior Court*, 398 P.3d 69, 87 (Cal. 2017). Discoverability is ***not*** broader than admissibility when it comes to discovery of private matters. The party asserting the privacy right must establish a legally protected privacy interest, a reasonable expectation of privacy, and a threatened serious invasion of privacy. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 654-55 (Cal. 1994). Once these elements are established, the party seeking the information must show an ***important and legitimate countervailing interest*** for the disclosure of the private information to overcome the right of privacy. *Williams*, 398 P.3d at 84; *Hill*, 865 P.2d

---

[8] *Laub v. Horbaczewski*, 331 F.R.D. 516, 521 (C.D. Cal. 2019) ("Federal courts also consider privacy rights protected by state constitutions or statutes."); *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995).

at 655-56. Notably, "[I]f defendant's legitimate objectives can be readily accomplished by alternative means having little or no impact on privacy interests, the prospect of actionable invasion of privacy is enhanced." *Id.* at 656.

Jane Roe has a legally protected privacy interest in both her employment and financial information. *Cobb v. Superior Court* 99 Cal.App.3d 543, 550 (1979). Similarly, Jane Roe's employment records fall within the constitutionally protected zone of privacy. *Bd. of Trs. v. Superior Court*, (1981) 119 Cal.App.3d 516, 522 (disapproved of on other grounds by *Williams v. Superior Court*, 398 P.3d 69 (Cal. 2017)). The Plaintiff's employment and financial information stemming therefrom. *Fortunato v. Superior Court* (2003) 114 Cal.App.4th 475, 480-481 (a party's confidential financial affairs are protected by privacy interests, even where the information sought is relevant to the litigation). While Defendant Puig's counsel has remained opaque about the precise questioning that would occur at deposition related to the Plaintiff's employment economics (wages, compensation, etc.), this information is (1) not at-issue and (2) is highly private and confidential. To this end, there can be no questioning on these topics related to Plaintiff's employment.

Dated: August 30, 2021         **MANLY, STEWART & FINALDI**

                              By:    /s/ Alex E. Cunny, Esq.
                                     ALEX E. CUNNY, Esq.
                                     Attorneys of Record for Plaintiff, JANE ROE

CERTIFICATE OF SERVICE
*Jane Roe v. Yasiel Puig et al.*
Case No.: 2:20-cv-11064-FMO-MRW

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

On August 30, 2021, I served a true copy of

1. **PLAINTIFF JANE ROE'S "POCKET BRIEF" FOR ISSUES LIKELY TO BE RAISED AT DEPOSITION OF PLAINTIFF: (1) SEXUAL HISTORY QUESTIONING AND (2) QUESTIONING REGARDING EMPLOYMENT**

[ ]   By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the parties indicated on the attached service list;

[X]   By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet;

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Kathy Frederiksen

Place of Mailing: Irvine, California

Executed on **August 30, 2021,** at Irvine, California.

## SERVICE LIST

**STEVEN T. GEBELIN (SBN 261507)**
steven@lawbylg.com
**SCOTT M. LESOWITZ (SBN 261759)**
scott@lawbylg.com
**LESOWITZ GEBELIN LLP**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
Telephone: (310) 341-3072
Facsimile: (310) 341-3070
Attorneys for DEFENDANT Yasiel Puig