UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 20-11064 FMO (MRWx) | Date | September 20, 2021 |
|---|---|---|---|
| Title | Roe v. Puig | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | Veronica Piper | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | Attorneys for Defendant: |
| | n/a | n/a |

**Proceedings:**   ORDER RE: FEE AWARD

1. The Court previously ruled that Defendant was entitled to invoke his Fifth Amendment right against self-incrimination in response to Plaintiff's discovery requests. The Court also determined that Plaintiff was entitled to discovery from Defendant regarding baseball-related disciplinary matters. (Docket # 86.) Pursuant to that ruling, the parties each seek competing amounts of fees incurred related to the discovery motion. Plaintiff wants an award of about $4,600, while the defense requests somewhere between $29,000 and $39,000. (Docket # 112, 113.)

2. Neither side's analysis of Rule 37(a)(5) was particularly persuasive. The Court easily concludes that Plaintiff cannot recover fees from the defense for the limited success on the baseball-related discovery issue. As for the Fifth Amendment issue, Plaintiff has not convincingly demonstrated that her legal position or presentation was substantially justified. However, I have real problems with how Defendant's legal team handled the issue too. That creates something approaching "unjust circumstances" under the rule. In an exercise of discretion, the Court orders Plaintiff's lawyers (not Ms. Roe) to pay a nominal award of $750 to the defense.

\* \* \*

3. Federal Rule of Civil Procedure 37(a)(5) allows a victorious party in a discovery motion to recover its "reasonable expenses incurred in making [or opposing] the motion, including attorney's fees." When a discovery-related motion is denied (as here), "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

4. Rule 37(a)(5) "is really aimed at curbing discovery abuses and preventing waste of judicial time when there is no genuine dispute." Phillips & Stevenson, Federal Civil Procedure Before Trial, ¶ 11:2386 (The Rutter Group 2020) (emphasis omitted)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 20-11064 FMO (MRWx) | Date | September 20, 2021 |
|---|---|---|---|
| Title | Roe v. Puig | | |

(formerly Schwarzer, Tashima, & Wagstaffe). A "genuine dispute" is one in which "reasonable people could differ as to the appropriateness of the contested action." Id. at ¶ 11:2382 (citing cases); Reygo Pacific Corp. v. Johnston Pump Co., 680 F.2d 647, 649 (9th Cir. 1982) (interpreting the then-recent fee-shifting amendment to Rule 37, noting that a request for discovery "is 'substantially justified' under the rule if reasonable people could differ as to whether the party requested must comply.") The losing party to a discovery motion bears the burden "affirmatively to demonstrate that its position was substantially justified." Phillips & Stevenson, ¶ 11:2382.

5.  It is "for the court to decide what amount is proper" in evaluating a request for expenses. 8B Wright, Miller & Marcus, Federal Practice & Procedure, § 2288 (3d ed. 2010 and supp.). An appellate court reviews an award of fees or sanctions for abuse of discretion. R&R Sails, Inc. v. Insurance Co. of Pennsylvania, 673 F.3d 1240, 1245 (9th Cir. 2012); Republic of Ecuador v. Mackay, 742 F.3d 860, 864 (9th Cir. 2014).

\* \* \*

6.  The Court summarily concludes that Plaintiff is not entitled to fees related to the motion to compel disciplinary materials from Defendant. The defense was substantially justified under Rule 37(a)(5) to pursue judicial relief here. As noted in the original order, the discovery request likely was irrelevant to issues in the case at the time it was served on the defense. It was only when Defendant asserted his claim against Plaintiff for baseball-related damages that the discovery became relevant.

7.  Moreover, because the parties were unable to reach an agreement regarding the scope of a protective order – an issue on which the Court ruled in favor of the defense – Defendant was entitled to visibility from the Court regarding the propriety of, and conditions for, responding to these discovery requests. That's enough to substantially justify opposition to the motion.[1] No fees to Plaintiff.

8.  An award in favor of the defense is appropriate on the Fifth Amendment question. Plaintiff's briefing on the Fifth Amendment questioning was notably deficient,

---

[1] I also agree with the defense that the baseball discovery was the proverbial tail of the dog here. (Docket # 113 at 4 (Plaintiff's "briefing barely mentions the on-field discipline request.").) So, even if Defendant was obliged to pay fees under the rule for this issue, the Court concludes that any amount owed would be substantially outweighed by the Fifth Amendment issue discussed below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11064 FMO (MRWx) | Date | September 20, 2021 |
|---|---|---|---|
| Title | Roe v. Puig | | |

and failed to properly address the key, basic issue. Most notably, Plaintiff's papers failed apprise the Court of the current state of the law – no mention of the Oriho decision, or the analysis that the Ninth Circuit mandates on the issue.[2] When the Court determined the appropriate legal test for the dispute, it became apparent that Plaintiff was not entitled to relief at all. The contention that Defendant had not "officially asserted" his right against self-incrimination in discovery is overly formalistic. Plaintiff knew the basis for Defendant's objection, but failed to present the correct law to the Court in later proceedings. Plaintiff's lawyers were not substantially justified in their legal position. Phillips and Stevenson, ¶ 11:2382.

9. And yet, the defense is not wholly in the clear here. Defendant certainly could have made his invocation clearer. As we discussed in a recent hearing, his "Hubbell objection" at deposition and in the written discovery materials is just a bit too guarded and coy. Plus, I note that Defendant's experienced criminal defense practitioners <u>also</u> were unable to locate or present the lead Ninth Circuit case <u>in support of their client's position</u>. Overall, I conclude that the defense's awkward conduct contributed to some degree to the dispute. That's a circumstance sufficient to make a full award of fees "unjust" under Rule 37(a)(5).

10. The Court is well aware of the contentious nature of this lawsuit. Basic discovery disputes have been bubbling up for months; not all of them warrant judicial intervention. When the parties toss them onto my desk, I'm obliged under the rule to engage in this fee-shifting analysis.

11. As a matter of fairness, I won't award the full amount that Defendant asks for. In an exercise of discretion, Plaintiff's attorneys[3] are ordered to pay the sum of $750 to the defense pursuant to Rule 37. This payment will be completed within 14 days. Plaintiffs will promptly file a notice with the Court to document the payment. Both sides

---

[2] Disappointingly, Plaintiff's experienced attorneys continue to demonstrate weakness in this area. The brief in which they tried to convince me that their legal position was substantially justified continues to misspell the title of the Supreme Court decision in Hubbell. (Docket # 112 at 4.) They cited twice to "Hubble" in this submission. That's the name of an orbiting telescope, not the former Associate Attorney General who went to prison as a result of the Whitewater investigation.

[3] Rule 37(a)(5)(B) expressly allows the Court to order the "the movant, the attorney filing the motion, or both to pay" a fee award.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 20-11064 FMO (MRWx) | Date | September 20, 2021 |
|---|---|---|---|
| Title | Roe v. Puig | | |

are informed that the Court may not discount a fee award in this manner so leniently in the future.

\* \* \*

      12.   The Court expressly opines that the fee award in this action should <u>not</u> be considered a personal sanction on an attorney that is potentially reportable to the State Bar of California pursuant to Business and Professions Code section 6068(o)(3).  <u>C.f. Medina v. United Parcel Service</u>, No. C-06-791 JW PVT, 2007 WL 2123699 (N.D. Cal. 2007) (state statute "exempts" discovery-related proceedings from self-reporting obligation).