# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-11064 FMO (MRWx) | Date | September 24, 2021 |
|---|---|---|---|
| Title | Roe v. Puig | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| Veronica Piper | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys for Plaintiff: | | Attorneys for Defendant: |
| n/a | | n/a |

**Proceedings:**     ORDER RE: MOTIONS TO QUASH

1.     The Court held a hearing on the two motions to quash defense subpoenas. (Docket # 117, 132.)

2.     The motion regarding Plaintiff's business records is dismissed as moot. The parties apparently reached an agreement to provide materials to establish Plaintiff's net worth in lieu of the overbroad set of materials sought in these subpoenas. (Hey, that's what I suggested! (Docket # 146))

3.     The motion to quash the subpoena for Plaintiff's phone records is mostly granted. However, as discussed at the hearing, Defendant is entitled to obtain: (a) records documenting calls and texts between Plaintiff and Defendant; and (b) billing invoices that reflect whether or not Plaintiff obtained a new phone / device from the carrier during the period set forth in the subpoenas. The parties are ordered to work collaboratively to ensure that Defendant promptly obtains this information – and only this information.

\* \* \*

4.     Given the length of the Court's previous discovery orders, a full recitation of the facts of the case or the governing law is not necessary.

5.     As a preliminary matter, the Court concludes that Plaintiff has standing to seek quashal or modification of the third-party subpoena seeking her consumer records. Phillips & Stevenson, Federal Civil Procedure Before Trial, ¶ 11:2286 (The Rutter Group 2021) (collecting cases). Plaintiff has a more-than-minimal privacy interest in records regarding her communications in the digital age. Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 974 (C.D. Cal. 2010) ("[A]n individual has a personal right in information in his or her profile and inbox on a social networking site and his or her webmail inbox in the same way that an individual has a personal right in employment and bank records.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 20-11064 FMO (MRWx) | | Date | September 24, 2021 |
|---|---|---|---|---|
| Title | Roe v. Puig | | | |

As with bank and employment records, this personal right is sufficient to confer standing to move to quash a subpoena seeking such information."); Mintz v. Mark Bartelstein & Assoc., Inc., 885 F. Supp. 2d 987, 993 n.5 (C.D. Cal. 2012) (sub silentio endorsing Crispin analysis as to phone records).

6.      In the alternative, the nature of the phone subpoena entitled Plaintiff to pursue quashal.  A party may have standing to quash a third party subpoena "in unusual circumstances and for good cause."  Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C.D. Cal. 2005) (quotation omitted).  Unusual circumstances may arise when "the subpoena is overbroad on its face and exceeds the bounds of fair discovery."  Id.  As discussed below, the Moon analysis applies here.

\* \* \*

7.      On the merits, Defendant has not convincingly demonstrated the relevance or proportionality of requested discovery.[1]  The gist of the defense subpoena is to identify all of the people with whom Plaintiff spoke / texted in the month before and the eight months after the alleged assault.  (Docket # 132-1 at 14.)  Defendant offered no comprehensible explanation as to how identifying those people would be directly relevant to a claim or defense.

8.      At best, the defense argued that finding those people was "calculated to lead to admissible information" about their discussions with Plaintiff regarding Puig's alleged assault – presumably by interviewing all of them.  (Id. at 15.)  But that's not the standard to determine relevance.  Fed. R. Civ. P. 26, 2015 Comm. ("The former provision for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence' is also deleted.").  Defendant offered no basis from which to conclude that any of Plaintiff's contacts possessed any percipient or secondhand information related to the lawsuit.  The mere hope of finding some doesn't make this discovery relevant.

9.      Even if trolling through Plaintiff's phone records was somehow within the scope of relevance under the Rule, I easily conclude that this material is not proportional

---

[1]      The relevance / proportionality rubric under Rule 26(b)(1) applies to a Rule 45 subpoena.  Phillips & Stevenson, ¶ 11:2305 ("A subpoena may command production only of documents and other things that are 'nonprivileged,' 'relevant to any party's claim or defense, and proportional to the needs of the case.' [FRCP 26(b)(1)]").

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-11064 FMO (MRWx) | | Date | September 24, 2021 |
|----------|------------------------|---|------|--------------------|
| Title | Roe v. Puig | | | |

to the needs of the case. At the hearing on the motion, Defendant's attorney acknowledged the speculative nature of the info that he sought. "Presumably, we'd learn" whether or not Plaintiff spoke to the folks on her phone bill about the Puig encounter – when the lawyer or investigators randomly contact those individuals and ask them.

10. The fifth and sixth factors identified in Rule 26(b)(1) – "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit" – clearly apply here. The Court has little visibility as to whether contacting dozens / hundreds / maybe thousands (?) of people on Plaintiff's phone log – which will likely include customers, clients, family members, and friends – would ever lead to the discovery of any person with information about the incident (factor 5). And that slim chance (the benefit of finding a favorable defense witness) is far outweighed by the burden on Plaintiff of having her adversary disclose and discuss the sensitive facts of the incident in such a scattershot way (factor 6). In exercise of discretion, I conclude that the discovery sought is not proportional to the needs of the action.

11. The limited carve-outs discussed at the hearing (data regarding direct communications between the parties, and the (non)existence of bills for new digital devices) provide the outer scope of legitimate discovery for this subpoena. The request to the phone company is modified to those issues pursuant to Rule 45(d).[2]

\* \* \*

12. The Court gave considerable thought to going down the Rule 37(a)(5) fee path again in this action. The parties' failure to inform the Court that they had resolved the business records dispute is, frankly, inexcusable. They couldn't e-mail the Clerk ahead of time? Tell her when they checked in for the hearing? Bravely stand up and tell me before I recited my tentative decision in court? Bah. And, as set forth above, the analysis of the (lack of) relevance and (lack of) proportionality was pretty simple here.

13. However, in a further exercise of discretion, I suppose the parties' late agreement constitutes a circumstance for finding a fee award to be unjust. And Plaintiff's putative reliance on 18 U.S.C. § 1039 – entitled "Fraud and related activity in connection with obtaining confidential phone records" – was really an unnecessary detour in the briefing that skews against the defense paying their research fees. Finally, the parties

---

[2] Because this material will contain personal telephone numbers and other private data, the records will be subject to the preexisting protective order in the action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11064 FMO (MRWx) | Date | September 24, 2021 |
|----------|------------------------|------|---------------------|
| Title | Roe v. Puig | | |

explained that they hope to sit down with a mediator to try to resolve this case shortly. Let's give them some incentive: no fee shift for <u>this</u> discovery dispute. That may not hold true for future ones.